1   Kelly M. Dermody (Cal. Bar No. 171716)
    Jahan C. Sagafi (Cal. Bar No. 224887)
2   Marc A. Pilotin (Cal Bar No. 266369)
    LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
3   275 Battery Street, 29th Floor
    San Francisco, CA 94111-3339
4   Telephone:  (415) 956-1000
    Facsimile:  (415) 956-1008
5   E-Mail: kdermody@lchb.com
    E-Mail: jsagafi@lchb.com
6   E-Mail: mpilotin@lchb.com

7   Adam T. Klein (to seek *pro hac vice* admission)
    Juno Turner (to seek *pro hac vice* admission)
8   OUTTEN & GOLDEN LLP
    3 Park Avenue, 29th Floor
9   New York, New York 10016
    Telephone: (212) 245-1000
10  Fax: (212) 977-4005
    E-Mail: atk@outtengolden.com
11  E-Mail: jturner@outtengolden.com

12  *Attorneys for Plaintiff and proposed Class Members*

13                  UNITED STATES DISTRICT COURT
14              NORTHERN DISTRICT OF CALIFORNIA
                        SAN JOSE DIVISION
15
    ERIC BENEDICT, on behalf of himself        Case No. C13-0119
16  and classes of those similarly situated,

17                              Plaintiff,      **COMPLAINT FOR VIOLATIONS OF THE
                                                FAIR LABOR STANDARDS ACT AND
18          v.                                  CALIFORNIA WAGE AND HOUR LAWS**

19  HEWLETT-PACKARD COMPANY,                    **COLLECTIVE ACTION**

20                              Defendant.      **CLASS ACTION**

21                                              **DEMAND FOR JURY TRIAL**

22

23

24

25

26

27

28

1068755.4                                       COMPLAINT UNDER FLSA & CALIFORNIA LAW

1    Plaintiff Eric Benedict ("Plaintiff") alleges, on behalf of himself and classes of
2 those similarly situated, as follows:

3                              **JURISDICTION AND VENUE**

4    1.    This Court has federal question jurisdiction over this action pursuant to
5 28 U.S.C. § 1331 and section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C.
6 § 216(b).

7    2.    This Court also has original jurisdiction over this action under the Class
8 Action Fairness Act, 28 U.S.C. § 1332(d), because this is a class action in which: (1) there are
9 100 or more members in the proposed class; (2) at least some members of the proposed class have
10 a different citizenship from Defendant; and (3) the claims of the proposed class members exceed
11 $5,000,000 in the aggregate.

12    3.    In addition, this Court has supplemental jurisdiction under 28 U.S.C.
13 § 1367 over Plaintiff's California wage and hour law claims because those claims derive from a
14 common nucleus of operative fact.

15    4.    This Court is empowered to issue a declaratory judgment pursuant to
16 28 U.S.C. §§ 2201 and 2202.

17    5.    The United States District Court for the Northern District of California has
18 personal jurisdiction over Hewlett-Packard Company ("Defendant" or "HP"), because HP
19 maintains offices in this District, does business in California and in this district, and because
20 many of the acts complained of and giving rise to the claims alleged occurred in California and in
21 this District.

22    6.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a
23 substantial part of the events giving rise to the claims occurred in this District.

24    7.    Intradistrict assignment:  Pursuant to N.D. Cal. Local Rule 3-2(c) and (e),
25 intradistrict assignment to the San Jose Division is proper because a substantial part of the events
26 that give rise to the claims asserted occurred in Santa Clara County.

27

28

1

## SUMMARY OF CLAIMS

2   8.    Plaintiff was employed as a technical support worker. Technical support

3   workers at HP have the primary duties of installing, maintaining, and/or supporting computer

4   software and/or hardware for HP. They were and/or are misclassified by HP as exempt from the

5   overtime provisions of the FLSA and/or California wage and hour laws, as described below.

6   9.    Plaintiff brings this action on behalf of himself and all persons who were,

7   are, or will be employed by HP nationwide as technical support workers with the primary duties

8   of installing, maintaining, and/or supporting computer software and/or hardware for HP,

9   including but not limited to Technical Solutions Consultants, Technical Solutions

10  Representatives, Technical Support Engineers, and Senior Technical Support Engineers

11  (collectively, the "Class Positions"), at any time within the three years prior to the filing of the

12  initial Complaint through the date of the final disposition of this action (the "Nationwide FLSA

13  Period"), and who were, are, or will be classified by HP as exempt from overtime pay under

14  federal law. This group is hereinafter referred to as the "Nationwide FLSA Plaintiffs."

15  10.   Plaintiff also brings this action on behalf of all persons who were, are, or

16  will be employed by HP in California in the Class Positions (hereinafter "the California Class"),

17  at any time within the four years prior to the date of the filing of the initial Complaint through the

18  date of the final disposition of this action (the "California Class Period"), and who were, are, or

19  will be improperly classified as exempt from overtime pay under California law.

20  11.   HP has unlawfully classified Plaintiff, Nationwide FLSA Plaintiffs, and

21  California Class members as exempt from overtime payments under federal and California law,

22  despite the fact that they should have been classified as nonexempt. Plaintiff, Nationwide FLSA

23  Plaintiffs, and California Class members worked overtime hours, as defined by the applicable

24  federal and California laws, and are and have been entitled to premium compensation at the

25  appropriate rate ("overtime compensation") for all overtime hours worked.

26  12.   HP has willfully refused to pay Plaintiff, Nationwide FLSA Plaintiffs, and

27  California Class members the required overtime compensation for overtime hours worked, and

28  has failed to keep time records as required by law.

1    13.    HP's practices violate the FLSA and California laws pled herein.  Plaintiff

2  seeks declaratory relief, overtime compensation for all overtime work required, suffered, or

3  permitted by HP, liquidated and/or other damages and penalties as permitted by applicable law,

4  interest, and attorneys' fees and costs.

5  **THE PARTIES**

6    14.    Plaintiff Eric Benedict was employed by HP in Cupertino, California from

7  approximately April 2011 to February 2012 as a member of HP's technical support staff.

8  Mr. Benedict had the primary duties of installing, maintaining, and supporting computer software

9  and/or hardware.  He worked for HP in a Class Position during the FLSA Class Period and the

10  California Class Period.  Mr. Benedict worked hours in excess of forty hours per week and in

11  excess of eight hours per day, without receiving overtime compensation as required by both

12  federal and California law.

13    15.    Plaintiff consents to sue for violations of the FLSA, pursuant to 29 U.S.C.

14  §§ 216(b) and 256.

15    16.    Defendant HP is a corporation that provides information technology

16  products and services throughout the United States and the world, with its principal place of

17  business located in Palo Alto, California.  The practices described herein were performed in and

18  emanated from the Cupertino, California office where HP employed Plaintiff.

19  **COLLECTIVE ACTION ALLEGATIONS**

20    17.    Plaintiff brings the First Claim for Relief for violation of the FLSA as a

21  collective action pursuant to section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of the

22  Nationwide FLSA Plaintiffs.

23    18.    Plaintiff and Nationwide FLSA Plaintiffs are similarly situated in that they

24  have substantially similar job requirements and pay provisions, and are subject to HP's common

25  practice, policy, or plan of unlawfully characterizing Nationwide FLSA Plaintiffs as exempt

26  employees and refusing to pay them overtime in violation of the FLSA.

27

28

19.     The First Claim for Relief for violations of the FLSA may be brought and maintained as an "opt-in" collective action pursuant to section 16(b) of the FLSA, 29 U.S.C. § 216(b), since the claims of Plaintiff are similar to the claims of the Nationwide FLSA Plaintiffs.

20.     The names and addresses of the Nationwide FLSA Plaintiffs are available from HP's records.  Notice should be provided to the Nationwide FLSA Plaintiffs via first class mail, e-mail, and posting in the offices where they have worked as soon as possible.

### CALIFORNIA CLASS ACTION ALLEGATIONS

21.     Plaintiff brings the Second, Third, Fourth, Fifth, and Sixth Claims for Relief for violation of California's wage and hour and unfair competition laws as a class action, pursuant to Fed. R. Civ. P. 23(a) and (b)(3), on behalf of all California Class members, defined in paragraph 10.

22.     Numerosity (Fed. R. Civ. P. 23(a)(1)) – The California Class is so numerous that joinder of all members is impracticable.  Plaintiff is informed and believes, and on that basis alleges, that during the California Class Period, HP has employed at least fifty persons who satisfy the definition of the California Class.

23.     Commonality (Fed. R. Civ. P. 23(a)(2)) – Common questions of law and fact exist as to members of the California Class, including, but not limited to, the following:

a.     Whether HP unlawfully failed to pay overtime compensation in violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq.*, and the California Labor Code and related regulations, Cal. Labor Code §§ 201, 202, 203, 226, 510, 1174, 1174.5, and 1194, Cal. Wage Order No. 4-2001.

b.     Whether Plaintiff and California Class members are nonexempt employees entitled to overtime compensation for overtime hours worked under the overtime pay requirements of California law;

c.     Whether HP's policy and practice of classifying the California Class members as exempt from overtime entitlement under California law and HP's policy and practice of failing to pay overtime to California Class members violate applicable provisions of California law, including applicable statutory and regulatory authority;

1            d.       Whether HP unlawfully failed to keep and furnish California Class

2    members with records of hours worked, in violation of Labor Code §§ 226 and 1174;

3            e.       Whether HP unlawfully failed to provide California Class members

4    with meal and rest breaks, in violation of Labor Code §§ 226.7 and 512;

5            f.       Whether HP's policy and practice of failing to pay its employees all

6    wages due within the time required by law after their employment ended violates California law;

7    and

8            g.       The proper measure of damages sustained and the proper measure

9    of restitution recoverable by members of the California Class.

10        24.     Typicality (Fed. R. Civ. P. 23(a)(3)) – Plaintiff's claims are typical of

11    California Class members' claims.  Plaintiff, like other California Class members, was subjected

12    to HP's policy and practice of refusing to pay overtime in violation of California law.  Plaintiff's

13    job duties were typical of those of other California Class members.

14        25.     Adequacy (Fed. R. Civ. P. 23(a)(4)) – Plaintiff will fairly and adequately

15    represent and protect the interests of the California Class.

16        26.     Adequacy of counsel (Fed. R. Civ. P. 23(g)) – Plaintiff has retained

17    counsel competent and experienced in complex class actions, the FLSA, and state labor and

18    employment litigation.  Plaintiff's counsel have litigated numerous class actions on behalf of

19    technical support workers asserting overtime misclassification claims under the FLSA, California

20    law, and other law.  Plaintiff's counsel intend to commit the necessary resources to prosecute this

21    action vigorously for the benefit of all Class members.

22        27.     Predominance and superiority (Fed. R. Civ. P. 23(b)(3)) – Class

23    certification of the Second, Third, Fourth, Fifth, and Sixth Claims for Relief is also appropriate

24    under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the California Class

25    predominate over any questions affecting only individual members of the California Class, and

26    because a class action is superior to other available methods for the fair and efficient adjudication

27    of this litigation.  HP's common and uniform policies and practices unlawfully treat California

28    Class members as exempt from overtime pay requirements.  The damages suffered by individual

California Class members are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about HP's practices.

28. Notice (Fed. R. Civ. P. 23(c)(2)(B)) – Plaintiff intends to send notice to all California Class members consistent with the requirements of Fed. R. Civ. P. 23.

**FIRST CLAIM FOR RELIEF**
**(Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*,**
**Brought by Plaintiff on Behalf of Himself and the Nationwide FLSA Plaintiffs)**

29. Plaintiff, on behalf of himself and all Nationwide FLSA Plaintiffs, realleges and incorporates by reference paragraphs 1 through 28 as if they were set forth again herein.

30. At all relevant times, HP has been, and continues to be, an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, HP has employed, and continues to employ, "employee[s]," including Plaintiff and each of the Nationwide FLSA Plaintiffs. At all relevant times, HP has had gross operating revenues in excess of $500,000.

31. Attached hereto is the Consent to Sue form Plaintiff signed pursuant to section 16(b) of the FLSA, 29 U.S.C. §§ 216(b) and 256. It is likely that other similarly situated individuals will sign consent forms and join as Plaintiffs on this claim in the future.

32. The FLSA requires each covered employer, including HP, to compensate all nonexempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek.

33. The Nationwide FLSA Plaintiffs are entitled to be paid overtime compensation for all overtime hours worked.

34. At all relevant times, HP, pursuant to its policies and practices, failed and refused to pay overtime premiums to the Nationwide FLSA Plaintiffs for their hours worked in excess of forty hours per week.

35.     By failing to compensate Plaintiff and the Nationwide FLSA Plaintiffs at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, HP has violated, and continues to violate, the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. § 207(a)(1) and § 215(a).

36.     By failing to record, report, and/or preserve records of hours worked by Plaintiff and the Nationwide FLSA Plaintiffs, HP has failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. § 211(c) and § 215(a).

37.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

38.     Plaintiff, on behalf of himself and the Nationwide FLSA Plaintiffs, seeks recovery of attorneys' fees and costs of action to be paid by HP, as provided by the FLSA, 29 U.S.C. § 216(b).

39.     Plaintiff, on behalf of himself and the Nationwide FLSA Plaintiffs, seeks damages in the amount of unpaid overtime compensation, liquidated damages as provided by the FLSA, 29 U.S.C. § 216(b), interest, and such other legal and equitable relief as the Court deems just and proper.

**SECOND CLAIM FOR RELIEF**
**(Cal. Wage Order No. 4-2001; Cal. Labor Code §§ 510, 1194,**
**Brought by Plaintiff on Behalf of Himself and the California Class)**

40.     Plaintiff, on behalf of himself and all members of the California Class, realleges and incorporates by reference paragraphs 1 through 39 as if they were set forth again herein.

41.     California law requires an employer, such as HP, to pay overtime compensation to all nonexempt employees for all hours worked over forty per week, or over eight per day.

42.     Plaintiff and California Class members are nonexempt employees entitled to be paid overtime compensation for all overtime hours worked.

43.     Throughout the California Class Period, and continuing through the present, the Plaintiff and California Class members worked in excess of eight hours in a workday and/or forty hours in a workweek.  Plaintiff and certain California Class members also worked in excess of twelve hours in a workday.

44.     During the California Class Period, HP misclassified Plaintiff and California Class members as exempt from overtime pay entitlement and failed and refused to pay them overtime premium pay for their overtime hours worked.

45.     As a direct and proximate result of HP's unlawful conduct, as set forth herein, Plaintiff and California Class members have sustained damages, including loss of earnings for hours of overtime worked on behalf of HP in an amount to be established at trial, prejudgment interest, and costs and attorneys' fees, pursuant to statute and other applicable law.

### THIRD CLAIM FOR RELIEF
### (California Wage Payment Provisions, Cal. Labor Code §§ 201, 202, & 203, Brought by Plaintiff on Behalf of Himself and the California Class)

46.     Plaintiff, on behalf of himself and all members of the California Class, realleges and incorporates by reference paragraphs 1 through 45 as if they were set forth again herein.

47.     California Labor Code sections 201 and 202 require HP to pay its employees all wages due within the time specified by law.  California Labor Code section 203 provides that if an employer willfully fails to timely pay such wages, the employer must continue to pay the subject employees' wages until the back wages are paid in full or an action is commenced, up to a maximum of thirty days of wages.

48.     Plaintiff and all California Class members who ceased employment with HP are entitled to unpaid compensation, but to date have not received such compensation.

49.     More than thirty days have passed since Plaintiff and certain California Class members left HP's employ.

50.     As a consequence of HP's willful conduct in not paying compensation for all hours worked, Plaintiff and California Class members whose employment ended during the class period are entitled to thirty days' wages under Labor Code section 203, together with interest thereon and attorneys' fees and costs.

**FOURTH CLAIM FOR RELIEF**
**(California Record-Keeping Provisions,**
**Cal. Wage Order No. 4-2001; Cal. Labor Code §§ 226, 1174, & 1174.5,**
**Brought by Plaintiff on Behalf of Himself and the California Class)**

51.     Plaintiff, on behalf of himself and all members of the California Class, realleges and incorporates by reference paragraphs 1 through 50 as if they were set forth again herein.

52.     HP knowingly and intentionally failed to provide timely, accurate, itemized wage statements including, *inter alia*, hours worked, to Plaintiff and California Class members in accordance with Labor Code section 226(a) and the IWC Wage Orders.  Such failure caused injury to Plaintiff and California Class members, by, among other things, impeding them from knowing the amount of wages to which they are and were entitled.  At all times relevant herein, HP has failed to maintain records of hours worked by Plaintiff and California Class members as required under Labor Code section 1174(d).

53.     Plaintiff and California Class members are entitled to and seek injunctive relief requiring HP to comply with Labor Code sections 226(a) and 1174(d), and further seek the amount provided under Labor Code sections 226(e) and 1174.5, including the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurred and one hundred dollars ($100) per employee for each violation in a subsequent pay period.

**FIFTH CLAIM FOR RELIEF**
**(California Meal And Rest Period Provisions,**
**Cal. Wage Order No. 4-2001; Cal. Labor Code §§ 218.5, 226.7, & 512,**
**Brought by Plaintiff on Behalf of Himself and the California Class)**

54.     Plaintiff, on behalf of himself and all members of the California Class, realleges and incorporates by reference paragraphs 1 through 53 as if they were set forth again herein.

55.     Plaintiff and California Class members regularly work and have worked in excess five-hour shifts without being afforded at least a half-hour meal break in which they were relieved of all duty and more than ten-hour shifts without being afforded a second half-hour meal break in which they were relieved of all duty, as required by Labor Code sections 226.7 and 512 and Wage Order No. 4-2001, section 11(a).

56.     In addition, Plaintiff and California Class members regularly work and have worked without being afforded at least one ten-minute rest break, in which they were relieved of all duty, per four hours of work performed or major fraction thereof, as required by Labor Code section 226.7 and Wage Order No. 4-2001, section 12.

57.     As a result of HP's failure to afford proper meal periods, it is liable to Plaintiff and California Class members for one hour of additional pay at the regular rate of compensation for each workday that the proper meal periods were not provided, pursuant to Labor Code section 226.7 and Wage Order No. 4-2001, section 11(b).

58.     As a result of HP's failure to afford proper rest periods, it is liable to Plaintiff and California Class members for one hour of additional pay at the regular rate of compensation for each workday that the proper rest periods were not provided, pursuant to Labor Code section 226.7 and Wage Order No. 4-2001, section 12(b).

**SIXTH CLAIM FOR RELIEF**
**(California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq.*,**
**Brought by Plaintiff on Behalf of Himself and the California Class)**

59.     Plaintiff, on behalf of himself and all members of the California Class, realleges and incorporates by reference paragraphs 1 through 58 as if they were set forth again herein.

60.     The foregoing conduct, as alleged, violates the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 *et seq.* Section 17200 of the Cal. Bus. & Prof. Code prohibits unfair competition by prohibiting, *inter alia*, any unlawful or unfair business acts or practices.

61.     Beginning at a date unknown to Plaintiff, but at least as long ago as four years before the filing of this action, HP committed, and continues to commit, acts of unfair competition, as defined by the UCL, by, among other things, engaging in the acts and practices described herein.  HP's conduct as herein alleged has injured Plaintiff and California Class members by wrongfully denying them earned wages, and therefore was substantially injurious to Plaintiff and to California Class members.

62.     HP engaged in unfair competition in violation of the UCL by violating, *inter alia*, each of the following laws.  Each of these violations constitutes an independent and separate violation of the UCL:

      a.     The Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*;

      b.     California Labor Code § 1194;

      c.     California Labor Code §§ 201, 202, 203, 204, 226, 226.7, and 512;

      d.     California Labor Code § 1174; and

      e.     California Labor Code § 510, which provides in relevant part:

> Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee.  Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee.  In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee.

63.     HP's course of conduct, acts, and practices in violation of the California laws mentioned in the above paragraph constitute a separate and independent violation of the UCL.  HP's conduct described herein violates the policy or spirit of such laws or otherwise significantly threatens or harms competition.

64.     The unlawful and unfair business practices and acts of HP, described above, have injured California Class members in that they were wrongfully denied the payment of earned overtime wages.

65.     Plaintiff, on behalf of himself and the California Class, seeks restitution in the amount of the respective unpaid wages earned and due at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, or eight hours in a day, and double the regular rate of pay for work performed in excess of twelve hours per day.

66.     Plaintiff, on behalf himself and the California Class members, seeks recovery of attorneys' fees and costs of this action to be paid by HP, as provided by the UCL and California Labor Code §§ 218, 218.5, and 1194.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff on behalf of himself and all members of the Nationwide FLSA Class, prays for relief as follows:

A.     Designation of this action as a collective action on behalf of the Nationwide FLSA Plaintiffs (asserting FLSA claims) and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA Opt-In Class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

B.     Designation of Plaintiff as Representative of the Nationwide FLSA Plaintiffs;

C.     A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

D.     An award of damages, according to proof, including liquidated damages, to be paid by HP;

E.     Costs of action incurred herein, including expert fees;

F.     Attorneys' fees, including fees pursuant to 29 U.S.C. § 216;

G.     Post-judgment interest, as provided by law; and

H.     Such other legal equitable relief as this Court deems necessary, just, and proper.

1    WHEREFORE, Plaintiff, on behalf of himself and all California Class members he

2  represents, prays for relief as follows:

3    I.    Certification of this action as a class action on behalf of the California

4  Class;

5    J.    Designation of Plaintiff as Representative of the California Class he seeks

6  to represent;

7    K.    Designation of Plaintiff's counsel of record as Class Counsel for the

8  California Class;

9    L.    A declaratory judgment that the practices complained of herein are

10  unlawful under California law;

11    M.    Appropriate statutory penalties;

12    N.    An award of damages, liquidated damages, and restitution to be paid by HP

13  according to proof;

14    O.    Pre-judgment and post-judgment interest, as provided by law;

15    P.    Such other injunctive and equitable relief as the Court may deem just and

16  proper; and

17    Q.    Attorneys' fees and costs of suit, including expert fees and costs.

18    Respectfully submitted,

19

20

21  Dated: January 10, 2013    By:  _____

    Kelly M. Dermody

22    Kelly M. Dermody (Cal. Bar No. 171716)
    Jahan C. Sagafi (Cal. Bar No. 224887)
23    Marc A. Pilotin (Cal. Bar No. 266369)
    LIEFF, CABRASER, HEIMANN &
24      BERNSTEIN, LLP
    275 Battery Street, 29th Floor
25    San Francisco, CA 94111-3339
    Telephone:  (415) 956-1000
26    Facsimile:   (415) 956-1008
    E-Mail: kdermody@lchb.com
27    E-Mail: jsagafi@lchb.com
    E-Mail: mpilotin@lchb.com

28

Adam T. Klein (to seek *pro hac vice* admission)
Juno Turner (to seek *pro hac vice* admission)
OUTTEN & GOLDEN LLP
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: (212) 245-1000
Fax: (212) 977-4005
E-Mail: atk@outtengolden.com
E-Mail: jturner@outtengolden.com

*Attorneys for Plaintiff and proposed Class Members*

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which he has a right to jury trial.

Respectfully submitted,

Dated:  January 10, 2013          By:   _____
                                              Kelly M. Dermody

Kelly M. Dermody (Cal. Bar No. 171716)
Jahan C. Sagafi (Cal. Bar No. 224887)
Marc A. Pilotin (Cal. Bar No. 266369)
LIEFF, CABRASER, HEIMANN &
   BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone:  (415) 956-1000
Facsimile:   (415) 956-1008
E-Mail: kdermody@lchb.com
E-Mail: jsagafi@lchb.com
E-Mail: ashaver@lchb.com
E-Mail: jshipp@lchb.com

Adam T. Klein (to seek *pro hac vice* admission)
Juno Turner (to seek *pro hac vice* admission)
OUTTEN & GOLDEN LLP
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: (212) 245-1000
Fax: (212) 977-4005
E-Mail: atk@outtengolden.com
E-Mail: jturner@outtengolden.com

*Attorneys for Plaintiff and proposed Class Members*

**Consent To Join Form**

I work or worked for Hewlett-Packard Co. (HP) at some point after January 10, 2009 as a technical support worker with the primary duties of installing, maintaining, and/or supporting computer software and/or hardware.

I choose to participate in the FLSA collective action titled *Benedict v. Hewlett-Packard Co.*, to recover unpaid overtime pay under the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. §216(b), and other relief under state and federal law.

I choose to be represented by the named plaintiff(s) and counsel (Lieff, Cabraser, Heimann & Bernstein, LLP and Outten & Golden, LLP) in this action, and to be bound by their decisions in the litigation as my representatives.

Print Name:  Eric Benedict

Signature:

Date:  1/9/2013