1  Wendy M. Lazerson, SBN 97285
   wlazerson@sidley.com
2  Caryn F. Horner, SBN 273500
   chorner@sidley.com
3  SIDLEY AUSTIN LLP
   1001 Page Mill Road
4  Building 1
   Palo Alto, California  94304
5  Telephone:  (650) 565-7000
   Facsimile:  (650) 565-7100
6
7  *Attorneys for Defendant Hewlett-Packard Company*

8  Kelly M. Dermody (Cal. Bar No. 171716)
   Jahan C. Sagafi (Cal. Bar No. 224887)
9  Marc A. Pilotin (Cal. Bar No. 266369)
   LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
10 275 Battery Street, 29th Floor
   San Francisco, CA 94111-3339
11 Telephone:  (415) 956-1000
   Facsimile:   (415) 956-1008
12 E-Mail: kdermody@lchb.com
   E-Mail: jsagafi@lchb.com
13 E-Mail: mpilotin@lchb.com

14 *Attorneys for Plaintiff and proposed Class Members*
   [additional counsel on signature page]

15
                    UNITED STATES DISTRICT COURT
16                  NORTHERN DISTRICT OF CALIFORNIA

17 ERIC BENEDICT, on behalf of himself and          Case No. C13-0119-LHK
   classes of those similarly situated,
18                                                   STIPULATED AND [PROPOSED]
                                                     PROTECTIVE ORDER GOVERNING
19                  Plaintiff,                       DISCOVERY

20         v.

21 HEWLETT-PACKARD COMPANY,

22

23                  Defendant.

24

25

26

27

28

1.   PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 and General Order 62 set forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2.   DEFINITIONS

2.1   Challenging Party:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.2   "CONFIDENTIAL" Information or Items:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c) or other applicable law.

2.3   Counsel:  Outside Counsel of Record and In-House Counsel (as well as their support staff).

2.4   Designating Party:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY," each such designation a "Designation."

2.5   Disclosure or Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony,

transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6    Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who (a) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (b) is not a past or current employee of a Party or of a Party's competitor, and (c) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.7    "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.8    Non-Party:  any natural person, partnership, corporation, association, or other legal entity who is not a Party.

2.9    Outside Counsel of Record:  attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.10    Party:  any party to this action, including all of its officers, directors, employees, consultants, Experts, and Outside Counsel of Record (and their support staffs).

2.11    Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.12    Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13    Protected Material:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY."

2.14    Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

STIPULATED AND [PROPOSED] PROTECTIVE ORDER - GOVERNING DISCOVERY - CASE NO. 13-0119 LHK
1094007.5

3.    <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.    <u>DURATION</u>

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action with prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

This section incorporates and does not diminish the effect of section 7.1.

5.    <u>DESIGNATING PROTECTED MATERIAL</u>

5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>.  Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify; so that other portions of

the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2     <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order (see, e.g., second paragraph of Section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)  <u>for information in documentary form</u> (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affixes the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the

1094007.5

Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY") to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

(b)  for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identifies on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to twenty-one (21) days from receipt of the official transcript to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within such 21-day period deemed to be covered by any designation so made. Alternatively, a Designating Party may specify, at the deposition or up to twenty-one (21) days after receipt of the official transcript if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY."

Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its Designation.

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages

(including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements.  Before the expiration of the 21-day period for designation, any transcript shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(c)  for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY."  If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3    Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    Timing of Challenges.  Any Party may challenge a Designation at any time.  Unless a prompt challenge to a Designating Party's Designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a Designation by electing not to mount a challenge promptly after the Designation is disclosed.

6.2    Meet and Confer.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each Designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to the Designation is being made in accordance with this specific paragraph

STIPULATED AND [PROPOSED] PROTECTIVE ORDER - GOVERNING DISCOVERY - CASE NO. 13-0119 LHK

1094007.5

of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice-to-voice dialogue; other forms of communication are not sufficient) within fourteen (14) days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the Designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances and, if no change in Designation is offered, to explain the basis for the chosen Designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3     _Judicial Intervention_.  If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5 and General Order 62, if applicable) within twenty-one (21) days of the initial notice of the challenge or within fourteen (14) days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is later, but in no event thirty (30) days from the initial notice of the challenge.  Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph.  Failure by the Designating Party to make such a motion including the required declaration within the timeframe set forth above shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof.  Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in

question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

7.    ACCESS TO AND USE OF PROTECTED MATERIAL

7.1    Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting bilaterally or through a mediator to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 13 below (FINAL DISPOSITION).

7.2    Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner[1] that ensures that access is limited to the persons authorized under this Order.

7.3    Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)  the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b)  the officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)  Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)  the court and its personnel;

---

[1] It may be appropriate under certain circumstances to require the Receiving Party to store any electronic Protected Material in password-protected form.

STIPULATED AND [PROPOSED] PROTECTIVE ORDER - GOVERNING DISCOVERY - CASE NO. 13-0119 LHK
1094007.5

(e)  court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)  during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g)  the author or ordinary course recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information in the ordinary course.

7.4     Disclosure of "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY" only to:

(a)  the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b)  In-House Counsel of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who has signed the  "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

(c) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in Section 7.5, below, have been followed;

(c)  the court and its personnel;

(d)  court reporters and their staff, professional jury or trial consultants, and

Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(e) the author or ordinary course recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information in the ordinary course.

7.5    Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY" to Certain Experts.

(a) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) who has worked as a consultant, advisor, employee, or contractor for any of the entities (including any known subsidiaries or affiliates of such entities) who appear on a list to be provided by HP as a Highly Confidential – Attorneys Eyes' Only Document  (collectively "Competitive Entities") within three years of the date of the proposed disclosure, any information or item that has been designated "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY" pursuant to Section 7.4(b) first must make a written request to the Designating Party that (i) identifies the general categories of "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY" information that the Receiving Party seeks permission to disclose to the Expert, (ii) sets forth the full name of the Expert and the city and state of his or her primary residence, (iii) attaches a copy of the Expert's current resume, (iv) identifies the Expert's current employer(s), (v) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding three years, (vi) specifies the work, advise, and/or professional services that the Expert provided to any Competitive Entity, and (vii) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding three years.  For purposes of this section, the Party seeking to retain a consultant or expert shall be entitled to supply the proposed expert with the list of Competitive Entities in order for the consultant

11

or expert and the Party to comply with the terms of this paragraph.  Before supplying the list, the Party seeking to retain the proposed Expert will obtain such proposed Expert's agreement to maintain the list's confidentiality.

(b)  A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Expert unless, within fourteen (14) days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c)  A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice-to-voice dialogue) to try to resolve the matter by agreement within seven (7) days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5 and General Order 62, if applicable) seeking permission from the court to do so. Any such motion must describe the circumstances with specificity, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk.  In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (*i.e.*, the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.  In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

8.1    If a Party or Non-Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY," that Party or Non-Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

8.2    If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL or" "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9.     A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

9.1    The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL or" "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

9.2    In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(a)  promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(b)  promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(c)  make the information requested available for inspection by the Non-Party.

9.3     If the Non-Party fails to object or seek a protective order from this court within fourteen (14) days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.[2] Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

11.1    Definition of "Privileged Material".  Privileged Material is any information protected by a privilege defined under Rule 501 of the Federal Rules of Evidence or applicable law.

---

[2] The purpose of this provision is to alert the interested parties to the existence of the confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this court.

11.2     Notification.

(a)  Producing Party:  A Designating Party that discovers it has disclosed Privileged Material ("Disclosed Privileged Material") through its own discovery shall notify the Receiving Party that it wishes to preserve the protection of the Disclosed Privileged Material.

(b)  Receiving Party:  If the Receiving Party receives material it knows to be Privileged, the Receiving Party shall notify the Designating Party, in writing by overnight mail, courier, hand delivery, electronic mail or facsimile, as soon as possible and no later than within fifteen (15) business days of the discovery of such material.  The Receiving Party shall provide a copy or the production identification number of the material it knows to be Privileged.  The Receiving Party shall not use or disclose such material to anyone for any purpose following its discovery of the material pending the Designating Party's response to the notification or the expiration of the fifteen (15) business day period described below.

11.3     Procedure After Notification.

(a)  If the Designating Party notifies the Receiving Party, in any manner (*e.g.* via telephone, in person, overnight mail, courier, hand delivery, electronic mail or facsimile), within those fifteen (15) business days that it wishes to preserve the protection of the Disclosed Privileged Material, then the protection of the Disclosed Privileged Material is preserved in accordance with Rule 502(d) of the Federal Rules of Evidence.  In the notification, the Designating Party shall instruct the Receiving Party either to return or destroy the Disclosed Privileged Material and all copies thereof.

(b)  Upon receipt of a notification from the Designating Party that it wishes to preserve the protection of the Disclosed Privileged Material, the Receiving Party shall, within fifteen (15) business days, return or destroy the Disclosed Privileged Material and any material reflecting or referring to the information contained in the Disclosed Privileged Material in accordance with the Designating Party's instructions, and provide a certification of counsel of record that all such materials have been returned or destroyed.  If any material reflecting the information contained in the Disclosed Privileged Material cannot practicably be returned or

destroyed, then the Parties shall agree upon a reasonable means by which the protection of the Disclosed Privileged Material shall be preserved or, if unable to agree on the means to be used, bring the question before the Court for resolution.

(c)  Within thirty (30) business days of the notification that such Disclosed Privileged Material has been returned or destroyed, the Designating Party shall produce a privilege log with respect to the Disclosed Privileged Material that was returned or destroyed to the extent it has not already done so.

11.4   No Waiver of Privilege.  If, in connection with this litigation, the Designating Party discloses Disclosed Privileged Material, such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or protection that the Designating Party would be entitled to assert with respect to the disclosed Privileged Material in this Court or in any other proceeding. Instead, any Disclosed Privileged Material and its subject matter shall be treated as if there had been no disclosure for all purposes.

11.5   Motion to Compel Production.  The Disclosed Privileged Material itself may be submitted to the Court if filed under seal, and any argument that discusses, refers to, or discloses the specific contents of the Disclosed Privileged Material shall be filed under seal, pursuant to Civil Local Rule 79-5.  The Receiving Party shall not assert as a ground for entering such an order the fact or circumstances of the disclosure of the Disclosed Privileged Material in connection with this adversary action.

11.6   Consistency.  Section 11 shall be interpreted in a manner consistent with Federal Rule of Civil Procedure 26(b)(5)(B).

12.   MISCELLANEOUS

12.1   Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

12.2   Right to Assert Other Objections.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no

Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3    <u>Filing Protected Material</u>.  Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5 and General Order 62. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5 and General Order 62, a sealing order will be issued only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(d) and General Order 62 is denied by the court, then the Receiving Party may file the Protected Material in the public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the court.

13.    <u>FINAL DISPOSITION</u>

Within 60 days after the final disposition of this action, as defined in Section 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies

17

that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

IT IS SO STIPULATED.

Dated:  April 29, 2013                                SIDLEY AUSTIN LLP

                                                      By: _____ /s/ Wendy M. Lazerson _____
                                                               Wendy M. Lazerson

                                                      Wendy M. Lazerson (Cal. Bar No. 97285)
                                                      Caryn F. Horner (Cal. Bar No. 273500)
                                                      1001 Page Mill Road
                                                      Building 1
                                                      Palo Alto, California  94304
                                                      Telephone:  (650) 565-7000
                                                      Facsimile:  (650) 565-7100
                                                      E-Mail: wlazerson@sidley.com
                                                      E-Mail: chorner@sidley.com

                                                      *Attorneys for Defendant Hewlett-Packard Company*

Dated:  April 29, 2013                                LIEFF CABRASER HEIMANN & BERNSTEIN, LLP

                                                      By: _____ /s/ Jahan C. Sagafi _____
                                                               Jahan C. Sagafi

                                                      Kelly M. Dermody (Cal. Bar No. 171716)
                                                      Jahan C. Sagafi (Cal. Bar No. 224887)
                                                      Marc A. Pilotin (Cal. Bar No. 266369)
                                                      275 Battery Street, 29th Floor
                                                      San Francisco, CA 94111-3339
                                                      Telephone:  (415) 956-1000
                                                      Facsimile:   (415) 956-1008
                                                      E-Mail: kdermody@lchb.com
                                                      E-Mail: jsagafi@lchb.com
                                                      E-Mail: mpilotin@lchb.com

                                                      Adam T. Klein (admitted *pro hac vice*)
                                                      Juno Turner (admitted *pro hac vice*)
                                                      OUTTEN & GOLDEN LLP
                                                      3 Park Avenue, 29th Floor
                                                      New York, New York 10016
                                                      Telephone: (212) 245-1000
                                                      Fax: (212) 977-4005
                                                      E-Mail: atk@outtengolden.com
                                                      E-Mail: jturner@outtengolden.com

                                                      *Attorneys for Plaintiff and proposed Class Members*

1094007.5

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: _____May 1_____, 2013                    *Lucy H. Koh*
_____
THE HONORABLE LUCY H. KOH
UNITED STATES DISTRICT JUDGE

### ATTESTATION

Pursuant to Civil Local Rule 5-1(i)(3), the filer of this document attests that concurrence in the filing of this document has been obtained from the other signatory above.

Dated:  April 29, 2013

By:_____*/s/ Jahan C. Sagafi*_____
Jahan C. Sagafi

STIPULATED AND [PROPOSED] PROTECTIVE ORDER - GOVERNING DISCOVERY - CASE NO. 13-0119 LHK
1094007.5

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

<u>EXHIBIT A</u>

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury that I have read

in its entirety and understand the Stipulated Protective Order that was issued by the United States

District Court for the Northern District of California on [date] in the case of *Benedict v. Hewlett-*

*Packard Company*, Case No. C13-0119-LHK (N.D. Cal. 2013). I agree to comply with and to be

bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that

failure to so comply could expose me to sanctions and punishment in the nature of contempt. I

solemnly promise that I will not disclose in any manner any information or item that is subject to

this Stipulated Protective Order to any person or entity except in strict compliance with the

provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Northern District of California for the purpose of enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone number]

as my California agent for service of process in connection with this action or any proceedings

related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____

Printed name: _____
              [printed name]

Signature: _____
           [signature]

20

STIPULATED AND [PROPOSED] PROTECTIVE ORDER - GOVERNING DISCOVERY - CASE NO. 13-0119 LHK

SF1 1951045v.1

1094007.5