

| | |
|---|---|
| SIDLEY AUSTIN LLP<br>1001 PAGE MILL ROAD<br>BUILDING 1<br>PALO ALTO, CA 94304<br>(650) 565 7000<br>(650) 565 7100 FAX<br><br>wlazerson@sidley.com<br>(650) 565 7065 | BEIJING           LOS ANGELES<br>BRUSSELS      NEW YORK<br>CHICAGO       PALO ALTO<br>DALLAS           SAN FRANCISCO<br>FRANKFURT   SHANGHAI<br>GENEVA         SINGAPORE<br>HONG KONG  SYDNEY<br>HOUSTON       TOKYO<br>LONDON         WASHINGTON, D.C.<br><br>FOUNDED 1866 |

May 8, 2013

The Honorable Lucy H. Koh
United States District Court
 Northern District
280 South 1st Street
San Jose, CA  95113

   Re: Benedict, et al. v. Hewlett Packard Company
     <u>Case No. C13-0119 LHK</u>

Dear Judge Koh:

 Attached is the parties' Joint Letter Brief, submitted pursuant to your Order dated April 24, 2013 in this matter.


SIDLEY AUSTIN LLP       LIEFF CABRASER HEIMANN & BERNSTEIN,
                     LLP


  /s/  Wendy M. Lazerson         /s/  Jahan C. Sagafi
  Wendy M. Lazerson           Jahan C. Sagafi

Wendy M. Lazerson (Cal. Bar No. 97285)  Kelly M. Dermody (Cal. Bar No. 171716)
Caryn F. Horner (Cal. Bar No. 273500)   Jahan C. Sagafi (Cal. Bar No. 224887)
1001 Page Mill Road           Marc A. Pilotin (Cal. Bar No. 266369)
Building 1               275 Battery Street, 29th Floor
Palo Alto, California  94304        San Francisco, CA 94111-3339
Telephone:  (650) 565-7000        Telephone:  (415) 956-1000
Facsimile:  (650) 565-7100         Facsimile:   (415) 956-1008
E-Mail: wlazerson@sidley.com       E-Mail: kdermody@lchb.com
E-Mail: chorner@sidley.com        E-Mail: jsagafi@lchb.com
                        E-Mail: mpilotin@lchb.com

*Attorneys for Defendant*         *Attorneys for Plaintiff and proposed Class Members*
*Hewlett-Packard Company*



The Honorable Lucy H. Koh
May 8, 2013
Page 2

**Plaintiff Eric Benedict's Statement**

     At the April 24, 2013 Case Management Conference, the Court ordered the parties to submit a joint letter, with one page of argument per side, because the parties could not agree whether Opt-In Plaintiffs can review material designated as "CONFIDENTIAL." Pursuant to the Court's Order, Plaintiff Eric Benedict respectfully requests that the Court add the following text to the end of section 7.3 of the Stipulated Protective Order, listing entities that may view material designated "CONFIDENTIAL": "(h) any Opt-In Plaintiff, with respect only to material relevant to prosecute his or her claims, who has signed the 'Acknowledgment and Agreement to Be Bound' (Exhibit A). Such material includes, for example, personnel files, documents describing the Opt-In Plaintiff's position and job duties, and documents describing the structure of the parts of the organization in which he or she has worked." This provision balances Opt-In Plaintiffs' interest in understanding their claims and HP's interest in protecting its information.

     As an initial matter, the "fruits of pretrial discovery are, in the absence of a court order to the contrary, presumptively public." *Phillips v. GMC*, 307 F.3d 1206, 1210 (9th Cir. 2002) (citation and internal quotation marks omitted); *In re Roman Catholic Archbishop of Portland in Or.*, 661 F.3d 417, 424 (9th Cir. 2011). Under Fed. R. Civ. P. 26(c), this presumption can be rebutted only if good cause is shown. *Phillips*, 307 F.3d at 1210.

     To show good cause, "the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." *Phillips*, 307 F.3d at 1210-11. Broad "allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *In re Roman Catholic Archbishop*, 661 F.3d at 424. "Where a business is the party seeking protection, it will have to show that disclosure would cause significant harm to its competitive and financial position." *Contratto v. Ethicon, Inc.*, 227 F.R.D. 304, 307 (N.D. Cal. 2005) (citation and quotation marks omitted).

     HP cannot show harm because Plaintiff's proposal protects its interests. HP's competitive and financial positions will not be harmed if Opt-In Plaintiffs, who agree to abide by the protections mandated by the Protective Order, view material marked "confidential." The Protective Order requires that designated material be limited to use in "this case only for prosecuting, defending, or [settling] this litigation." Stipulated Protective Order § 7.1 (Dkt. No. 38). Opt-In Plaintiffs will be bound by this restriction and all others.

     Opt-In Plaintiffs "should not be put in a position where they are essentially kept in the dark about the important facts of the case." *DeFazio v. Hollister, Inc.*, Case No. CIV S-04-1358 DFL GGH, 2007 U.S. Dist. LEXIS 98147, 8 (E.D. Cal. Sept. 5, 2007). Opt-In Plaintiffs can thus understand their claims if they can review documents in their personnel file and other documents regarding their positions as they relate to HP's structure and organization. Further, these individuals have specialized knowledge and can offer insight into material concerning their positions. With this knowledge, Opt-In Plaintiffs can assist in the prosecution of their claims. *Id.* (in approving access, noting individual's ability to provide "substantial 'free' assistance").

     HP lacks good cause to prevent Opt-In Plaintiffs from reviewing material relevant to their claims. Thus, the Court should permit them to review such limited material.

SF1 1952219v.1



The Honorable Lucy H. Koh
May 8, 2013
Page 3

## Hewlett-Packard Company's Statement:

The issue remaining with respect to the protective order as framed at the CMC was whether Plaintiff should be permitted to amend the standard Northern California model protective order to change the definition of "party". Plaintiff, who consistently rejected HP's proposed protective order provisions by touting the need to adhere to the standard form now wishes to add "opt in" to the definition of "party." Given that paragraph 7.3 of the order allows disclosure of confidential information to "parties", as a result of this proposed amendment, counsel could show HP's confidential information and sensitive customer information to opt-ins prior to any certification order by the Court. However, as plaintiff argues that opt-ins should be afforded this benefit as "parties", Plaintiff simultaneously argues in meet and confer communications that opt-ins are not subject to discovery since they are not "parties". This inherent inconsistency places all of the burden on HP and all the benefits on the opt-ins. Plaintiff cannot have their proverbial cake and eat it too.

If opt-ins are to be "parties" to enjoy the benefit of access to confidential information, so too should they be parties to bear the burden of discovery. Certainly, any opt-in who wishes to see confidential information is free to become a named plaintiff—that is, become a party to the action and thereby subject to benefits and burdens of litigation. Or, if opt-ins are to be defined as parties and allowed access to unredacted confidential information, then they should be required to submit themselves to defendant's discovery as well. The opt-ins have a choice. However, to adopt Plaintiff's lopsided approach is illogical and prejudicial to HP who will no doubt be the party producing the sensitive information.[1]

The recent case of *Genesis Healthcare Corp. v. Symczyk*, 563 U.S. __, 133 S. Ct. 1523 (2013), is instructive though the facts of the case don't' directly bear on this particular issue . In *Genesis*, the U.S. Supreme Court made clear that pre-certification, putative class members have little standing. *Id.* at 1524. Clearly, the Court recognized that precertification opt-ins are distinct from parties, and the outgrowth of this case is to be watched. However, we do not ask the Court to decide the ultimate status of opt-ins. We do, however, ask the Court to maintain a level playing field. Confidential information should be accessible only to "parties" who are exposed to discovery or who choose to commit themselves fully to the litigation by becoming plaintiffs.[2] It cannot be a one way street. HP asks the Court to either deny the amendment to add opt ins to the definition of "party" or require that the definition of "party" to include opt ins be applied consistently in the discovery arena thereby subjecting them to discovery by HP.

---

[1] HP is particularly concerned about being able to obtain discovery from those who are afforded access to its confidential information in light of this week's disclosure by Plaintiff's counsel that they have had possession of an image Plaintiff made of his HP hard drive (which he then wiped clean before returning) which counsel has been freely reviewing rather than returning as dictated by applicable law. *See, e.g., Serv. Employees Int'l Union v. Roselli*, C 09-00404 WHA, 2009 WL 1137118, at *2 (N.D. Cal. Apr. 8, 2009) *aff'd sub nom. Serv. Employees Int'l Union v. Nat'l Union of Healthcare Workers*, 598 F.3d 1061 (9th Cir. 2010).

[2] There is certainly authority for opt in discovery. *Hill v. R&L Carriers Shared Services, LLC*, C 09-1907 CW MEJ, 2010 WL 3769247, at *2 (N.D. Cal. Sept. 22, 2010); *Coldiron v. Pizza Hut, Inc.*, CV03-05865TJHMCX, 2004 WL 2601180, at *2 (C.D. Cal. Oct. 25, 2004); *Abubakar v. City of Solano*, CIVS-06-2268LKKEFB, 2008 WL 508911, at *2 (E.D. Cal. Feb. 22, 2008).



The Honorable Lucy H. Koh
May 8, 2013
Page 4

## ATTESTATION

Pursuant to Civil Local Rule 5-1(i)(3), the filer of this document attests that concurrence in the filing of this document has been obtained from the other signatory above.

Dated:  May 8, 2013

                By:_____/s/  Wendy M. Lazerson_____
                        Wendy M. Lazerson