UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ERIC BENEDICT, on behalf of himself and classes of those similarly situated, <br><br>                  Plaintiff, <br> v. <br><br> HEWLETT-PACKARD COMPANY, <br><br>                  Defendant. | Case No.: 13-CV-00119-LHK <br><br> CASE MANAGEMENT ORDER |

Clerk:  Martha Parker Brown        Plaintiff's Attorneys: Kelly Dermody, Jahan Sagafi,
Reporter:  Lee-Anne Shortridge                                 Marc Pilotin
                                                   Defendant's Attorney: Wendy Lazerson, Caryn Horner

      A Case Management Conference was held on May 29, 2013.  A further Case Management Conference is set for August 7, 2013, at 2:00 p.m.

      For all future Case Management Conferences, the parties' Joint Case Management Statement ("JCMS") shall be filed by 5:00 p.m. seven days in advance of the Case Management Conference and shall not exceed a total of 10 pages in length.

      The parties shall engage in the following meet and confer processes before filing a JCMS.  First, the parties shall meet and confer in person no later than three business days prior to the JCMS filing deadline.  Second, the parties shall exchange drafts of the JCMS by 5:00 p.m. two business days prior to the JCMS filing deadline.  Finally, the parties shall exchange revisions to the JCMS by 5:00 p.m. one business day prior to the JCMS filing deadline.

      The parties shall also meet and confer in person prior to any other filing in this case.

      The case schedule remains as set.

**Plaintiff's Discovery Requests**

      The Court ordered discovery to proceed with respect to the three job titles identified by Plaintiff: Technical Solutions Consultants, Field Technical Support Consultants, and Technology Consultants.

Case No.: 13-CV-00119-LHK
CASE MANAGEMENT ORDER

**Defendant's Discovery Requests**

The parties agreed that Plaintiff will disclose to HP the names of any Opt-In Plaintiff to whom Plaintiff discloses HP confidential information, within one business day of such disclosure. Pursuant to the Court's prior Order, such Opt-In Plaintiffs will then be subject to reciprocal, reasonable, and appropriate discovery. *See* ECF No. 52. The Court clarified that Opt-In Plaintiffs who do not access confidential information will not be subject to depositions or other discovery prior to conditional certification of an opt-in class.

**Mediation**

The parties have selected Susan Haldeman as their mediator and will engage in a mediation session on October 21, 2013.

**Segregation and Return of Data to Plaintiff and HP**

Neither party shall engage in ex parte communications with the third party vendor.

The third party vendor must give to HP all HP documents and materials in native format.

The third party vendor shall make and retain a full reimage of the HP laptop and any HP material on any of Plaintiff's or Plaintiff's family's devices or backup system. The third party vendor shall create a log of all HP material by file name, document title if readily available, and document type. If the vendor is unsure about whether a document contains HP material, both Plaintiff's and Defendant's counsel should review the document.

Any files on the personal devices or backup system of Plaintiff and Plaintiff's family that are not HP documents and do not contain HP material and that predate Plaintiff's employment with HP need not be imaged or added to a log and shall be returned to Plaintiff.

Defendants may conduct a two-hour deposition of Plaintiff with respect to the imaging of the HP laptop; copies made of its contents; how the contents of the devices and backup system of Plaintiff and Plaintiff's family are structured and organized; and what personal material, if any, was put on the HP laptop. This deposition will not address Plaintiff's affirmative claims.

Plaintiff's counsel shall send a letter to HP, certifying that Plaintiff has provided HP with the five documents previously produced to HP in connection with Plaintiff's Initial Disclosures. Plaintiff's counsel may subsequently delete all electronic copies of these documents, including attachments to e-mails. However, in the event that Plaintiff transmitted these documents to Plaintiff's counsel in any form, Plaintiff's counsel must retain a hard copy of all such transmittals.

**Plaintiff's First Amended Complaint and HP's Proposed Counterclaims**

The Court has approved the parties' stipulation permitting Plaintiff to file a first amended complaint without waiving Defendants' Rule 12 rights. ECF No. 59. The parties may file subsequent Rule 11 or Rule 12 motions if necessary.

By May 30, 2013, the parties shall file a stipulation to stay discovery on Defendant's counterclaims and Plaintiff's two new named plaintiffs and two new state law causes of action until the resolution of such Rule 11 or Rule 12 motions.

**IT IS SO ORDERED.**

Dated: May 30, 2013

_Lucy H. Koh_
LUCY H. KOH
United States District Judge

Case No.: 13-CV-00119-LHK
CASE MANAGEMENT ORDER