1  Kelly M. Dermody (Cal. Bar No. 171716)
   Jahan C. Sagafi (Cal. Bar No. 224887)
2  Marc A. Pilotin (Cal Bar No. 266369)
   LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
3  275 Battery Street, 29th Floor
   San Francisco, CA 94111-3339
4  Telephone:  (415) 956-1000
   Facsimile:   (415) 956-1008
5  E-Mail: kdermody@lchb.com
   E-Mail: jsagafi@lchb.com
6  E-Mail: mpilotin@lchb.com

7  Adam T. Klein (admitted *pro hac vice*)
   Juno Turner (admitted *pro hac vice*)
8  OUTTEN & GOLDEN LLP
   3 Park Avenue, 29th Floor
9  New York, New York 10016
   Telephone: (212) 245-1000
10 Fax: (212) 977-4005
   E-Mail: atk@outtengolden.com
11 E-Mail: jturner@outtengolden.com

12 *Attorneys for Plaintiffs and proposed Class Members*

13                UNITED STATES DISTRICT COURT
              NORTHERN DISTRICT OF CALIFORNIA
14                  SAN JOSE DIVISION

15 ERIC BENEDICT, RICHARD                  Case No. C 13-0113 LHK
   BOWDERS, and KILRICANOS VIEIRA,
16 on behalf of themselves and classes of
   those similarly situated,               **FIRST AMENDED COMPLAINT FOR**
17                                          **VIOLATIONS OF THE FAIR LABOR**
                                            **STANDARDS ACT AND STATE WAGE**
18                Plaintiffs,               **AND HOUR LAWS**

19          v.                              **COLLECTIVE ACTION**

20 HEWLETT-PACKARD COMPANY,                 **CLASS ACTION**

21                Defendant.                **DEMAND FOR JURY TRIAL**

22

23

24

25

26

27

28

Plaintiffs Eric Benedict, Richard Bowders, and Kilricanos Vieira ("Plaintiffs") allege, on behalf of themselves and classes of those similarly situated, as follows:

**JURISDICTION AND VENUE**

1.      This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

2.      This Court also has original jurisdiction over this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d), because this is a class action in which: (1) there are 100 or more members in the proposed class; (2) at least some members of the proposed class have a different citizenship from Defendant; and (3) the claims of the proposed class members exceed $5,000,000 in the aggregate.

3.      In addition, this Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiffs' state law wage and hour claims because those claims derive from a common nucleus of operative fact.

4.      This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

5.      The United States District Court for the Northern District of California has personal jurisdiction over Hewlett-Packard Company ("Defendant" or "HP"), because HP maintains offices in this District, does business in California and in this District, and because many of the acts complained of and giving rise to the claims alleged occurred in California and in this District.

6.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred in this District.

7.      Intradistrict assignment:  Pursuant to N.D. Cal. Local Rule 3-2(c) and (e), intradistrict assignment to the San Jose Division is proper because a substantial part of the events that give rise to the claims asserted occurred in Santa Clara County.

1

## **SUMMARY OF CLAIMS**

2   8.   Plaintiffs were employed as technical support workers.  Technical support

3   workers at HP have the primary duties of installing, maintaining, and/or supporting computer

4   software and/or hardware for HP.  They were and/or are misclassified by HP as exempt from the

5   overtime provisions of the FLSA and/or state wage and hour laws, as described below.

6   9.   Plaintiffs bring this action on behalf of themselves and all persons who

7   were, are, or will be employed by HP nationwide as technical support workers with the primary

8   duties of installing, maintaining, and/or supporting computer software and/or hardware for HP,

9   including but not limited to Technical Solutions Consultants, Field Technical Support

10   Consultants, Technical Consultants, and Technology Consultants (collectively, the "Class

11   Positions"), at any time within the three years prior to the filing of the initial Complaint through

12   the date of the final disposition of this action (the "Nationwide FLSA Period"), and who were,

13   are, or will be classified by HP as exempt from overtime pay under federal law.  This group is

14   hereinafter referred to as the "Nationwide FLSA Plaintiffs."

15   10.   Plaintiff Eric Benedict (the "California Named Plaintiff") also brings this

16   action on behalf of all persons who were, are, or will be employed by HP in California in the

17   Class Positions (hereinafter "the California Class"), at any time within the four years prior to the

18   date of the filing of the initial Complaint through the date of the final disposition of this action

19   (the "California Class Period"), and who were, are, or will be improperly classified as exempt

20   from overtime pay under California law.

21   11.   Plaintiff Richard Bowders (the "Maryland Named Plaintiff") also brings

22   this action on behalf of all persons who were, are, or will be employed by HP in Maryland in the

23   Class Positions (hereinafter "the Maryland Class"), at any time within the three years prior to the

24   date of the filing of the initial Complaint through the date of the final disposition of this action

25   (the "Maryland Class Period"), and who were, are, or will be improperly classified as exempt

26   from overtime pay under Maryland law.

27   12.   Plaintiff Kilricanos Vieira (the "Massachusetts Named Plaintiff") also

28   brings this action on behalf of all persons who were, are, or will be employed by HP in

- 2 -

1   Massachusetts in the Class Positions (hereinafter "the Massachusetts Class"), at any time within

2   the three years prior to the date of the filing of the initial Complaint through the date of the final

3   disposition of this action (the "Massachusetts Class Period"), and who were, are, or will be

4   improperly classified as exempt from overtime pay under Massachusetts law.

5        13.    HP has unlawfully classified Plaintiffs, Nationwide FLSA Plaintiffs, and

6   members of the State Law Classes as exempt from overtime payments under federal and state

7   law, despite the fact that they should have been classified as nonexempt.  Plaintiffs, Nationwide

8   FLSA Plaintiffs, and State Law Class Members worked overtime hours, as defined by the

9   applicable federal and state laws, and are and have been entitled to premium compensation at the

10  appropriate rate ("overtime compensation") for all overtime hours worked.

11       14.    HP has willfully refused to pay Plaintiff, Nationwide FLSA Plaintiffs, and

12  members of the State Law Classes the required overtime compensation for overtime hours

13  worked, and has failed to keep time records as required by law.

14       15.    HP's practices violate the FLSA and state laws pled herein.  Plaintiffs seek

15  declaratory and injunctive relief, overtime compensation for all overtime work required, suffered,

16  or permitted by HP, liquidated and/or other damages and penalties as permitted by applicable law,

17  interest, and attorneys' fees and costs.

18  **THE PARTIES**

19       16.    Plaintiff Eric Benedict was employed by HP in Cupertino, California from

20  approximately April 2011 to February 2012 as a member of HP's technical support staff.

21  Mr. Benedict had the primary duties of installing, maintaining, and supporting computer software

22  and/or hardware.  He worked for HP in a Class Position during the FLSA Class Period and the

23  California Class Period.  Mr. Benedict worked hours in excess of forty hours per week and in

24  excess of eight hours per day, without receiving overtime compensation as required by both

25  federal and California law.

26       17.    Plaintiff Richard Bowders has been employed by HP in Annapolis,

27  Maryland from approximately May 2008 through the present as a member of HP's technical

28  support staff.  Mr. Bowders has the primary duties of installing, maintaining, and supporting

1  computer software and/or hardware.  He has worked for HP in a Class Position during the FLSA

2  Class Period and the Maryland Class Period.  Mr. Bowders has worked hours in excess of forty

3  hours per week, without receiving overtime compensation as required by both federal and

4  Maryland law.

5          18.     Plaintiff Kilricanos Vieira was employed by HP in Marlborough,

6  Massachusetts from approximately April 2010 to July 2012 as a member of HP's technical

7  support staff.  Mr. Vieira had the primary duties of installing, maintaining, and supporting

8  computer software and/or hardware.  He worked for HP in a Class Position during the FLSA

9  Class Period and the Massachusetts Class Period.  Mr. Vieira worked hours in excess of forty

10  hours per week, without receiving overtime compensation as required by both federal and

11  Massachusetts law.

12          19.     Plaintiffs consent to sue for violations of the FLSA, pursuant to 29 U.S.C.

13  §§ 216(b) and 256.

14          20.     Defendant HP is a corporation that provides information technology

15  products and services throughout the United States and the world, with its principal place of

16  business located in Palo Alto, California.  The practices described herein were performed in and

17  emanated from the Cupertino, California office where HP employed Plaintiff.

18  **COLLECTIVE ACTION ALLEGATIONS**

19          21.     Plaintiffs bring the First Claim for Relief for violation of the FLSA as a

20  collective action pursuant to section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of the

21  Nationwide FLSA Plaintiffs.

22          22.     Plaintiffs and Nationwide FLSA Plaintiffs are similarly situated in that they

23  have substantially similar job requirements and pay provisions, and are subject to HP's common

24  practice, policy, or plan of unlawfully characterizing Nationwide FLSA Plaintiffs as exempt

25  employees and refusing to pay them overtime in violation of the FLSA.

26          23.     The First Claim for Relief for violations of the FLSA may be brought and

27  maintained as an "opt-in" collective action pursuant to section 16(b) of the FLSA, 29 U.S.C.

28

1   § 216(b), since the claims of Plaintiffs are similar to the claims of the Nationwide FLSA

2   Plaintiffs.

3       24.    The names and addresses of the Nationwide FLSA Plaintiffs are available

4   from HP's records.  Notice should be provided to the Nationwide FLSA Plaintiffs via first class

5   mail, e-mail, and posting in the offices where they have worked as soon as possible.

6   **CALIFORNIA CLASS ACTION ALLEGATIONS**

7       25.    The California Named Plaintiff brings the Second, Third, Fourth, Fifth,

8   Sixth, and Seventh Claims for Relief for violation of California's wage and hour and unfair

9   competition laws as a class action, pursuant to Fed. R. Civ. P. 23(a) and (b)(3), on behalf of all

10   California Class Members, defined in paragraph 10.

11       26.    Numerosity (Fed. R. Civ. P. 23(a)(1)) – The California Class is so

12   numerous that joinder of all members is impracticable.  The California Named Plaintiff is

13   informed and believes, and on that basis alleges, that during the California Class Period, HP has

14   employed at least fifty persons who satisfy the definition of the California Class.

15       27.    Commonality (Fed. R. Civ. P. 23(a)(2)) – Common questions of law and

16   fact exist as to members of the California Class, including, but not limited to, the following:

17       a.    Whether HP unlawfully failed to pay overtime compensation in

18   violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq.*, and

19   the California Labor Code and related regulations, Cal. Labor Code §§ 201, 202, 203, 204, 226,

20   510, 1174, 1174.5, and 1194, Cal. Wage Order No. 4-2001.

21       b.    Whether the California Named Plaintiff and California Class

22   Members are nonexempt employees entitled to overtime compensation for overtime hours worked

23   under the overtime pay requirements of California law;

24       c.    Whether HP's policy and practice of classifying the California

25   Class Members as exempt from overtime entitlement under California law and HP's policy and

26   practice of failing to pay overtime to California Class Members violate applicable provisions of

27   California law, including applicable statutory and regulatory authority;

28

d.      Whether HP unlawfully failed to keep and furnish California Class Members with records of hours worked, in violation of Labor Code §§ 226 and 1174;

e.      Whether HP unlawfully failed to provide California Class Members with meal and rest breaks, in violation of Labor Code §§ 226.7 and 512;

f.      Whether HP's policy and practice of failing to pay its employees all wages due within the time required by law after their employment ended violates California law; and

g.      The proper measure of damages sustained and the proper measure of restitution recoverable by members of the California Class.

28.     Typicality (Fed. R. Civ. P. 23(a)(3)) – The California Named Plaintiff's claims are typical of California Class Members' claims.  The California Named Plaintiff, like other California Class Members, was subjected to HP's policy and practice of refusing to pay overtime in violation of California law.  The California Named Plaintiff's job duties were typical of those of other California Class Members.

29.     Adequacy (Fed. R. Civ. P. 23(a)(4)) – The California Named Plaintiff will fairly and adequately represent and protect the interests of the California Class.

30.     Adequacy of counsel (Fed. R. Civ. P. 23(g)) – The California Named Plaintiff has retained counsel competent and experienced in complex class actions, the FLSA, and state labor and employment litigation.  The California Named Plaintiff's counsel have litigated numerous class actions on behalf of technical support workers asserting overtime misclassification claims under the FLSA and state law.  The California Named Plaintiff's counsel intend to commit the necessary resources to prosecute this action vigorously for the benefit of all Class Members.

31.     Predominance and superiority (Fed. R. Civ. P. 23(b)(3)) – Class certification of the Second, Third, Fourth, Fifth, Sixth, and Seventh Claims for Relief is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the California Class predominate over any questions affecting only individual members of the California Class, and because a class action is superior to other available methods for the fair and

1   efficient adjudication of this litigation.  HP's common and uniform policies and practices

2   unlawfully treat California Class Members as exempt from overtime pay requirements.  The

3   damages suffered by individual California Class Members are small compared to the expense and

4   burden of individual prosecution of this litigation.  In addition, class certification is superior

5   because it will obviate the need for unduly duplicative litigation that might result in inconsistent

6   judgments about HP's practices.

7        32.    Notice (Fed. R. Civ. P. 23(c)(2)(B)) – The California Named Plaintiff

8   intends to send notice to all California Class Members consistent with the requirements of Fed. R.

9   Civ. P. 23.

10                    **MARYLAND CLASS ACTION ALLEGATIONS**

11       33.    The Maryland Named Plaintiff brings the Eighth Claim for Relief for

12  violation of Maryland's wage and hour law as a class action, pursuant to Fed. R. Civ. P. 23(a),

13  (b)(2) and (b)(3), on behalf of all Maryland Class Members, defined in paragraph 11.

14       34.    Numerosity (Fed. R. Civ. P. 23(a)(1)) – The Maryland Class is so

15  numerous that joinder of all members is impracticable.  The Maryland Named Plaintiff is

16  informed and believes, and on that basis alleges, that during the Maryland Class Period, HP has

17  employed at least fifty persons who satisfy the definition of the Maryland Class.

18       35.    Commonality (Fed. R. Civ. P. 23(a)(2)) – Common questions of law and

19  fact exist as to members of the Maryland Class, including, but not limited to, the following:

20           a.    Whether HP unlawfully failed to pay overtime compensation in

21  violation of the Md. Code Ann. Labor & Employment §§ 3-415 & 3-420.

22           b.    Whether the Maryland Named Plaintiff and Maryland Class

23  Members are nonexempt employees entitled to overtime compensation for overtime hours worked

24  under the overtime pay requirements of Maryland law;

25           c.    Whether HP's policy and practice of classifying the Maryland Class

26  Members as exempt from overtime entitlement under Maryland law and HP's policy and practice

27  of failing to pay overtime to Maryland Class Members violate applicable provisions of Maryland

28  law, including applicable statutory and regulatory authority;

d. Whether HP unlawfully failed to keep records of hours worked by Maryland Class Members, in violation of Md. Code Ann. Labor & Employment § 3-424;

e. Whether HP's policy and practice of failing to pay its employees all wages due within the time required by law after their employment ended violates Maryland law; and

f. The proper measure of damages sustained and the proper measure of restitution recoverable by members of the Maryland Class.

36. Typicality (Fed. R. Civ. P. 23(a)(3)) – The Maryland Named Plaintiff's claims are typical of Maryland Class Members' claims. The Maryland Named Plaintiff, like other Maryland Class Members, was subjected to HP's policy and practice of refusing to pay overtime in violation of Maryland law. The Maryland Named Plaintiff's job duties were typical of those of other Maryland Class Members.

37. Adequacy (Fed. R. Civ. P. 23(a)(4)) – The Maryland Named Plaintiff will fairly and adequately represent and protect the interests of the Maryland Class.

38. Adequacy of counsel (Fed. R. Civ. P. 23(g)) – The Maryland Named Plaintiff has retained counsel competent and experienced in complex class actions, the FLSA, and state labor and employment litigation. The Maryland Named Plaintiff's counsel have litigated numerous class actions on behalf of technical support workers asserting overtime misclassification claims under the FLSA and state law. The Maryland Named Plaintiff's counsel intend to commit the necessary resources to prosecute this action vigorously for the benefit of all Class Members.

39. Injunctive Relief (Fed. R. Civ. P. 23(b)(2)) – Class certification of the Eighth Claim for Relief is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because HP has acted or refused to act on grounds generally applicable to the Maryland Class, making appropriate declaratory and injunctive relief with respect to the Maryland Named Plaintiff and the Maryland Class Members as a whole. The Maryland Named Plaintiff and the Maryland Class Members are entitled to injunctive relief to end HP's common and uniform practice of failing to properly compensate its employees for all overtime work performed for the benefit of HP.

40.     Predominance and superiority (Fed. R. Civ. P. 23(b)(3)) – Class certification of the Eighth Claim for Relief is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Maryland Class predominate over any questions affecting only individual members of the Maryland Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.  HP's common and uniform policies and practices unlawfully treat Maryland Class Members as exempt from overtime pay requirements.  The damages suffered by individual Maryland Class Members are small compared to the expense and burden of individual prosecution of this litigation.  In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about HP's practices.

41.     Notice (Fed. R. Civ. P. 23(c)(2)(B)) – The Maryland Named Plaintiff intends to send notice to all Maryland Class Members consistent with the requirements of Fed. R. Civ. P. 23.

## MASSACHUSETTS CLASS ACTION ALLEGATIONS

42.     The Massachusetts Named Plaintiff brings the Ninth Claim for Relief for violation of Massachusetts's wage and hour law as a class action, pursuant to Fed. R. Civ. P. 23(a) and (b)(3), on behalf of all Massachusetts Class Members, defined in paragraph 12.

43.     Numerosity (Fed. R. Civ. P. 23(a)(1)) – The Massachusetts Class is so numerous that joinder of all members is impracticable.  The Massachusetts Named Plaintiff is informed and believes, and on that basis alleges, that during the Massachusetts Class Period, HP has employed at least fifty persons who satisfy the definition of the Massachusetts Class.

44.     Commonality (Fed. R. Civ. P. 23(a)(2)) – Common questions of law and fact exist as to members of the Massachusetts Class, including, but not limited to, the following:

a.     Whether HP unlawfully failed to pay overtime compensation in violation of Mass. Gen. Laws ch. 151 § 1A.

b.     Whether the Massachusetts Named Plaintiff and Massachusetts Class Members are nonexempt employees entitled to overtime compensation for overtime hours worked under the overtime pay requirements of Massachusetts law;

c.      Whether HP's policy and practice of classifying the Massachusetts Class Members as exempt from overtime entitlement under Massachusetts law and HP's policy and practice of failing to pay overtime to Massachusetts Class Members violate applicable provisions of Massachusetts law, including applicable statutory and regulatory authority;

d.      Whether HP unlawfully failed to keep and furnish Massachusetts Class Members with records of hours worked, in violation of Mass. Gen. Laws ch. 151 § 15;

e.      Whether HP's policy and practice of failing to pay its employees all wages due within the time required by law after their employment ended violates Massachusetts law; and

f.      The proper measure of damages sustained and the proper measure of restitution recoverable by members of the Massachusetts Class.

45.      Typicality (Fed. R. Civ. P. 23(a)(3)) – The Massachusetts Named Plaintiff's claims are typical of Massachusetts Class Members' claims.  The Massachusetts Named Plaintiff, like other Massachusetts Class Members, was subjected to HP's policy and practice of refusing to pay overtime in violation of Massachusetts law.  The Massachusetts Named Plaintiff's job duties were typical of those of other Massachusetts Class Members.

46.      Adequacy (Fed. R. Civ. P. 23(a)(4)) – The Massachusetts Named Plaintiff will fairly and adequately represent and protect the interests of the Massachusetts Class.

47.      Adequacy of counsel (Fed. R. Civ. P. 23(g)) – The Massachusetts Named Plaintiff has retained counsel competent and experienced in complex class actions, the FLSA, and state labor and employment litigation.  The Massachusetts Named Plaintiff's counsel have litigated numerous class actions on behalf of technical support workers asserting overtime misclassification claims under the FLSA and state law.  The Massachusetts Named Plaintiff's counsel intend to commit the necessary resources to prosecute this action vigorously for the benefit of all Class Members.

48.      Predominance and superiority (Fed. R. Civ. P. 23(b)(3)) – Class certification of the Ninth Claim for Relief is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Massachusetts Class predominate over any

1   questions affecting only individual members of the Massachusetts Class, and because a class

2   action is superior to other available methods for the fair and efficient adjudication of this

3   litigation.  HP's common and uniform policies and practices unlawfully treat Massachusetts Class

4   Members as exempt from overtime pay requirements.  The damages suffered by individual

5   Massachusetts Class Members are small compared to the expense and burden of individual

6   prosecution of this litigation.  In addition, class certification is superior because it will obviate the

7   need for unduly duplicative litigation that might result in inconsistent judgments about HP's

8   practices.

9       49.     Notice (Fed. R. Civ. P. 23(c)(2)(B)) – The Massachusetts Named Plaintiff

10   intends to send notice to all Massachusetts Class Members consistent with the requirements of

11   Fed. R. Civ. P. 23.

12              **FIRST CLAIM FOR RELIEF**
           **(Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*,**
13   **Brought by Plaintiffs on Behalf of Themselves and the Nationwide FLSA Plaintiffs)**

14

15       50.     Plaintiffs, on behalf of themselves and all Nationwide FLSA Plaintiffs,

16   realleges and incorporates by reference paragraphs 1 through 49 as if they were set forth again

17   herein.

18       51.     At all relevant times, HP has been, and continues to be, an "employer"

19   engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within

20   the meaning of the FLSA, 29 U.S.C. § 203.  At all relevant times, HP has employed, and

21   continues to employ, "employee[s]," including Plaintiffs and each of the Nationwide FLSA

22   Plaintiffs.  At all relevant times, HP has had gross operating revenues in excess of $500,000.

23       52.     The Consent to Sue forms Plaintiffs signed pursuant to section 16(b) of the

24   FLSA, 29 U.S.C. §§ 216(b) and 256 appear at Docket Nos. 1, 23-1, and 25-1.  It is likely that

25   other similarly situated individuals will sign consent forms and join as Plaintiffs on this claim in

26   the future.

27

28

53. The FLSA requires each covered employer, including HP, to compensate all nonexempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek.

54. The Nationwide FLSA Plaintiffs are entitled to be paid overtime compensation for all overtime hours worked.

55. At all relevant times, HP, pursuant to its policies and practices, failed and refused to pay overtime premiums to the Nationwide FLSA Plaintiffs for their hours worked in excess of forty hours per week.

56. By failing to compensate Plaintiffs and the Nationwide FLSA Plaintiffs at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, HP has violated, and continues to violate, the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. § 207(a)(1) and § 215(a).

57. By failing to record, report, and/or preserve records of hours worked by Plaintiffs and the Nationwide FLSA Plaintiffs, HP has failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. § 211(c) and § 215(a).

58. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

59. Plaintiffs, on behalf of themselves and the Nationwide FLSA Plaintiffs, seeks recovery of attorneys' fees and costs of action to be paid by HP, as provided by the FLSA, 29 U.S.C. § 216(b).

60. Plaintiffs, on behalf of themselves and the Nationwide FLSA Plaintiffs, seeks damages in the amount of unpaid overtime compensation, liquidated damages as provided by the FLSA, 29 U.S.C. § 216(b), interest, and such other legal and equitable relief as the Court deems just and proper.

**SECOND CLAIM FOR RELIEF**
**(Cal. Wage Order No. 4-2001; Cal. Labor Code §§ 510, 1194, Brought by**
**the California Named Plaintiff on Behalf of Himself and the California Class)**

61.     The California Named Plaintiff, on behalf of himself and all members of the California Class, realleges and incorporates by reference paragraphs 1 through 60 as if they were set forth again herein.

62.     California law requires an employer, such as HP, to pay overtime compensation to all nonexempt employees for all hours worked over forty per week, or over eight per day.

63.     The California Named Plaintiff and California Class Members are nonexempt employees entitled to be paid overtime compensation for all overtime hours worked.

64.     Throughout the California Class Period, and continuing through the present, the California Named Plaintiff and California Class Members worked in excess of eight hours in a workday and/or forty hours in a workweek.  The California Named Plaintiff and certain California Class Members also worked in excess of twelve hours in a workday.

65.     During the California Class Period, HP misclassified the California Named Plaintiff and California Class Members as exempt from overtime pay entitlement and failed and refused to pay them overtime premium pay for their overtime hours worked.

66.     As a direct and proximate result of HP's unlawful conduct, as set forth herein, the California Named Plaintiff and California Class Members have sustained damages, including loss of earnings for hours of overtime worked on behalf of HP in an amount to be established at trial, prejudgment interest, and costs and attorneys' fees, pursuant to statute and other applicable law.

**THIRD CLAIM FOR RELIEF**
**(California Wage Payment Provisions, Cal. Labor Code §§ 201, 202, & 203,**
**Brought by the California Named Plaintiff on Behalf of Himself and the California Class)**

67.     The California Named Plaintiff, on behalf of himself and all members of the California Class, realleges and incorporates by reference paragraphs 1 through 66 as if they were set forth again herein.

68.     California Labor Code sections 201 and 202 require HP to pay its employees all wages due within the time specified by law.  California Labor Code section 203 provides that if an employer willfully fails to timely pay such wages, the employer must continue to pay the subject employees' wages until the back wages are paid in full or an action is commenced, up to a maximum of thirty days of wages.

69.     The California Named Plaintiff and all California Class Members who ceased employment with HP are entitled to unpaid compensation, but to date have not received such compensation.

70.     More than thirty days have passed since the California Named Plaintiff and certain California Class Members left HP's employ.

71.     As a consequence of HP's willful conduct in not paying compensation for all hours worked, the California Named Plaintiff and California Class Members whose employment ended during the class period are entitled to thirty days' wages under Labor Code section 203, together with interest thereon and attorneys' fees and costs.

**FOURTH CLAIM FOR RELIEF**
**(California Record-Keeping Provisions,**
**Cal. Wage Order No. 4-2001; Cal. Labor Code §§ 226, 1174, & 1174.5,**
**Brought by the California Named Plaintiff on Behalf of Himself and the California Class)**

72.     The California Named Plaintiff, on behalf of himself and all members of the California Class, realleges and incorporates by reference paragraphs 1 through 71 as if they were set forth again herein.

73.     HP knowingly and intentionally failed to provide timely, accurate, itemized wage statements including, *inter alia*, hours worked, to the California Named Plaintiff and California Class Members in accordance with Labor Code section 226(a) and the IWC Wage Orders.  Such failure caused injury to the California Named Plaintiff and California Class Members, by, among other things, impeding them from knowing the amount of wages to which they are and were entitled.  At all times relevant herein, HP has failed to maintain records of hours worked by the California Named Plaintiff and California Class Members as required under Labor Code section 1174(d).

74.     The California Named Plaintiff and California Class Members are entitled to and seek injunctive relief requiring HP to comply with Labor Code sections 226(a) and 1174(d), and further seek the amount provided under Labor Code sections 226(e) and 1174.5, including the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurred and one hundred dollars ($100) per employee for each violation in a subsequent pay period.

**FIFTH CLAIM FOR RELIEF**
**(California Meal And Rest Period Provisions,**
**Cal. Wage Order No. 4-2001; Cal. Labor Code §§ 218.5, 226.7, & 512,**
**Brought by the California Named Plaintiff on Behalf of Himself and the California Class)**

75.     The California Named Plaintiff, on behalf of himself and all members of the California Class, realleges and incorporates by reference paragraphs 1 through 74 as if they were set forth again herein.

76.     Plaintiff and California Class Members regularly work and have worked in excess of five-hour shifts without being afforded at least a half-hour meal break in which they were relieved of all duty and more than ten-hour shifts without being afforded a second half-hour meal break in which they were relieved of all duty, as required by Labor Code sections 226.7 and 512 and Wage Order No. 4-2001, section 11(a).

77.     In addition, the California Named Plaintiff and California Class Members regularly work and have worked without being afforded at least one ten-minute rest break, in which they were relieved of all duty, per four hours of work performed or major fraction thereof, as required by Labor Code section 226.7 and Wage Order No. 4-2001, section 12.

78.     As a result of HP's failure to afford proper meal periods, it is liable to the California Named Plaintiff and California Class Members for one hour of additional pay at the regular rate of compensation for each workday that the proper meal periods were not provided, pursuant to Labor Code section 226.7 and Wage Order No. 4-2001, section 11(b).

79.     As a result of HP's failure to afford proper rest periods, it is liable to the California Named Plaintiff and California Class Members for one hour of additional pay at the

regular rate of compensation for each workday that the proper rest periods were not provided, pursuant to Labor Code section 226.7 and Wage Order No. 4-2001, section 12(b).

**SIXTH CLAIM FOR RELIEF**
**(California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 _et seq._,**
**Brought by the California Named Plaintiff on Behalf of Himself and the California Class)**

80.     The California Named Plaintiff, on behalf of himself and all members of the California Class, realleges and incorporates by reference paragraphs 1 through 79 as if they were set forth again herein.

81.     The foregoing conduct, as alleged, violates the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 _et seq._  Section 17200 of the Cal. Bus. & Prof. Code prohibits unfair competition by prohibiting, _inter alia_, any unlawful or unfair business acts or practices.

82.     Beginning at a date unknown to the California Named Plaintiff, but at least as long ago as four years before the filing of this action, HP committed, and continues to commit, acts of unfair competition, as defined by the UCL, by, among other things, engaging in the acts and practices described herein.  HP's conduct as herein alleged has injured the California Named Plaintiff and California Class Members by wrongfully denying them earned wages, and therefore was substantially injurious to the California Named Plaintiff and to California Class Members.

83.     HP engaged in unfair competition in violation of the UCL by violating, _inter alia_, each of the following laws.  Each of these violations constitutes an independent and separate violation of the UCL:

        a.     The Fair Labor Standards Act, 29 U.S.C. §§ 201 _et seq._;

        b.     California Labor Code § 1194;

        c.     California Labor Code §§ 201, 202, 203, 204, 226, 226.7, and 512;

        d.     California Labor Code § 1174; and

        e.     California Labor Code § 510, which provides in relevant part:

           Any work in excess of eight hours in one workday and any
           work in excess of 40 hours in any one workweek and the

1                     first eight hours worked on the seventh day of work in any
one workweek shall be compensated at the rate of no less
2                     than one and one-half times the regular rate of pay for an
employee.  Any work in excess of 12 hours in one day shall
3                     be compensated at the rate of no less than twice the regular
rate of pay for an employee.  In addition, any work in
4                     excess of eight hours on any seventh day of a workweek
shall be compensated at the rate of no less than twice the
5                     regular rate of pay of an employee.

6          84.     HP's course of conduct, acts, and practices in violation of the California

7 laws mentioned in the above paragraph constitute a separate and independent violation of the

8 UCL.  HP's conduct described herein violates the policy or spirit of such laws or otherwise

9 significantly threatens or harms competition.

10          85.     The unlawful and unfair business practices and acts of HP, described

11 above, have injured California Class Members in that they were wrongfully denied the payment

12 of earned overtime wages.

13          86.     The California Named Plaintiff, on behalf of himself and the California

14 Class, seeks restitution in the amount of the respective unpaid wages earned and due at a rate not

15 less than one and one-half times the regular rate of pay for work performed in excess of forty

16 hours in a workweek, or eight hours in a day, and double the regular rate of pay for work

17 performed in excess of twelve hours per day.

18          87.     The California Named Plaintiff, on behalf himself and the California Class

19 Members, seeks recovery of attorneys' fees and costs of this action to be paid by HP, as provided

20 by the UCL and California Labor Code §§ 218, 218.5, and 1194.

21 **SEVENTH CLAIM FOR RELIEF**
**(California Private Attorneys General Act of 2004, Cal. Lab. Code §§ 2698-2699.5, Brought**
22 **by the California Named Plaintiff on Behalf of Himself and All Aggrieved Employees)**

23          88.     The California Named Plaintiff, on behalf of himself and all aggrieved

24 employees, as well as on behalf of the general public of California, realleges and incorporates by

25 reference paragraphs 1 through 87 as if they were set forth again herein.

26          89.     Under the California Private Attorneys General Act ("PAGA") of 2004,

27 Cal. Lab. Code §§ 2698-2699.5, an aggrieved employee, on behalf of himself or herself and other

28 current or former employees as well as the general public, may bring a representative action as a

private attorney general to recover penalties for an employer's violations of the California Labor Code and IWC Wage Orders.  These civil penalties are in addition to any other relief available under the California Labor Code, and must be allocated 75% to California's Labor and Workforce Development Agency ("LWDA") and 25% to the aggrieved employee, pursuant to California Labor Code section 2699.

90.     The California Named Plaintiff alleges, on behalf of himself and all aggrieved employees, as well as the general public, that HP has violated the following provisions of the California Labor Code and the following provisions of the IWC Wage Orders that are actionable through the California Labor Code and PAGA, as previously alleged herein: Cal. Lab. Code §§ 201-03, 218.5, 226, 226.7, 510, 512, 1174, 1174.5, and 1194, and IWC Wage Order No. 4-2001.  Each of these violations entitles the California Named Plaintiff, as a private attorney general, to recover the applicable civil penalties on his own behalf, on behalf of all aggrieved employees, and on behalf of the general public.

91.     California Labor Code section 2699(a), which is part of PAGA, provides in pertinent part:

> Notwithstanding any other provision of law, any provision of this code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies, or employees, for a violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures specified in § 2699.3.

92.     California Labor Code section 2699(f), which is part of PAGA, provides in pertinent part:

> For all provisions of this code except those for which a civil penalty is specifically provided, there is established a civil penalty for a violation of these provisions, as follows: . . . (2) If, at the time of the alleged violation, the person employs one or more employees, the civil penalty is one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation.

93.     The California Named Plaintiff is entitled to civil penalties, to be paid by HP and allocated as PAGA requires, pursuant to California Labor Code § 2699(a) for HP's

1    violations of the California Labor Code and IWC Wage Orders for which violations a civil

2    penalty is already specifically provided by law.  Furthermore, the California Named Plaintiff is

3    entitled to civil penalties, to be paid by HP and allocated as PAGA requires, pursuant to

4    California Labor Code § 2699(f) for HP's violations of the California Labor Code and IWC Wage

5    Orders for which violations a civil penalty is not already specifically provided.

6           94.     On January 29, 2013, the California Named Plaintiff provided written

7    notice by certified mail to the LWDA of the legal claims and theories of this case

8    contemporaneous with the filing of the First Amended Complaint in this action.  On January 30,

9    2013, the California Named Plaintiff provided the same written notice by certified mail to HP.

10          95.     On March 15, 2013, the LWDA notified the California Named Plaintiff and

11   Hewlett-Packard Company that it "does not intend to investigate the[se] allegations."  The letter

12   noted that "Labor Code Section 2699(i) provides that '. . . civil penalties recovered by aggrieved

13   employees shall be distributed as follows:  75 percent to the LWDA for enforcement of labor

14   laws and education of employers and employees about their rights and responsibilities under this

15   code.'"  The letter further explained that "Labor Code Section 2699(l) specifies '[T]he superior

16   court shall review and approve any penalties sought as part of a proposed settlement agreement

17   pursuant to this part.'"  The letter concluded by instructing the California Named Plaintiff that he

18   "must advise [LWDA] of the results of the litigation, and forward a copy of the court judgment or

19   court-approved settlement agreement."  A true and correct copy of the letter from the LWDA is

20   attached hereto as Exhibit A.

21          96.     Under PAGA, the California Named Plaintiff and the State of California

22   are entitled to recover the maximum civil penalties permitted by law for the violations of the

23   California Labor Code and IWC Wage Order No. 4-2001 that are alleged in this complaint.

24

25

26

27

28

1079653.4

**EIGHTH CLAIM FOR RELIEF**
**(Maryland Code Ann. Labor & Employment §§ 3-401 *et seq.*,**
**(Brought by the Maryland Named Plaintiff**
**on Behalf of Himself and the Maryland Class)**

97.     The Maryland Named Plaintiff, on behalf of himself and all members of the Maryland Class, realleges and incorporates by reference paragraphs 1 through 60 as if they were set forth again herein.

98.     The foregoing conduct, as alleged, violates the Maryland Wage and Hour Law, Md. Code Ann. Labor and Employment §§ 3-401, *et seq.*

99.     At all relevant times, HP has been, and continues to be, an "employer" within the meaning of the Maryland Wage and Hour Law, Md. Code Ann. Labor and Employment § 3-401(a).  At all relevant times, HP has employed, and/or continues to employ, "employee[s]," including the Maryland Named Plaintiff, and each of the members of the prospective Maryland Class, within the meaning of the Maryland Wage and Hour Law.

100.    The Maryland Wage and Hour Law requires an employer, such as HP, to pay overtime compensation to all nonexempt employees.  The Maryland Named Plaintiff and members of the Maryland Class are not exempt from overtime pay requirements under the Maryland Wage and Hour Law.

101.    At all relevant times, HP had a policy and practice of failing and refusing to pay overtime pay to the Maryland Named Plaintiff and the Maryland Class Members for their hours worked in excess of forty hours per workweek.

102.    As a result of HP's failure to pay wages earned and due, and its decision to withhold wages earned and due, to the Maryland Named Plaintiff and the Maryland Class Members at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, HP has violated, and continues to willfully violate the Maryland Wage and Hour Law, Md. Code Ann. Labor and Employment §§ 3-415 & 3-420.

103.    As a result of HP's failure to record, report, credit, and furnish to the Maryland Named Plaintiff and Maryland Class Members their respective wage and hour records showing all wages earned and due for all work performed, HP has failed to make, keep, preserve,

1  and furnish such records in violation of the Maryland Wage and Hour Law, Md. Code Ann. Labor

2  and Employment § 3-424.

3  104.  The Maryland Named Plaintiff, on behalf of himself and the Maryland

4  Class Members, seeks recovery of attorneys' fees, costs, and expenses of this action to be paid by

5  HP.

6  105.  The Maryland Named Plaintiff, on behalf of himself and the Maryland

7  Class Members, seek damages in the amount of the respective unpaid wages earned and due at the

8  regular hourly wage rate, and at a rate not less than one and one-half times the regular rate of pay

9  for work performed in excess of forty hours in a workweek; punitive damages; and such other

10  legal and equitable relief as the Court deems just and proper.

11  **NINTH CLAIM FOR RELIEF**
**(Massachusetts Wage and Hour Law, Mass. Gen. Laws Ch. 151 §§ 1A, *et seq.*,**
12  **Brought by the Massachusetts Named Plaintiff**
**on Behalf of Himself and the Massachusetts Class)**
13

14  106.  The Massachusetts Named Plaintiff, on behalf of himself and all members

15  of the Massachusetts Class, realleges and incorporates by reference paragraphs 1 through 60 as if

16  they were set forth again herein.

17  107.  The foregoing conduct, as alleged, violates Massachusetts's wage and hour

18  law, Mass. Gen. Laws Ch. 151 §§ 1A, *et seq.*

19  108.  At all relevant times, HP has been, and continues to be, an employer that

20  "employs" individuals within the meaning of Mass. Gen. Laws Ch. 151 §§ 1A, *et seq.*  At all

21  relevant times, HP has employed, and continues to "employ," "employees," including the

22  Massachusetts Named Plaintiff and each of the Massachusetts Class Members, within the

23  meaning of Mass. Gen. Laws Ch. 151 §§ 1A, *et seq.*

24  109.  Massachusetts wage and hour law, Mass. Gen. Laws ch. 151 § 1A, requires

25  an employer, such as HP, to pay overtime compensation to all nonexempt employees.  The

26  Massachusetts Named Plaintiff and the Massachusetts Class Members are not exempt from

27  overtime pay requirements under Massachusetts wage and hour law.

28

110.    At all relevant times, HP had a policy and practice of failing and refusing to pay overtime pay to the Massachusetts Named Plaintiff and the Massachusetts Class Members for their hours worked in excess of forty (40) hours per week.

111.    As a result of HP's failure to pay wages earned and due, and its decision to withhold wages earned and due, to the Massachusetts Named Plaintiff and the Massachusetts Class Members at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours in a workweek, HP has violated, and continues to violate Massachusetts wage and hour law.

112.    Massachusetts wage and hour law, Mass. Gen. Laws ch. 151 § 15, requires employers to keep records of each employee's hours worked and wages earned, at the place of employment, for at least two years.

113.    Because HP willfully and unlawfully misclassified the Massachusetts Named Plaintiff and the Massachusetts Class Members as exempt from overtime pay requirements, the company failed and continues to fail to keep and furnish records of those employees' hours, as required under Massachusetts wage and hour law.

114.    By failing to record and maintain wage and hour records for its nonexempt employees, including the Massachusetts Named Plaintiff and the Massachusetts Class Members, HP has failed to make, furnish, and keep such records in violation of Massachusetts wage and hour law.

115.    HP's failure to keep and furnish the required records of hours worked for the Massachusetts Named Plaintiff and the Massachusetts Class Members was done with reckless indifference to the rights of others and is willful, knowing, and intentional.  Allowing HP's record-keeping violations to continue would be a gross injustice to the Massachusetts Named Plaintiff and the Massachusetts Class Members, and all future HP employees.

116.    The Massachusetts Named Plaintiff, on behalf of himself and the Massachusetts Class Members, seeks recovery of attorneys' fees and costs of this action to be paid by HP, as provided by Massachusetts wage and hour law.

117.   The Massachusetts Named Plaintiff, on behalf of himself and the Massachusetts Class Members, seeks damages in the amount of triple the respective unpaid wages earned and due at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours in a workweek, less any such wages paid, as provided by Massachusetts wage and hour law, Mass. Gen. Laws ch. 151 § 1B, and such other legal and equitable relief from HP's unlawful and outrageous conduct as the Court deems just and proper.

118.   The Massachusetts Named Plaintiff also seeks to assert a classwide claim under to Mass. Gen. Laws ch. 149 §§ 148 and 150.  To the extent necessary, Plaintiff will amend the complaint to allege that the exhaustion process he has commenced has been completed.  Mass. Gen. Laws. ch. 149 § 150.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs on behalf of themselves and all members of the Nationwide FLSA Class, prays for relief as follows:

A.   Designation of this action as a collective action on behalf of the Nationwide FLSA Plaintiffs (asserting FLSA claims) and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA Opt-In Class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

B.   Designation of Plaintiffs as Representatives of the Nationwide FLSA Plaintiffs;

C.   A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

D.   An award of damages, according to proof, including liquidated damages, to be paid by HP;

E.   Costs of action incurred herein, including expert fees;

F.   Attorneys' fees, including fees pursuant to 29 U.S.C. § 216;

G.   Post-judgment interest, as provided by law; and

H.      Such other legal equitable relief as this Court deems necessary, just, and proper.

WHEREFORE, each Named Plaintiff on behalf of himself and all members of the Class he represents, prays for relief as follows:

I.      Certification of this action as a class action on behalf of each proposed Class;

J.      Designation of each Named Plaintiff as a Representative of the Class he seeks to represent;

K.      A declaratory judgment that the practices complained of herein are unlawful under applicable state law;

L.      Appropriate equitable and injunctive relief to remedy HP's violations of state law, including but not necessarily limited to an order enjoining HP from continuing its unlawful practices;

M.      Appropriate statutory penalties;

N.      An appropriate award of damages, liquidated damages, treble damages, and restitution to be paid by HP according to proof;

O.      Restitution;

P.      Pre-Judgment and Post-Judgment interest, as provided by law;

Q.      Such other injunctive and equitable relief as the Court may deem just and proper; and

R.      Attorneys' fees and costs of suit, including expert fees and costs.

1

2                                         Respectfully submitted,

3

4   Dated:  May 31, 2013                  By:  _____
                                               Kelly M. Dermody
5

6   Kelly M. Dermody (Cal. Bar No. 171716)
    Jahan C. Sagafi (Cal. Bar No. 224887)
7   Marc A. Pilotin (Cal. Bar No. 266369)
    LIEFF, CABRASER, HEIMANN &
8     BERNSTEIN, LLP
    275 Battery Street, 29th Floor
9   San Francisco, CA 94111-3339
    Telephone:  (415) 956-1000
10  Facsimile:   (415) 956-1008
    E-Mail: kdermody@lchb.com
11  E-Mail: jsagafi@lchb.com
    E-Mail: mpilotin@lchb.com
12
    Adam T. Klein (admitted *pro hac vice*)
13  Juno Turner (admitted *pro hac vice*)
    OUTTEN & GOLDEN LLP
    3 Park Avenue, 29th Floor
14  New York, New York 10016
    Telephone: (212) 245-1000
15  Fax: (212) 977-4005
    E-Mail: atk@outtengolden.com
16  E-Mail: jturner@outtengolden.com

17  *Attorneys for Plaintiffs and proposed Class
    Members*

18

19

20

21

22

23

24

25

26

27

28

1  **<u>DEMAND FOR JURY TRIAL</u>**

2       Plaintiffs hereby demand a jury trial on all causes of action and claims with respect

3  to which they have a right to a jury trial.

4
                         Respectfully submitted,
5

6

7  Dated:  May 31, 2013          By:  _____
                                      Kelly M. Dermody
8
                         Kelly M. Dermody (Cal. Bar No. 171716)
9                        Jahan C. Sagafi (Cal. Bar No. 224887)
                         Marc A. Pilotin (Cal. Bar No. 266369)
10                       LIEFF, CABRASER, HEIMANN &
                           BERNSTEIN, LLP
11                       275 Battery Street, 29th Floor
                         San Francisco, CA 94111-3339
12                       Telephone:  (415) 956-1000
                         Facsimile:   (415) 956-1008
13                       E-Mail: kdermody@lchb.com
                         E-Mail: jsagafi@lchb.com
14                       E-Mail: ashaver@lchb.com
                         E-Mail: jshipp@lchb.com
15
                         Adam T. Klein (admitted *pro hac vice*)
16                       Juno Turner (admitted *pro hac vice*)
                         OUTTEN & GOLDEN LLP
17                       3 Park Avenue, 29th Floor
                         New York, New York 10016
18                       Telephone: (212) 245-1000
                         Fax: (212) 977-4005
19                       E-Mail: atk@outtengolden.com
                         E-Mail: jturner@outtengolden.com
20
                         *Attorneys for Plaintiffs and proposed Class Members*
21

22

23

24

25

26

27

28