Wendy M. Lazerson, SBN 97285
wlazerson@sidley.com
Caryn F. Horner, SBN 273500
chorner@sidley.com
SIDLEY AUSTIN LLP
1001 Page Mill Road
Building 1
Palo Alto, California  94304
Telephone:  (650) 565-7000
Facsimile:  (650) 565-7100

Max C. Fischer, SBN 226003
mfischer@sidley.com
SIDLEY AUSTIN LLP
555 West Fifth Street, Suite 4000
Los Angeles, California 90013-1010
Telephone: (213) 896-6000
Facsimile: (213) 896-6600

Attorneys for Defendant Hewlett-Packard Company

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE BRANCH

| | |
|---|---|
| ERIC BENEDICT, RICHARD BOWDERS, and KILRICANOS VIEIRA, on behalf of themselves and classes of those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>HEWLETT-PACKARD COMPANY,<br><br>Defendant. | ) Case No. C13-0119-LHK<br>)<br>)<br>) **DEFENDANT HEWLETT-PACKARD**<br>) **COMPANY'S FIRST AMENDED ANSWER**<br>) **AND COUNTERCLAIMS TO**<br>) **PLAINTIFFS' FIRST AMENDED**<br>) **COMPLAINT**<br>)<br>) DEMAND FOR JURY TRIAL<br>)<br>)<br>) |

Defendant Hewlett-Packard Company ( "HP") submits this First Amended Answer, including its affirmative defenses and added counterclaims, in response to the first amended complaint ("FAC") of Eric Benedict, Richard Bowders, and Kilricanos Vieira ("Plaintiffs").

# FIRST AMENDED ANSWER

## JURISDICTION AND VENUE

1.     HP admits only that Plaintiffs purport to assert claims under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA") that would be within the jurisdiction of this Court.  The remaining allegations contained in paragraph 1 constitute legal conclusions to which no response is required.  To the extent an answer is required, HP denies all remaining allegations contained in paragraph 1.

2.     HP admits only that Plaintiffs allege that the Court has original jurisdiction over this action under the Class Action Fairness Act.  The remaining allegations contained in paragraph 2 constitute legal conclusions to which no response is required.  To the extent an answer is required, HP is without sufficient knowledge or information to form a belief as to the truth of those allegations, and therefore denies them.

3.     HP admits only that Plaintiffs allege that the Court has supplemental jurisdiction over Plaintiffs' state law claims.  The remaining allegations contained in paragraph 3 constitute legal conclusions to which no response is required.  To the extent an answer is required, HP denies all remaining allegations contained in paragraph 3.

4.     HP admits only that Plaintiffs allege that the Court is empowered to issue a declaratory judgment.  HP denies each and every allegation set forth in paragraph 4 of the FAC not expressly admitted herein.

5.     HP admits only that it maintains offices in this District, and does business in California and in this District.  The remaining allegations contained in paragraph 5 constitute legal conclusions to which no response is required.  To the extent an answer is required, HP denies all remaining allegations contained in paragraph 5.

6.     HP admits only that Plaintiffs allege that venue is proper in this District and that Plaintiffs allege that a substantial part of the alleged events occurred in this District.  HP denies each and every allegation set forth in paragraph 6 not expressly admitted herein.

7.     HP admits only that Plaintiffs allege that intradistrict assignment to the San Jose

2

Division is proper and that Plaintiffs allege that a substantial part of the alleged events occurred in Santa Clara County.  HP denies each and every allegation set forth in paragraph 7 not expressly admitted herein.

### SUMMARY OF CLAIMS

8.      HP admits only that it employed: Plaintiff Eric Benedict from April 4, 2011 to February 21, 2012 as a Technical Solutions Consultant III in Cupertino, California; Plaintiff Richard Bowders from May 5, 2008 to the present as a Field Technical Support Consultant III in Maryland; and Plaintiff Kilricanos Vieira from April 30, 2010 to June 15, 2012 as a Technical Solutions Consultant III in Massachusetts.  HP denies each and every allegation set forth in paragraph 8 not expressly admitted herein.

9.      HP admits only that Technical Solutions Consultants and Field Technical Support Consultants are classified as exempt.  HP denies each and every allegation set forth in paragraph 9 not expressly admitted herein.

10.     HP denies each and every allegation set forth in paragraph 10.

11.     HP denies each and every allegation set forth in paragraph 11.

12.     HP denies each and every allegation set forth in paragraph 12.

13.     HP denies each and every allegation set forth in paragraph 13.

14.     HP denies each and every allegation set forth in paragraph 14.

15.     HP denies each and every allegation set forth in paragraph 15.

### THE PARTIES

16.     HP admits that Plaintiff Eric Benedict was employed by HP in Cupertino, California from April 4, 2011 to February 21, 2012 as a Technical Solutions Consultant III in Cupertino, California.  HP denies each and every allegation set forth in paragraph 16 not expressly admitted herein.

17.     HP admits that Plaintiff Richard Bowders has been employed by HP from May 5, 2008 to the present as a Field Technical Support Consultant III in Maryland.  HP denies each and every allegation set forth in paragraph 17 not expressly admitted herein.

3

18.     HP admits that it employed Plaintiff Kilricanos Vieira from April 30, 2010 to June 15, 2012 as a Technical Solutions Consultant III in Massachusetts.  HP denies each and every allegation set forth in paragraph 18 not expressly admitted herein.

19.     HP admits that Plaintiffs have filed documents that purport to be a consent to join form signed by Plaintiffs.  HP denies each and every allegation set forth in paragraph 19 not expressly admitted herein.

20.     HP admits that it is a corporation with offices located in Palo Alto, California.  HP admits that one aspect of its business is providing information technology products and services throughout the United States and the world.  HP admits that it employed Plaintiff Eric Benedict at its Cupertino, California office.  However, HP formerly employed Plaintiff Kilricanos Vieira in Massachusetts and employs Plaintiff  Richard Bowders in Maryland.  HP denies each and every allegation set forth in paragraph 20 not expressly admitted herein.

## COLLECTIVE ACTION ALLEGATIONS

21.     HP admits that Plaintiffs purport to bring this action on behalf of themselves and an alleged class of persons described in the FAC, but denies that Plaintiffs have standing or grounds to do so.  HP denies that it violated the FLSA and denies that this case may be maintained as a collective action.  HP denies each and every allegation set forth in paragraph 21 not expressly admitted herein.

22.     HP denies each and every allegation set forth in paragraph 22.

23.     HP denies each and every allegation set forth in paragraph 23.

24.     HP denies the allegation that this case may be maintained as a collective action, and denies that "Nationwide FLSA Plaintiffs" exist.  HP denies the remaining allegations set forth in paragraph 24.

## CALIFORNIA CLASS ACTION ALLEGATIONS

25.     HP admits that paragraph 21 purports to set forth claims as a class action, but denies that the California Named Plaintiff has such claims (or standing to bring them).  HP denies the remaining allegations set forth in paragraph 25.

DEFENDANT HEWLETT-PACKARD COMPANY'S
FIRST AMENDED ANSWER AND COUNTERCLAIM
Case No.:  C13-0119-LHK

26. HP denies each and every allegation set forth in paragraph 26.

27. HP denies each and every allegation set forth in paragraph 27.

28. HP denies each and every allegation set forth in paragraph 28.

29. HP denies each and every allegation set forth in paragraph 29.

30. HP denies each and every allegation set forth in paragraph 30, and further alleges that the allegations call for a legal conclusion, and on that basis denies each and every allegation contained therein.

31. HP denies each and every allegation set forth in paragraph 31.

32. HP denies that "California Class members" exist and that such alleged "California Class members" should be given notice, and denies each and every remaining allegation set forth in paragraph 32.

## MARYLAND CLASS ACTION ALLEGATIONS

33. HP admits that paragraph 33 purports to set forth claims as a class action, but denies that the Maryland Named Plaintiff has such claims (or standing to bring them). HP denies the remaining allegations set forth in paragraph 33.

34. HP denies each and every allegation set forth in paragraph 34.

35. HP denies each and every allegation set forth in paragraph 35.

36. HP denies each and every allegation set forth in paragraph 36.

37. HP denies each and every allegation set forth in paragraph 37.

38. HP denies each and every allegation set forth in paragraph 38, and further alleges that the allegations call for a legal conclusion, and on that basis denies each and every allegation contained therein.

39. HP denies each and every allegation set forth in paragraph 39.

40. HP denies each and every allegation set forth in paragraph 40.

41. HP denies that "Maryland Class members" exist and that such alleged "Maryland Class members" should be given notice, and denies each and every remaining allegation set forth in paragraph 41.

DEFENDANT HEWLETT-PACKARD COMPANY'S
FIRST AMENDED ANSWER AND COUNTERCLAIM
Case No.:  C13-0119-LHK

1

## MASSACHUSETTS CLASS ACTION ALLEGATIONS

2      42.   HP admits that paragraph 33 purport to set forth claims as a class action, but denies

3  that the Massachusetts Named Plaintiff has such claims (or standing to bring them).  HP denies the

4  remaining allegations set forth in paragraph 42.

5      43.   HP denies each and every allegation set forth in paragraph 43.

6      44.   HP denies each and every allegation set forth in paragraph 44.

7      45.   HP denies each and every allegation set forth in paragraph 45.

8      46.   HP denies each and every allegation set forth in paragraph 46.

9      47.   HP denies each and every allegation set forth in paragraph 47, and further alleges that

10  the allegations call for a legal conclusion, and on that basis denies each and every allegation

11  contained therein.

12      48.   HP denies each and every allegation set forth in paragraph 48.

13      49.   HP denies each and every allegation set forth in paragraph 49.

14

## FIRST CLAIM FOR RELIEF

15  **(Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*., Brought by Plaintiffs on Behalf of
Themselves and the Purported "Nationwide FLSA Plaintiffs")**

16

17      50.   HP repeats and re-alleges each and every response to the allegations set forth in

18  paragraphs 1 through 49 and incorporates them by reference, as if set forth fully herein.

19      51.   HP admits that it has been, and continues to be, an employer engaged in interstate

20  commerce and/or in the production of goods for commerce.  HP admits that it employed Plaintiffs

21  Benedict and Vieira in the past, and currently employs Plaintiff Bowders.  HP admits that it has

22  gross operating revenues in excess of $500,000.  The remaining allegations contained in paragraph

23  51 constitute legal conclusions to which no response is required.  To the extent an answer is

24  required, HP denies all remaining allegations contained in paragraph 51.

25      52.   HP admits that Plaintiffs have filed documents that purport to be a consent to join

26  form signed by Plaintiffs.  HP denies that there are other "similarly situated individuals" to Plaintiffs

27  and denies each and every allegation set forth in paragraph 52 not expressly admitted herein.

28      53.   HP states that the characterization of the FLSA does not require a response because it

6

1    constitutes a legal conclusion.  HP denies any allegations that it has violated the FLSA and denies

2    the remaining allegations in paragraph 53.

3        54.    HP denies each and every allegation set forth in paragraph 54.

4        55.    HP denies each and every allegation set forth in paragraph 55.

5        56.    HP denies each and every allegation set forth in paragraph 56.

6        57.    HP denies each and every allegation set forth in paragraph 57.

7        58.    HP denies each and every allegation set forth in paragraph 58.

8        59.    HP lacks sufficient knowledge or information to form a belief as to what relief

9    Plaintiffs may, or may not, be seeking; HP denies that Plaintiffs would be entitled to any relief as a

10    result of any act or omission of HP.  To the extent that there are allegations set forth in paragraph 59,

11    HP denies each and every such allegation.

12       60.    HP lacks sufficient knowledge or information to form a belief as to what relief

13    Plaintiffs may, or may not, be seeking; HP denies that Plaintiffs would be entitled to any relief as a

14    result of any act or omission of HP.  To the extent that there are allegations set forth in paragraph 60,

15    HP denies each and every such allegation.

16    **SECOND CLAIM FOR RELIEF**

17    **(Cal. Wage Order No. 4-2001; Cal. Labor Code §§ 510, 1194, Brought by the California
18    Named Plaintiff on Behalf of Himself and the Purported "California Class")**

19       61.    HP repeats and re-alleges each and every response to the allegations set forth in

20    paragraphs 1 through 60 and incorporates them by reference, as if set forth fully herein.

21       62.    HP states that the characterization of California law does not require a response

22    because it constitutes a legal conclusion.  HP denies any allegations that it has violated California

23    law and denies the remaining allegations in paragraph 62.

24       63.    HP denies each and every allegation set forth in paragraph 63.

25       64.    HP denies that there is a class of similarly situated persons, and denies each and every

26    allegation set forth in paragraph 64.

27       65.    HP denies each and every allegation set forth in paragraph 65.

28

7

DEFENDANT HEWLETT-PACKARD COMPANY'S
FIRST AMENDED ANSWER AND COUNTERCLAIM
Case No.:  C13-0119-LHK

66.     HP denies each and every allegation set forth in paragraph 66.

## THIRD CLAIM FOR RELIEF

**(California Wage Payment Provisions, Cal. Labor Code §§ 201, 202, & 203, Brought by The California Named Plaintiff on Behalf of Himself and the Purported "California Class")**

67.     HP repeats and re-alleges each and every response to the allegations set forth in paragraphs 1 through 66 and incorporates them by reference, as if set forth fully herein.

68.     HP states that the characterization of Labor Code §§ 201 and 202 does not require a response because it constitutes a legal conclusion.  HP denies any allegations that it has violated Labor Code §§ 201 and 202 and denies the remaining allegations in paragraph 68.

69.     HP denies each and every allegation set forth in paragraph 69.

70.     HP admits that more than 30 days have passed since the California Named Plaintiff left HP's employ, but lacks sufficient knowledge or information to form a belief as to the truth of the other allegations set forth in paragraph 70, and on that basis denies each and every allegation not expressly admitted herein.  HP further denies that "California Class members" exist.

71.     HP denies each and every allegation set forth in paragraph 71.

## FOURTH CLAIM FOR RELIEF

**(California Record-Keeping Provisions, Cal. Wage Order No. 4-2001; Cal. Labor Code §§ 226, 1174 & 1174.5, Brought by the California Named Plaintiff on Behalf of Himself and the Purported "California Class")**

72.     HP repeats and re-allege each and every response to the allegations set forth in paragraphs 1 through 71 and incorporates them by reference, as if set forth fully herein.

73.     HP denies each and every allegation set forth in paragraph 73.

74.     HP lacks sufficient knowledge or information to form a belief as to what relief the California Named Plaintiff may, or may not, be seeking; HP denies that Plaintiffs would be entitled to any relief as a result of HP's acts or omissions.  To the extent that there are allegations set forth in paragraph 74, HP denies each and every such allegation.

## FIFTH CLAIM FOR RELIEF

**(California Meal and Rest Period Provisions, Cal. Wage Order No. 4-2001;
Cal. Labor Code §§ 218.5, 226.7, & 512, Brought by the California Named Plaintiff on Behalf of
Himself and the Purported "California Class")**

75.     HP repeats and re-alleges each and every response to the allegations set forth in
paragraphs 1 through 74 and incorporates them by reference, as if set forth fully herein.

76.     HP denies each and every allegation set forth in paragraph 76.

77.     HP denies each and every allegation set forth in paragraph 77.

78.     HP denies each and every allegation set forth in paragraph 78.

79.     HP denies each and every allegation set forth in paragraph 79.

## SIXTH CLAIM FOR RELIEF

**(California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq*., Brought by the
California Named Plaintiff on Behalf of Himself and the Purported "California Class")**

80.     HP repeats and re-alleges each and every response to the allegations set forth in
paragraphs 1 through 79 and incorporates them by reference, as if set forth fully herein.

81.     HP states that the characterization of Cal. Bus. & Prof. Code § 17200 does not require
a response because it constitutes a legal conclusion.  HP denies the allegations that it has violated
Cal. Bus. & Prof. Code § 17200 and denies the remaining allegations in paragraph 81.

82.     HP denies each and every allegation set forth in paragraph 82.

83.     HP denies each and every allegation set forth in paragraph 83.

84.     HP denies each and every allegation set forth in paragraph 84.

85.     HP denies each and every allegation set forth in paragraph 85.

86.     HP lacks sufficient knowledge or information to form a belief as to what relief the
California Named Plaintiff may, or may not, be seeking; HP denies that Plaintiffs would be entitled
to any relief as a result of HP's acts or omissions.  To the extent that there are allegations set forth in
paragraph 86, HP denies each and every such allegation.

87.     HP lacks sufficient knowledge or information to form a belief as to what relief the
California Named Plaintiff may, or may not, be seeking; HP denies that Plaintiffs would be entitled

DEFENDANT HEWLETT-PACKARD COMPANY'S
FIRST AMENDED ANSWER AND COUNTERCLAIM
Case No.: C13-0119-LHK

to any relief as a result of HP's acts or omissions.  To the extent that there are allegations set forth in paragraph 87, HP denies each and every such allegation.

### SEVENTH CLAIM FOR RELIEF

**(California Private Attorneys General Act of 2004, Cal. Lab. Code §§ 2698-2699.5, Brought by the California Named Plaintiff on Behalf of Himself and All Aggrieved Employees)**

88.     HP repeats and re-allege each and every response to the allegations set forth in paragraphs 1 through 87 and incorporates them by reference, as if set forth fully herein.

89.     HP states that the characterization of the PAGA does not require a response because it constitutes a legal conclusion.  HP denies any allegations that it has violated PAGA and denies the remaining allegations in paragraph 89.

90.     HP denies each and every allegation set forth in paragraph 90.

91.     HP states that the characterization of the PAGA does not require a response because it constitutes a legal conclusion.  HP denies any allegations that it has violated PAGA and denies the remaining allegations in paragraph 91.

92.     HP states that the characterization of the PAGA does not require a response because it constitutes a legal conclusion.  HP denies any allegations that it has violated PAGA and denies the remaining allegations in paragraph 92.

93.     HP denies each and every allegation set forth in paragraph 93.

94.     HP admits that on or around January 30, 2013, the California Named Plaintiff provided written notice to HP of the written notice to the LWDA and denies the remaining allegations in paragraph 94.

95.     HP lacks sufficient information to form a belief as to the truth of the allegations in paragraph 95.

96.     HP states that the characterization of PAGA does not require a response because it constitutes a legal conclusion.

DEFENDANT HEWLETT-PACKARD COMPANY'S
FIRST AMENDED ANSWER AND COUNTERCLAIM
Case No.:  C13-0119-LHK

## EIGHTH CLAIM FOR RELIEF

**(Maryland Code Ann. Labor & Employment §§ 3-401 et seq. Brought by the Maryland Named Plaintiff on Behalf of Himself and the Maryland Class)**

97.     HP repeats and re-alleges each and every response to the allegations set forth in paragraphs 1 through 96 and incorporates them by reference, as if set forth fully herein.

98.     HP denies each and every allegation set forth in paragraph 98.

99.     HP states that the characterization of Maryland law does not require a response because it constitutes a legal conclusion.  HP denies any allegations that it has violated Maryland law and denies the remaining allegations in paragraph 99.

100.     HP states that the characterization of Maryland law does not require a response because it constitutes a legal conclusion.  HP denies any allegations that it has violated Maryland law and denies the remaining allegations in paragraph 100.

101.     HP denies each and every allegation set forth in paragraph 101.

102.     HP denies each and every allegation set forth in paragraph 102.

103.     HP denies each and every allegation set forth in paragraph 103.

104.     HP lacks sufficient knowledge or information to form a belief as to what relief the Maryland Named Plaintiff may, or may not, be seeking; HP denies that Plaintiffs would be entitled to any relief as a result of HP's acts or omissions.  To the extent that there are allegations set forth in paragraph 104, HP denies each and every such allegation.

105.     HP lacks sufficient knowledge or information to form a belief as to what relief the Maryland Named Plaintiff may, or may not, be seeking; HP denies that Plaintiffs would be entitled to any relief as a result of HP's acts or omissions.  To the extent that there are allegations set forth in paragraph 105, HP denies each and every such allegation.

## NINTH CLAIM FOR RELIEF

**(Massachusetts Wage and Hour Law, Mass. Gen. Laws Ch. 151 Sections 1A et seq., Brought by the Massachusetts Named Plaintiff on Behalf of Himself and the Massachusetts Class)**

106.     HP repeats and re-alleges each and every response to the allegations set forth in

DEFENDANT HEWLETT-PACKARD COMPANY'S
FIRST AMENDED ANSWER AND COUNTERCLAIM
Case No.:  C13-0119-LHK

paragraphs 1 through 105 and incorporates them by reference, as if set forth fully herein.

107.   HP denies each and every allegation set forth in paragraph 107.

108.   HP states that the characterization of Massachusetts law does not require a response because it constitutes a legal conclusion.  HP denies any allegations that it has violated Massachusetts law and denies the remaining allegations in paragraph 108.

109.   HP states that the characterization of Massachusetts law does not require a response because it constitutes a legal conclusion.  HP denies any allegations that it has violated Massachusetts law and denies the remaining allegations in paragraph 109.

110.   HP denies each and every allegation set forth in paragraph 110.

111.   HP denies each and every allegation set forth in paragraph 111.

112.   HP states that the characterization of Massachusetts laws does not require a response because it constitutes a legal conclusion.  HP denies any allegations that it has violated Massachusetts law and denies the remaining allegations in paragraph 112.

113.   HP denies each and every allegation set forth in paragraph 113.

114.   HP denies each and every allegation set forth in paragraph 114.

115.   HP denies each and every allegation set forth in paragraph 115.

116.   HP lacks sufficient knowledge or information to form a belief as to what relief the Massachusetts Named Plaintiff may, or may not, be seeking; HP denies that Plaintiffs would be entitled to any relief as a result of HP's acts or omissions.  To the extent that there are allegations set forth in paragraph 116, HP denies each and every such allegation.

117.   HP lacks sufficient knowledge or information to form a belief as to what relief the Massachusetts Named Plaintiff may, or may not, be seeking; HP denies that Plaintiffs would be entitled to any relief as a result of HP's acts or omissions.  To the extent that there are allegations set forth in paragraph 117, HP denies each and every such allegation.

118.   HP denies each and every allegation set forth in paragraph 118.

DEFENDANT HEWLETT-PACKARD COMPANY'S
FIRST AMENDED ANSWER AND COUNTERCLAIM
Case No.:  C13-0119-LHK

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

#### (Failure to State a Claim)

1.      Plaintiffs' claims and/or those of the putative class members are barred, in whole or in part, because the FAC fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

#### (No Liability)

2.      Plaintiffs' claims and/or those of the putative class members are barred, in whole or in part, because HP has complied with and performed fully any and all obligations imposed upon it by law, contract or equity, and any obligation owed to Plaintiffs and/or the putative class has been satisfied, released or otherwise discharged.  HP did not commit any wrongful acts as to Plaintiffs and/or the putative class members and, therefore, is not responsible for any damages that they claim.

### THIRD AFFIRMATIVE DEFENSE

#### (Statute of Limitations)

3.      Plaintiffs' claims and/or those of the putative class members are barred in whole or in part by the applicable statutes of limitations, including, but not limited to, California Labor Code § 203; California Civil Procedure Code §§ 337, 338, 339 and 340; California Business and Professions Code § 17208; Maryland Code Annotated Courts and Judicial Proceedings § 5-101; Massachusetts General Laws ch. 149 § 150, ch. 151 § 20A; and 29 U.S.C. § 255.

### FOURTH AFFIRMATIVE DEFENSE

#### (Authorization of Law)

4.      Plaintiffs' claims and/or those of the putative class members are barred because any acts or omissions of HP were at all times legal and authorized by law.

### FIFTH AFFIRMATIVE DEFENSE

#### (Good-Faith Reliance)

5.      Plaintiffs' claims and/or those of the putative class members are barred because HP acted in good-faith conformity with, and reliance on, a written administrative regulation, order,

DEFENDANT HEWLETT-PACKARD COMPANY'S
FIRST AMENDED ANSWER AND COUNTERCLAIM
Case No.:  C13-0119-LHK

ruling, approval, and/or interpretation of the United States Department of Labor and/or the administrative practice or enforcement policy of a federal or California, Maryland, or Massachusetts agency with respect to the purported class of employers to which HP belongs.

## SIXTH AFFIRMATIVE DEFENSE

### (Exemption from State Overtime Provisions)

6.     Plaintiffs' claims and/or those of the putative class members are barred because, at all relevant times, Plaintiffs and/or the putative class members were exempt from the overtime compensation requirements contained in the California Labor Code and in the wage orders of the Industrial Welfare Commission, the Maryland Wage and Hour Law, and the General Laws of Massachusetts.

## SEVENTH AFFIRMATIVE DEFENSE

### (Exemption from Federal Overtime Provisions)

7.     Plaintiffs' claims and/or those of the putative class members are barred because, at all relevant times, Plaintiffs and/or the putative class members were exempt from the overtime compensation requirements contained in the Fair Labor Standards Act and its implementing regulations.

## EIGHTH AFFIRMATIVE DEFENSE

### (Waiver)

8.     Plaintiffs' claims and/or those of the putative class members are barred because Plaintiffs and those they seek to represent have engaged in conduct and activity sufficient to constitute a waiver of any right to assert the claims upon which Plaintiffs and/or the putative class members now seek relief.

## NINTH AFFIRMATIVE DEFENSE

### (Laches)

9.     HP is informed and believes, and on that basis alleges, that Plaintiffs' claims and/or those of the putative class members are barred, in whole or in part, by the doctrine of laches.

DEFENDANT HEWLETT-PACKARD COMPANY'S
FIRST AMENDED ANSWER AND COUNTERCLAIM
Case No.:  C13-0119-LHK

## TENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

10.     HP is informed and believes, and on that basis alleges, that Plaintiffs and/or each member of the putative class have or had unclean hands with respect to the matters alleged in the FAC, and are therefore barred from recovering any relief on the FAC or any purported claim alleged therein.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Estoppel)

11.     HP is informed and believes, and on that basis alleges, that Plaintiffs and/or each putative class member is estopped, by their own actions and conduct, from asserting any claims against HP.

## TWELFTH AFFIRMATIVE DEFENSE

### (Speculative Damages)

12.     Plaintiffs and/or the putative class members cannot recover any of the damages alleged in the FAC because such damages, if any, are too speculative to be recoverable at law.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (No Damages)

13.     HP is informed and believes, and on that basis alleges, that Plaintiffs and/or the putative class members have not suffered any damages as a result of any actions taken by HP, and Plaintiffs and/or the putative class members are thus barred from asserting any claims against HP.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (No Proximate Causation)

14.     Plaintiffs' and/or the putative class members' claims are barred because they have suffered no damages that were proximately caused by, or in fact caused by, any action or conduct of HP.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Non-Certifiable Class – Class Action Requirements Not Met)

15.     Plaintiffs and/or the putative class members cannot satisfy the requirements of Federal Rule of Civil Procedure 23 because individual questions of fact and law predominate over common questions, Plaintiffs' claims are not typical of those belonging to the alleged class members, and among other things, the class is not sufficiently numerous, and/or other class requirements cannot be satisfied.  Accordingly, Plaintiffs and/or the putative class members cannot properly bring this case or any claim alleged as a class action.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Non-Certifiable Class – Collective Action Requirements Not Met)

16.     Plaintiffs and/or the putative class members cannot satisfy the collective action requirements of section 16(b) of the FLSA, 29 U.S.C. § 216(b), because, among other things, the proposed class is not similarly situated.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Putative Members Not Similarly Situated)

17.     The purported "other aggrieved employees" are not similarly situated.  Accordingly, this action may not properly be brought on behalf of the purported "other aggrieved employees" or as a collective action.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Inadequacy of Class Representative)

18.     HP is informed and believes, and based on such information and belief alleges, that Plaintiffs are not proper representatives of the class they purport to represent and, accordingly, this action is not properly brought on behalf of other current and/or former employees.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Lack of Standing)

19.     The FAC, and each purported claim alleged therein, is barred because Plaintiffs and/or the putative class members lack standing to assert the FAC or any purported claim alleged

DEFENDANT HEWLETT-PACKARD COMPANY'S
FIRST AMENDED ANSWER AND COUNTERCLAIM
Case No.:  C13-0119-LHK

therein, based on, but not limited to, the fact that Plaintiffs and any members of the putative class who are former employees lack standing to claim injunctive relief as former employees of HP.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Payment)

20.    Plaintiffs' claims and/or those of the putative class members are barred because Plaintiffs and those they seek to represent have been paid all wages due and owed.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Good-Faith Dispute)

21.    Plaintiffs' claims and/or those of the putative class members are barred, in whole or in part, because any failure to pay wages or provide compliant wage statements, if any, was based on a good-faith dispute regarding the applicable law or facts.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Failure to Pay Not Willful)

22.    HP has not willfully failed to pay Plaintiffs and/or the putative class members any wages due them and thus HP cannot be held liable for willful conduct.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Accord and Satisfaction)

23.    Plaintiffs' claims and/or those of the putative class members are barred by the doctrines of accord and satisfaction.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Lack of Specificity)

24.    Plaintiffs' claim and/or that of the putative class members for unfair business practices in violation of California Business and Professions Code §§ 17200 *et seq.* is barred because the FAC fails to plead specific facts capable of stating a claim for unfair business practices.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Legitimate Business Purpose)

25.    HP alleges that it cannot be liable for any alleged violation of California Business and

DEFENDANT HEWLETT-PACKARD COMPANY'S
FIRST AMENDED ANSWER AND COUNTERCLAIM
Case No.:  C13-0119-LHK

Professions Code §§ 17200 *et seq.* because any such action, conduct and/or dealings with Plaintiffs and/or the putative class members, if any, was lawful, and carried out in good faith and for legitimate business and economic considerations.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (No Predicate Violation of Law)

26.     Plaintiffs and/or the putative class members cannot establish a predicate violation of law by HP sufficient to maintain a claim pursuant to Business and Professions Code §§ 17200 *et seq.*

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (No Proper Representative Claim)

27.     Plaintiffs' and/or the putative class members' Business and Professions Code §§ 17200 *et seq.* claim is not appropriate for resolution on a representative basis.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (No Availability of Damages)

28.     Pursuant to the Business and Professions Code §§ 17200 *et seq.*, Plaintiffs and/or the putative class members are not entitled to an award of damages.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Plaintiffs Not Aggrieved)

29.     Neither Plaintiffs nor the putative class members are "aggrieved employees" as defined under the Labor Code Private Attorneys General Act of 2004 ("PAGA") and/or California Business & Professions Code §§ 17200 *et seq.*; therefore, Plaintiffs and/or the putative class members lack standing to pursue some or all of the claims stated in the FAC.

### THIRTIETH AFFIRMATIVE DEFENSE

### (Lack of Irreparable Injury)

30.     Plaintiffs and/or the putative class members are not entitled to injunctive relief because they will not suffer any irreparable injury if injunctive relief is denied.

DEFENDANT HEWLETT-PACKARD COMPANY'S
FIRST AMENDED ANSWER AND COUNTERCLAIM
Case No.:  C13-0119-LHK

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (No Losses/Unjust Enrichment)

31.     Plaintiffs and/or the putative class members have not suffered any losses and HP has not been unjustly enriched as a result of any action or inaction of HP or its agents.  Plaintiffs and/or the putative class members are therefore not entitled to any disgorgement or restitution.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

### (After-Acquired Evidence)

32.     In the event that HP discovers any after-acquired evidence, Plaintiffs' and/or the putative class members' claims against HP and/or the relief sought by Plaintiffs and/or the putative class members against HP would be barred by the doctrine of after-acquired evidence.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

33.     Plaintiffs' claims and/or those of the putative class members are barred, in whole or in part, under the doctrine of avoidable consequences and duty to mitigate damages.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

### (Misrepresentation)

34.     HP is informed and believes, and on that basis alleges, that Plaintiffs' claims and/or those of the putative class members are barred, in whole or in part, by misrepresentations made by Plaintiffs and/or the putative class members.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

### (Unjust, Arbitrary, Oppressive and/or Confiscatory Penalties)

35.     Plaintiffs' and/or the putative class members' request for penalties under PAGA would result in an award that is unjust, arbitrary and oppressive, and/or confiscatory.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

### (Civil Penalties Unconstitutional – Due Process)

36.     The penalties sought by Plaintiffs and/or the putative class members violate the Due Process Clauses of the United States and California Constitutions.

DEFENDANT HEWLETT-PACKARD COMPANY'S
FIRST AMENDED ANSWER AND COUNTERCLAIM
Case No.:  C13-0119-LHK

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

**(Civil Penalties Unconstitutional – Excessive Fines)**

37.     The penalties sought by Plaintiffs and/or the putative class members violate the Excessive Fines Clauses of the United States and California Constitutions.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

**(Defective Administrative Exhaustion)**

38.     Plaintiffs' and/or the putative class members' claims for relief are barred because they failed to exhaust administrative procedures and/or remedies including, but not limited to, those required by PAGA, Cal. Lab. Code § 2698, *et seq.*, and Massachusetts General Laws ch. 149 § 150.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

**(Attorneys' Fees)**

39.     As a consequence of Plaintiffs' and/or the putative class members' bringing or maintaining this action, HP has been required to retain attorneys to defend itself, and HP is entitled to recover its attorneys' fees incurred herein pursuant to California Labor Code § 218.5 and California Civil Procedure Code § 128.7.

### FORTIETH AFFIRMATIVE DEFENSE

**(Adequacy of Remedy at Law)**

40.     Plaintiffs' claims and/or those of the putative class for equitable relief fail because Plaintiffs and/or the putative class may pursue adequate legal remedies.

### FORTY-FIRST AFFIRMATIVE DEFENSE

**(Set-Off/Offset/Recoupment)**

41.     Some or all of the purported claims in the FAC are subject to setoff, offset and/or recoupment, including, but not limited to, sums previously paid by HP and damages to which HP may be entitled under California Labor Code § 2865.

### FORTY-SECOND AFFIRMATIVE DEFENSE

**(Res Judicata)**

42.     Plaintiffs' claims and/or those of the putative class members are barred, in whole or

in part, by the doctrines of *res judicata*, judicial estoppel and/or collateral estoppel.

## FORTY-THIRD AFFIRMATIVE DEFENSE

### (Consent)

43.     Plaintiffs' claims and/or those of the putative class members are barred, in whole or in part, by the doctrine of consent.

## FORTY-FOURTH AFFIRMATIVE DEFENSE

### (Good-Faith Action or Omission)

44.     Neither Plaintiffs nor any putative class member is entitled to liquidated damages because any alleged act or omission by HP was in good faith and HP had reasonable grounds for believing that its acts or omissions, if any, were not a violation of any applicable law.

## FORTY-FIFTH AFFIRMATIVE DEFENSE

### (Lack of Willfulness)

45.     Neither Plaintiffs nor any putative class member is entitled to liquidated damages because HP's alleged acts or omissions, if any, were not willful within the meaning of applicable law.

## FORTY-SIXTH AFFIRMATIVE DEFENSE

### (Authorization and Provision of Meal and Rest Periods)

46.     Plaintiffs' claims and/or those of the putative class members cannot be maintained against HP because HP had and continues to have a policy of authorizing and providing meal and rest periods as required by Wage Order(s) of the California Industrial Welfare Commission and/or under applicable California law.

## PRAYER FOR RELIEF

WHEREFORE, HP prays for relief as follows:

1.     That Plaintiffs and/or the putative class members take nothing by way of the FAC;

2.     That Plaintiffs' and/or the putative class members' FAC be dismissed with prejudice and that judgment be entered against Plaintiffs and/or the putative class members and in favor of HP on each and every alleged claim;

DEFENDANT HEWLETT-PACKARD COMPANY'S
FIRST AMENDED ANSWER AND COUNTERCLAIM
Case No.:  C13-0119-LHK

3.     For costs of suit, including attorneys' fees, incurred herein; and

4.     For such other and further relief as the Court deems just and proper.

### DEMAND FOR JURY TRIAL

Defendant Hewlett-Packard Company hereby demands trial by jury pursuant to Rule 38(b) of the Federal Rules of Civil Procedure of all issues triable to a jury.

### COUNTERCLAIMS

### PARTIES

1.     Counter-Plaintiff HP ("Counter-Plaintiff" or "HP") is a corporation organized and existing under the laws of Delaware with offices in Palo Alto, California.

2.     Counter-Defendant Eric Benedict ("Counter-Defendant" or "Benedict") is an individual and, upon information and belief, is a resident of Manteca, California, and a former employee of HP at HP's Cupertino, California facility in Santa Clara County where he worked as a Technical Solutions Consultant III ("TSC").

### VENUE AND JURISDICTION

3.     This Court has supplemental jurisdiction over the state law claims asserted in this counterclaim under 28 U.S.C. § 1367 because the state claims arise from a common nucleus of operative facts with the federal claims at issue in the above-captioned case.

4.     This Court has personal jurisdiction over Counter-Defendant because he has subjected himself to personal jurisdiction by filing a complaint against HP in this District, and because Counter-Defendant lives in California and many of the acts complained of that give rise to the claims and harm alleged occurred in California and in this District.

5.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred in this District.

6.     Intradistrict assignment: Pursuant to N.D. Cal. Local Rule 3-2, intradistrict assignment to the San Jose Division is proper because a substantial part of the events that give rise to the claims asserted occurred in Santa Clara County.

DEFENDANT HEWLETT-PACKARD COMPANY'S
FIRST AMENDED ANSWER AND COUNTERCLAIM
Case No.:  C13-0119-LHK

## NATURE OF ACTION

7.     Prior to his resignation of employment with HP and without HP's authorization or knowledge and in explicit violation of policies and agreements that Benedict signed, Benedict secretly created a duplicate image of his work-issued computer's hard drive (the "Imaged Drive"), which he secretly converted and retained after his employment with HP ended. Benedict thereafter disseminated or otherwise made available to others, including at a minimum his counsel in this litigation and a third-party vendor, the Imaged Drive. Given the nature of Benedict's work in his position as a Technical Solutions Consultant ("TSC"), HP believes that the Imaged Drive contains, among other things, HP's confidential and proprietary information as outlined in the factual allegations below.

8.     Benedict's counsel has conceded that the Imaged Drive contains HP documents (hereafter "HP Property"). Despite HP's best efforts to obtain the return of its property, Benedict has refused, thus necessitating the present Counterclaim seeking damages under California law prohibiting conversion and breach of contract, and upon information and belief, the misappropriation of HP trade secrets, as well as the attendant request for injunctive relief.

## FACTUAL ALLEGATIONS

9.     HP is a diverse, worldwide technology company that is a leading developer of an advanced variety of hardware, software, and services. HP designs, develops, and markets high-performance software products, including HP's Enterprise Security products, for a wide variety of clients, including corporations, consumers, businesses, government agencies, the military, and educational and financial institutions.

10.     Through extensive investment of time and resources over several years and innovation, HP has developed non-public, commercially valuable, confidential, and proprietary technology and trade secret information in connection with its Enterprise Security products (hereafter, "Confidential Information").

11.     As a TSC, Counter-Defendant had access to such Confidential Information on HP products including product information that contains the "blueprints" for product technology and

which is not provided to customers; unique customer information such as the customer's customized

computer network environment and individualized and proprietary solutions that HP has created for

the customer; customer contracts including confidential details on services provided and financial

information; copies of HP software, and software keys, among other things of a highly sensitive and

proprietary nature.  HP's Enterprise Security products represent cutting-edge technology and leading

advancements for security management, as demonstrated by HP's sophisticated clients who rely on

HP Enterprise Security software, including the federal government and the military, as well as large

corporations seeking to safeguard their trade secrets and confidential consumer data for which they

may have stringent legal obligations to protect.

       12.     Because of the highly competitive nature of HP's business, and because HP needs to

maintain its competitive position through the protection of its Confidential Information, HP takes

reasonable steps to ensure that its Confidential Information remains secret.  HP maintains policies

that address how to preserve its Confidential Information in the strictest confidence and prevent

disclosure of such materials outside the company.  HP employees agree to certain confidentiality

agreements and internal company policies to ensure the confidentiality and integrity of HP's

Confidential Information.  Access to HP computer systems, including the computer that Benedict

used and secretly imaged, are safeguarded and limited to authorized personnel through a password-

protection regime.  External attempts to breach HP's systems are monitored by an internal team

focused on cybersecurity.

**Counter-Defendant's Hire and Execution of Confidentiality Agreements**

       13.     On or about March 22, 2011, HP offered Counter-Defendant a position as a TSC.

Upon information and belief, Counter-Defendant secretly held employment with another company

during his employment with HP.  Upon further information and belief, this company produces goods

and/or services that are competitive with HP and/or for whom HP's property would provide a

competitive advantage.

       14.     Counter-Defendant's offer letter from HP states, among other things, "If you accept

this offer, you will be subject to the Company's Standards of Business Conduct ("SBC") and

1   relevant policies.  Adherence to the SBC and related policies, including subsequent changes, is

2   required of all employees."

3       15.     Counter-Defendant accepted the position on or about March 22, 2011 by affirming

4   that he accepted and agreed to HP's conditions, stating: "By this email, I accept the Company's

5   conditional offer of employment.  I have read, understood and agree to the terms and conditions of

6   the Company's Agreements (Confidential Information and Proprietary Developments and Letter of

7   Assurance).  Please find attached a copy of my offer and my executed Agreements (as mentioned

8   above).  I have read the Standards of Business Conduct and acknowledge my responsibility to

9   comply with these policies following the commencement of my employment."   Each of those

10  documents contains express provisions designed to safeguard the confidentiality of HP's

11  Confidential Information and ensure appropriate use of its work-issued computers, including the

12  following:

13      •   The Confidential Information and Proprietary Developments agreement

14          ("Confidentiality Agreement") provides, in Section six that: "I will not remove any

15          HP property from HP premises without HP's permission.  Upon termination of my

16          employment with HP, I will return all HP property to HP unless HP's written

17          permission to keep it is obtained."

18      •   The Code of Business Conduct and Ethics provides, in part, that: "We protect

19          sensitive information: Use and disclose HP, customer, business partner, and supplier

20          sensitive information only for valid business purposes.  Properly label sensitive

21          information to indicate how it should be handled, distributed, and destroyed. Share

22          sensitive information outside HP only with authorized parties who have signed a

23          confidential disclosure agreement."

24      •   HP maintains a written policy regarding the inspection of HP computers and property

25          and waiver of personal privacy: "Inspection.  HP-supplied communication and

26          computer systems and all messages and information created, transmitted, received,

27          stored or displayed on such systems are company property and are not personal or

28

DEFENDANT HEWLETT-PACKARD COMPANY'S
FIRST AMENDED ANSWER AND COUNTERCLAIM
Case No.:  C13-0119-LHK

private in any way.  Subject to applicable law, HP may access and inspect all HP resources that you may use for personal activity, including HP computers, servers and systems, telephones, voicemail systems, desks, lockers, cabinets, vehicles and other equipment belonging to HP.  You should not have any expectation of personal privacy in any messages or records created or transmitted by HP systems, including electronic documents, email and voicemail, regardless of whether you have personal passwords or filing systems.  For reasons related to safety, supervision, security and other concerns, HP may inspect persons and property on HP premises at any time and without notice, subject to applicable law."

- In addition, every time Counter-Defendant logged into his work-issued computer, he was informed by the login screen that: "This computing system is a company owned asset and provided for the exclusive use of authorized personnel for business purposes.  All information and data created, accessed, processed, or stored using this system (including personal information) are subject to monitoring, auditing, or review to the extent permitted by applicable law. Unauthorized use or abuse of this system may lead to corrective action including termination of employment, civil and/or criminal penalties."

**Counter-Defendant's Conversion of HP Property, Misappropriation of HP's Confidential Information, and Breach of the Confidentiality Agreements**

16.     On February 21, 2012, Counter-Defendant submitted his resignation, effective immediately.  Counter-Defendant indicated through a letter of resignation that he was leaving HP to work for another company.  Upon information and belief, this company produces goods and/or services that are competitive with HP and/or for whom HP's Property would provide a competitive advantage.  On the same day, Counter-Defendant turned in his HP work computer to his manager.

17.     Also on or about February 21, 2012, Counter-Defendant created the Imaged Drive, which contains a substantial amount of data (approximately 220 GB).  Counter-Defendant has admitted through counsel that the Imaged Drive contains HP Property as stated in his counsel's May

DEFENDANT HEWLETT-PACKARD COMPANY'S
FIRST AMENDED ANSWER AND COUNTERCLAIM
Case No.:  C13-0119-LHK

3, 2013 letter: "Upon leaving HP's employ, Mr. Benedict retained an image (i.e., a complete copy) of the hard drive of his HP-issued laptop.  He did so because that hard drive contained his personal and work documents comingled together.  The drive image contains approximately 220 GB of data."

18.     The files copied by Counter-Defendant are HP Property that contain, upon information and belief, HP Confidential Information.  For example, one of the files that Counter-Defendant produced to HP ("BEN00050") is labeled as "HP Restricted" on each page. This document includes sensitive HP business and technical confidential and proprietary information, including but not limited to Enterprise priorities, marketing strategies, cutting-edge software and solutions strategies including amounts spent on research and development, and specific information on key client contracts including client names, dollar amounts and services included.  Based on this document and HP's knowledge of the other documents that Counter-Defendant had access to while employed at HP, HP believes that Counter-Defendant possesses a significant amount of HP Confidential Information.

19.     Counter-Defendant was not authorized to remove, copy, or retain HP Property by creating the Imaged Drive, and Counter-Defendant's actions in creating the Imaged Drive were a direct violation of the HP confidentiality and nondisclosure policies to which Counter-Defendant had agreed.

20.     In addition, upon information and belief, Counter-Defendant removed and retained HP manager-only Confidential Information that he was not authorized to access during his employment with HP.  Counter-Defendant was not authorized to remove, copy, or retain manager-only Confidential Information.

21.     Counter-Defendant did not have the right to create the Imaged Drive in order to retrieve his personal information, or to retain HP Property because he comingled his personal information with HP Property.  Rather, as HP policy states, "This computing system is a company owned asset and provided for the exclusive use of authorized personnel for business purposes."

### HP's Discovery of Counter-Defendant's Conversion and Misappropriation and Demand for the Return of HP Property

22.     On April 17, 2013, Counter-Defendant produced to HP five confidential and

proprietary HP documents as part of his initial disclosures.  That same day, HP immediately asked Counter-Defendant's counsel to return HP Property in Counter-Defendant's possession.  Thereafter, HP sent a letter to Counter-Defendant on April 22, 2013, again requesting the immediate return of HP Property within three days of the date of the letter, and instructing Counter-Defendant that "no further review or dissemination of HP Property" was to take place.

23.    Shortly after sending the letter, HP's counsel called Counter-Defendant's counsel to further reiterate the need for immediate return of HP Property.

24.    Through his attorney, Counter-Defendant admitted on May 3, 2013, to creating the Imaged Drive, making a copy of the Imaged Drive for his attorneys, and retaining a personal copy of the Imaged Drive to this day.   As of the present, Counter-Defendant has admitted that he still has HP files in his possession, yet refuses to acknowledge any wrongdoing or immediately return HP Property.

25.    On May 3, 2013, HP again demanded the immediate return of HP Property, including the Imaged Drive and any copies made thereof.

26.    On May 7, 2013, HP's counsel spoke with Counter-Defendant's counsel by telephone regarding the return of HP Property, and followed up with a letter to Counter-Defendant's counsel.

27.    On May 8, 2013, HP's counsel again spoke with Counter-Defendant's counsel by telephone, requesting return of HP Property and suggesting a methodology for returning it.  To date, Counter-Defendant has not returned HP Property.

**HP Faces Imminent Harm from Counter-Defendant's Disclosure of Confidential Information**

28.    As alleged above, Counter-Defendant has improperly created the Imaged Drive, in violation of HP's confidentiality and nondisclosure policies.

29.    Counter-Defendant's actions in: 1) taking HP Property and Confidential Information in violation of his express Confidentiality Agreement with HP, 2) disclosing HP Property to his lawyers, who do not represent HP or have the right to review this information as well as a third party, and 3) continuing his possession of HP Property and refusal to meet HP's demands for immediate return, have rendered his statements that he has not and/or will not share HP Confidential

DEFENDANT HEWLETT-PACKARD COMPANY'S
FIRST AMENDED ANSWER AND COUNTERCLAIM
Case No.:  C13-0119-LHK

Information with a competitor untrustworthy.

30.     Counter-Defendant's current possession of HP Property and employment by another company that, upon information and belief, produces goods and/or services that are competitive with HP and/or for whom HP's Property would provide a competitive advantage, creates a great and imminent risk of improper disclosure by Counter-Defendant of any Confidential Information he has retained.

31.     Based on Counter-Defendant's pattern of broken agreements and refusal to timely return HP Property in response to HP's repeated requests, as well as his denial through his counsel of any wrongdoing in the face of HP's repeated citation to his Confidentiality Agreement, HP has no confidence that Counter-Defendant has or will cooperate with HP's request for Counter-Defendant to return all Confidential Information.

32.     On that basis, HP is informed and believes that Counter-Defendant has systematically planned to misappropriate Confidential Information so that he could use it for his own personal benefit and/or make it available to his current employer, which upon information and belief, is a company that produces goods and/or services that are competitive with HP and/or for whom HP's Property would provide a competitive advantage.

33.     Counter-Defendant's actual or imminent disclosure of Confidential Information to a competitor would cause grave and irreparable harm to HP.  HP's technology provides HP with a substantial competitive advantage over its competitors.  Purchasing and developing the technology involved a substantial investment of company resources by HP, and by providing such Confidential Information to HP's competitors, Counter-Defendant could harm HP's competitive position in a way that would adversely affect its business.

## FIRST COUNTERCLAIM

### (Misappropriation of Trade Secrets, Cal. Civil Code § 3426 *et seq.*)

34.     HP realleges and incorporates by reference paragraphs 1 through 33 as if fully set forth herein.

35.     Counter-Defendant had access to, and on information and belief stole Confidential

DEFENDANT HEWLETT-PACKARD COMPANY'S
FIRST AMENDED ANSWER AND COUNTERCLAIM
Case No.:  C13-0119-LHK

Information from HP containing: HP product information that contains the "blueprints" for product technology and which is not provided to customers; unique customer information such as the customer's customized computer network environment and individualized and proprietary solutions that HP has created for the customer; customer contracts including confidential details on services provided and financial information; copies of HP software, and software keys, among other things of a highly sensitive and proprietary nature.  HP is the owner of the Confidential Information described above.  This technology provides HP with an advantage over its existing and would-be competitors.

36.     Such Confidential Information is secret and derives independent economic value from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use.  HP has made reasonable efforts under the circumstances to preserve the confidentiality of the Confidential Information, including requiring Counter-Defendant, as a condition of his employment, to agree to several HP confidentiality and nondisclosure policies to maintain the confidentiality and secrecy of the Confidential Information.   Thus, the information constitutes "trade secrets" within the meaning of California Civil Code § 3426.1.

37.     As a current and former employee of HP, Counter-Defendant was and is under a duty to keep the Confidential Information secret, and not to use or disclose such information other than for the benefit of HP and with HP's authorization.

38.     Counter-Defendant improperly acquired Confidential Information by removing that Confidential Information from HP's premises, in breach of his obligations under HP's confidentiality and nondisclosure policies.

39.     On information and belief, there exists a grave risk that Counter-Defendant has disclosed or will imminently disclose Confidential Information to his current employer.

40.     In improperly acquiring Confidential Information, Counter-Defendant's misappropriation of that Confidential Information has caused, or will imminently cause, nominal or actual damages to HP in an amount to be proven at trial.

41.     On information and belief, Counter-Defendant was unjustly enriched, in an amount to be ascertained at trial, by misappropriating Confidential Information.

DEFENDANT HEWLETT-PACKARD COMPANY'S
FIRST AMENDED ANSWER AND COUNTERCLAIM
Case No.:  C13-0119-LHK

42.     Counter-Defendant's misappropriation of Confidential Information entitles HP to reasonable royalties in an amount to be determined at trial.

43.     Counter-Defendant's wrongful conduct in misappropriating Confidential Information, unless and until enjoined and restrained by order of this Court, has caused and will cause great and irreparable harm to HP.  HP is threatened with losing its intellectual property as well as current and potential business.

44.     HP has no adequate remedy at law for the injuries currently being suffered, and the additional injuries that are threatened, because it would be impossible to quantify in dollars the losses described above when this matter is finally adjudicated, and Counter-Defendant will continue to engage in his wrongful conduct and HP will continue to suffer irreparable injury that cannot be adequately remedied at law unless Counter-Defendant is enjoined from engaging in any further such acts.

45.     Counter-Defendant's acts of misappropriation were done willfully and maliciously, thereby entitling HP to exemplary damages and/or attorneys' fees to be proved at trial.

## SECOND COUNTERCLAIM

### (Breach of Written Contract)

46.     HP realleges and incorporates by reference paragraphs 1 through 45 as if fully set forth herein.

47.     The confidentiality and nondisclosure agreements entered into between HP and Counter-Defendant, described more fully above, constitute valid and binding written promises and contracts.

48.     HP has performed (or was excused from performing) all of its obligations under such agreements.

49.     Counter-Defendant has unjustifiably and inexcusably breached his obligations under the agreements as described above by misappropriating Confidential Information.

50.     On information and belief, Counter-Defendant has also unjustifiably and inexcusably breached his obligations under the agreements as described above by not returning all improperly

31

acquired Confidential Information to HP upon leaving HP's employment and upon HP's demand.

51.     As a proximate result of Counter-Defendant's breach of contract, HP has suffered, and will continue to suffer, general and special damages in an amount to be proved at trial.

52.     HP has no adequate remedy at law for the injuries currently being suffered, and the additional injuries that are threatened, because it would be impossible to quantify in dollars the loss sustained pending final adjudication of this matter.

53.     HP will suffer irreparable injury if Counter-Defendant is not enjoined from breaching the agreements, for which pecuniary compensation would not afford HP adequate relief.

## THIRD COUNTERCLAIM

### (Conversion of Non-Trade Secret Information)

54.     HP realleges and incorporates by reference paragraphs 1 through 53 as if fully set forth herein.

55.     At all times herein mentioned, HP had a right of ownership and possession, custody and control of HP Property.  Furthermore, at all times herein mentioned HP was, and still is, the owner of such property.  HP's entitlement to the ownership, possession, custody and control of its property, at all times herein mentioned was, and still is, an exclusive right, excluding Counter-Defendant, all other persons, beings and entities.

56.     HP is informed and believes, and thereon avers, that Counter-Defendant during his employment with HP and afterwards, willfully acted to convert HP Property for his own use and benefit and to the detriment of HP.  Such conversion deprived HP of its exclusive and rightful ownership, custody and control, as well as deprived HP of its enjoyment of the fruits of the labor and investments made by HP in HP Property.

57.     As a proximate result of Counter-Defendant's willful action, HP has lost, and will continue to lose, the exclusive right to possess, control, and alienate HP Property to its benefit, causing damage to HP in an amount to be determined according to proof at trial.

58.      Counter-Defendant's averred acts were willful, wanton, malicious, and oppressive, were taken with the intent to defraud, and justify the awarding of exemplary and punitive damages.

59.     HP further seeks attorney's fees, pre-judgment interest, costs and any other nominal, compensatory and consequential damages to be determined at trial.

**PRAYER FOR RELIEF**

WHEREFORE, HP prays for the following relief:

A.     On the First Counterclaim:

1.     Order exemplary damages of twice the amount awarded as general damages for Counter-Defendant's willful trade secret misappropriation; and

2.     Order Counter-Defendant to pay to HP its attorneys' fees incurred in this action, and all other costs of the action.

B.     On the First and Second Counterclaim:

1.     Temporarily, preliminarily, and permanently enjoin Counter-Defendant and all persons or entities acting in concert with Counter-Defendant, from directly or indirectly:

a.     Obtaining, accessing, retrieving, using, copying, transmitting, or disclosing, or causing or permitting anyone else to obtain, access, retrieve, use, copy, transmit, or disclose, any HP Confidential Information that is currently in Counter-Defendant's possession, custody, or control;

b.     Deleting, destroying, shredding, altering, erasing, or otherwise modifying, or causing or permitting anyone else to delete, destroy, shred, alter, erase, or otherwise modify, any Confidential Information, any data storage device containing Confidential Information, or any other evidence relating to this action;

c.     Reconstituting or recreating any Confidential Information that Counter-Defendant developed, designed, or had access to during his employment with HP; and

d.     Engaging in any activities related to the planning, design or development of security software that in any way involves the use or disclosure of Confidential Information.

2.     Order disclosure and return to HP of all misappropriated materials;

3.     Order Counter-Defendant to pay to HP nominal or compensatory damages,

33

lost profits, restitution, and royalties according to proof;

       C.      On the Third Counterclaim:

             1.      Order Counter-Defendant to immediately return to HP all of HP's property converted by Counter-Defendant;

             2.      Order Counter-Defendant to pay to HP the highest market value of the property converted by Counter-Defendant as measured within a reasonable time from the date of Counter-Defendant's conversion as well as interest computed from the time such value was estimated, unless such remedy would be manifestly unjust, in which case order Counter-Defendant to pay to HP an amount sufficient to indemnify HP for the loss which was the natural, reasonable, and proximate result of Counter-Defendant's wrongful act;

             3.      Order Counter-Defendant to pay to HP fair compensation for the time and expense HP has expended pursuing its property as converted by Counter-Defendant;

             4.      Order Counter-Defendant to pay to HP punitive damages for Counter-Defendant's malicious, oppressive, and fraudulent conversion of HP's property; and

             5.      Order Counter-Defendant to pay to HP the reasonable value of the use of HP's property lost to HP for the period of time during which HP's property was in Counter-Defendant's possession;

       D.      On the First, Second and Third Counterclaims:

             1.      Enter judgment in favor of HP and against Counter-Defendant on all Claims for Relief;

             2.      Order Counter-Defendant to account for and pay to HP all gains, profits, and savings derived from his illegal conduct;

             3.      Order Counter-Defendant to pay to HP the damages sustained by HP as a result of Counter-Defendant's unlawful acts, as well as royalties;

             4.      Order Counter-Defendant to pay to HP punitive damages for all claims for relief for which such damages are authorized;

             5.      Order prejudgment and post judgment interest at the maximum legal rate, as

DEFENDANT HEWLETT-PACKARD COMPANY'S
FIRST AMENDED ANSWER AND COUNTERCLAIM
Case No.:  C13-0119-LHK

provided by the laws of California, as applicable, as an element of damages which HP has suffered as a result of the wrongful and illegal acts of Counter-Defendant;

6.    Order Counter-Defendant to pay to HP restitution and/or repayment for all claims for relief for which restitution is authorized;

7.    Order disgorgement of all improper benefits, profits, and/or gains; and

8.    Order such other relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

HP hereby demands a jury trial on all counterclaims with respect to which it has a right to a jury trial.

Dated: June 14, 2013                    SIDLEY AUSTIN LLP


By:_____/s/ Max C. Fischer_____
Max C. Fischer
mfischer@sidley.com
SIDLEY AUSTIN LLP
555 West Fifth Street, Suite 4000
Los Angeles, California 90013-1010
Telephone: (213) 896-6000
Facsimile: (213) 896-6600

Attorney for Defendant, Hewlett-Packard Company

DEFENDANT HEWLETT-PACKARD COMPANY'S
FIRST AMENDED ANSWER AND COUNTERCLAIM
Case No.: C13-0119-LHK