UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ERIC BENEDICT, RICHARD BOWDERS, and KILRICANOS VIEIRA, on behalf of themselves and classes of those similarly situated,<br><br>    Plaintiffs,<br>v.<br><br>HEWLETT-PACKARD COMPANY,<br><br>    Defendant. | Case No.: 13-CV-0119-LHK<br><br>ORDER RE: PLAINTIFFS' MOTION FOR ENFORCEMENT OF COURT ORDER REQUIRING PRODUCTION OF CLASS LIST |

Before the Court is Plaintiffs' Motion for Enforcement of Court Order Requiring Production of Class List, ECF No. 67 ("Motion"). The Motion seeks to enforce the Court's order that HP produce "contact information" for three job titles: technical solutions consultants, field technical support consultants, and technology consultants." *See* Mot. at 2 (citing Declaration of Jahan C. Sagafi, Ex. A (CMC Hrg. Tr. at 43:10-45:19)). Specifically, at the May 29, 2013 case management conference, and as memorialized by the May 30, 2013 Case Management Order, the Court ordered Defendant to produce a list of all individuals who have worked for HP in the following three job titles -- Technical Solutions Consultants, Field Technical Support Consultants, and Technology Consultants -- while classified as exempt during the period beginning (a) four years before the filing of the initial Complaint in California (January 10, 2009 through the present)

1

or (b) three years before the filing of the initial Complaint in the United States (January 10, 2010 through the present) (the "Class List").

Defendant filed an Opposition to Plaintiffs' Motion on June 17, 2013, conceding that "production of contact information for the Alleged Relevant Job Families should proceed." Opposition to Plaintiffs' Motion for Enforcement of Court Order Requiring Production of Class List; Request for Order Adopting Protocol for Production of Class Contact Information, ECF No. 78-1 ("Opposition"),[1] at 9 (emphasis in original). However, Defendant requests an order adopting its proposed protocol for the production of the identified contact information, and limiting the production of contact information to 10% of what the Court ordered. *See id.* Plaintiffs filed a Reply on June 19, 2013. ECF No. 79. On June 21, 2013, Defendant filed an Administrative Motion for Leave to File a Sur-Reply to Propose a Compromise Protocol for Production of Putative Class Contact Information, ECF No. 80 ("Motion to File Sur-Reply"), and an attached Sur-Reply, ECF No. 81 ("Sur-Reply").[2] On June 25, 2013, the Court requested a Sur-Sur-Reply from Plaintiffs, ECF No. 83, and Plaintiffs responded, ECF No. 84 ("Sur-Sur-Reply").

Pursuant to Civil Local Rule 7–1(b), the Court concludes that the currently pending motions are appropriate for determination without oral argument. Having considered the parties' submissions and the relevant law, the Court hereby GRANTS Plaintiff's Motion. The Class List shall include each individual's name, last known address, job title, and dates in that position. The Court GRANTS Defendant's request to designate the Class List as "Highly Confidential-Attorneys' Eyes Only," and DENIES Defendant's proposed restrictions on the use of the Class List as well as Defendant's proposed opt-out, sampling, and logging protocols.

---

[1] Defendant initially filed its Opposition on June 17 as ECF No. 77. On the same day, Defendant filed a second version of the Opposition that purports to make only formatting changes as ECF No. 78-1. The Court refers to the latter as Defendant's operative Opposition.

[2] The Court has reviewed the Sur-Reply, and does not believe the Sur-Reply brief was warranted by new argument or evidence in Plaintiffs' Reply. However, the Sur-Reply contains statements and admissions helpful to the analysis here. As a result, the Court GRANTS Defendant's request for leave to file the Sur-Reply. However, in the future, the parties are urged not to file additional briefing.

2

Case No.: 13-CV-0119-LHK
ORDER RE: PLAINTIFFS' MOTION FOR ENFORCEMENT OF COURT ORDER REQUIRING PRODUCTION OF CLASS LIST

United States District Court
For the Northern District of California

1. Confidentiality Designation and Use of Class List

Plaintiffs do not oppose Defendant's request for the designation of the Class List as "Highly Confidential – Attorneys' Eyes Only" pursuant to the Stipulated Protective Order, which will require destruction of the Class List upon final disposition of the action. *See* Reply at 1 n.1 (citing Stipulated Protective Order § 13, ECF No. 38). Thus, the Court GRANTS Defendant's request to designate the Class List as "Highly Confidential-Attorneys' Eyes Only."

Defendant further proposes that the contact information should be used only for the purposes of this lawsuit, and that the class list should not be distributed to any other person or entity. Opp'n at 15. The Court finds that the Protective Order sufficiently addresses these concerns.[3] Thus the Court DENIES Defendant's request as moot.

2. Opt-Out Protocol

Despite the protections listed above, Defendant seeks to impose a protocol by which employees can opt out of having their names, addresses, job titles, and employment dates disclosed to Plaintiffs' attorneys. Plaintiffs vigorously oppose such a protocol, emphasizing the undue delay of such a requirement and the non-invasive nature of the information that they have requested.

The Court recognizes that some courts have held that an opt-out procedure is required to adequately protect the privacy interests of putative class members, *see Pioneer Electronics (USA), Inc. v. Superior Court,* 40 Cal. 4th 360, 370–371 (2007); *Belaire-West Landscape, Inc. v. Superior Court,* 149 Cal. App. 4th 554, 561 (2007). However, "[n]umerous courts in the Northern District of California have allowed pre-certification discovery of putative class members' confidential information subject to a protective order, without requiring prior notice to the putative class members." *Holman v. Experian Info Solutions, Inc.*, No. C 11-0180 CW, 2012 U.S. Dist. LEXIS 59401, at *48 (N.D. Cal. Apr. 27, 2012). *See also Currie-White v. Blockbuster, Inc.,* No. C 09–2593 MMC (MEJ), 2010 WL 1526314, at *4 (N.D. Cal. April 15, 2010) (holding that a protective

---

[3] *See* Stipulated Protective Order § 7.1 ("A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting bilaterally or through a mediator to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order."); § 7.4 (limiting scope of disclosure of Highly Confidential-Attorneys' Eyes Only" information).

order is sufficient to address the privacy issues regarding employer's disclosure of employees' contact information in pre-certification discovery); *Artis v. Deere & Co.,* No. 10–5289 WHA (MEJ), 276 F.R.D. 348, 2011 WL 2580621, at *4–5 (N.D. Cal. June 29, 2011) (holding that Plaintiffs had a right to discovery of putative class members' contact information with a protective order in place); *Bottoni v. Sallie Mae, Inc.*, No. 10-03602 LB, 2012 WL 8304347 (N.D. Cal. June 1, 2012) (recognizing that "ordinarily, protective orders are enough," absent "special privacy concerns"); *Putnam v. Eli Lilly & Co.*, 508 F. Supp. 2d 812, 814 (C.D. Cal. 2007) (recognizing that, in a similar situation, " a protective order can strike the appropriate balance between the need for information and privacy concerns."). Ultimately, "a court maintains wide latitude in deciding whether contact information of putative class members should be produced prior to class certification and, if so, whether the employees are entitled to be notified before their contact information is shared with opposing counsel." *York v. Starbucks Corp.*, No. 08-7919-GAF (PJWx), 2009 U.S. Dist. LEXIS 92274, at *3 (C.D. Cal. June 20, 2009).

In this case, the Court is not persuaded that disclosing the requested information of putative class members as "Highly Confidential-Attorneys' Eyes Only" "constitutes such a serious invasion of privacy that an opt-out notice is required." *Willner v. Manpower, Inc.*, No. 11-2846 JST (MEJ), 2013 U.S. Dist. LEXIS 43821, at *6-7 (N.D. Cal. March 27, 2013) (holding that opt-out procedure was unnecessary for disclosure of names and addresses of putative class members, but would be required if phone numbers were requested). Specifically the Court finds that such disclosure does not conflict with HP's Global Master Privacy Policy, which effectively puts employees on notice that their personal information may be transferred to third parties under certain conditions. *See* Declaration of Wendy M. Lazerson, ECF No. 75, Ex. J ("HP does not transfer personal information provided by [current and former employees] to third parties unless those third parties promise to give the data the equivalent level of protection that HP provides.").

However, recognizing the Defendant's privacy concerns, the Court further ORDERS Plaintiff's counsel to "inform each potential putative class member contacted by Plaintiff that he or she has a right not to talk to counsel and that, if he or she elects not to talk to counsel, Plaintiff's

4

counsel will terminate the contact and not contact them again." *See Khalilpour v. CELLCO P'ship*, No. 09-02712-CW (MEJ), 2010 WL 1267749 (N.D. Cal. Apr. 1, 2010). *See also Feske v. MHC Thousand Trails Ltd. P'ship*, No. 11-4124-PSG, 2012 WL 1123587 (N.D. Cal. Apr. 3, 2012) ("Plaintiffs' counsel shall inform each putative class member contacted by Plaintiffs that he or she has a right not to talk to counsel and that, if he or she elects not to talk to counsel, Plaintiffs' counsel will terminate the contact and not contact them again").

Additionally, pursuant to Defendant's suggestion in its Sur-Reply, the Court ORDERS that the initial communication by Plaintiffs with prospective class members must make clear that HP was compelled to disclose its employees' information by Court order, and communicate the highly confidential nature of this disclosure. Sur-Reply at 3.

Finally Defendant requests that any communication by Plaintiffs "should be fair and accurate." Sur-Reply at 3. Plaintiffs' counsel are officers of the Court, and the Court has no reason to believe that Plaintiffs' counsel will not fulfill their ethical duties. Furthermore, the Court notes that misleading, intimidating, or coercive communications are prohibited by *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 99-100 (1981), and its progeny, without the need for an order from this Court. *See Villa v. United Site Servs. of California, Inc.*, 5:12-CV-00318-LHK, 2012 WL 5503550 (N.D. Cal. Nov. 13, 2012). Thus, the Court DENIES Defendant's request as moot.

The Court finds the protections above are sufficient to protect this limited disclosure of the requested information.

3. Sampling Protocol

Defendant estimates that the number of putative class members in the three job categories at issue exceeds 20,000. Opp'n at 13. Rather than producing this information as already ordered by the Court, Defendant's Opposition proposed a "sampling protocol," by which it would produce only 10% of the information ordered to be produced by the Court.[4] The Court finds that a

---

[4] As noted by Defendant, some courts have ordered a sampling of contact information, especially when requested by Plaintiffs, *see, e.g.*, *Murphy v. Target Corp.*, No. 09-1436-AJB (WMC), 2011 WL 2413439 (S.D. Cal. June 14, 2011), or where defendant has made a showing of burden in producing the full list, *see, e.g.*, *Currie-White v. Blockbuster, Inc.*, No. 09-2593-MMC (MEJ) 2010 U.S. Dist. LEXIS 47071, at *10-11 (N.D. Cal. Apr. 15, 2010). On the other hand, courts have also

"protocol" involving the production of only one-tenth of the information ordered to be produced by the Court would constitute a violation of the Court's Order. Although Defendant framed its proposal as a procedural limitation, Defendant in fact seeks to relitigate the Order of this Court, without filing a Motion for Reconsideration as required by Civil Local Rule 7-9.

Nor does Defendant provide a sufficient basis for the Court to reconsider its ruling. Plaintiffs have represented that contact information for the entire requested list is "crucial" to preparing for their class certification motion pursuant to Rule 23, particularly in light of the "rigorous analysis" required by *Wal-Mart Stores v. Dukes*, 131 S.Ct. 2541, 2552. Sur-Sur-Reply at 1. Given that the Court has denied Defendant's proposed opt-out procedure, Defendant has not indicated that it will incur any costs or assume any additional burden by producing the full list. Moreover, Defendant's proposed Sur-Reply concedes that it is willing to produce the full list, if an opt-out protocol were imposed to protect employees' privacy interests. *See* Sur-Reply at 1-2. As discussed above, the Court has found that the current protocol sufficiently protects the employees' privacy interests.

Although Defendant now raises concerns about Plaintiff's "unsupervised" contact with potential class members prior to class certification, Opp'n at 8, there is no record in this case that would support a restriction limiting communications between parties and potential class members beyond the privacy protections articulated above. *See Gulf Oil Co. v. Bernard*, 452 U.S. 89, 101-02 (1981) (holding that an "order limiting communications between parties and potential class members should be based on a clear record and specific findings that reflect a weighing of the need for a limitation and the potential interference with the rights of the parties."). However, to the extent that Plaintiffs seek to use this contact information not only for discovery purposes, but also to advise class members of the pendency of the action, such notice must be neutral, make clear that the notice is not court ordered, and include contact information of Defendant's counsel,

---

ordered the production of comparable or greater volumes of contact information. *See, e.g.*, *York v. Starbucks Corp.*, No. 08-7919-GAF (PJWx), 2009 U.S. Dist. LEXIS 92274 (C.D. Cal. June 20, 2009), at *3 (rejecting defendant's sampling proposal and ordering disclosure of information regarding 124,606 employees).

accompanied by a warning that Defendant's counsel does not represent the prospective class members. *Cf.* Order of October 10, 2008, *Lewis v. Wells Fargo & Co.*, No. 08-2670 CW (N.D. Cal.) (ECF No. 27). The parties shall meet and confer in person to agree on the content of this notice by June 26, 2013. If the parties cannot agree, each party shall submit a proposed notice to the Court by June 27, 2013, at 5:00 p.m.

Accordingly, Defendant is hereby ORDERED to comply with the Court's Order to produce the full Class List requested by Plaintiffs by June 26, 2013. If Defendant fails to comply with an Order of this Court again, the Court may sanction both HP and HP's counsel.

4.   Logging Protocol

Defendant further proposes that Plaintiff's counsel should "maintain a list of every person from the Contact List with whom they make contact, separately designating any person who refuses to speak or communicate with them, which list will be produced in connection with any conditional certification motion and updated again with any class certification motion." Opp'n at 9. Defendant provides no explanation of the need for such a log, although the Opposition does cite one case in which such a log was used. *See* Opp'n at 15 (citing *Feske v. MHC Thousand Trails Ltd. P'ship*, No. 11-CV-4124-PSG, 2012 WL 1123587, at *2 (N.D. Cal. Apr. 3, 2012)). In light of the compelling concerns raised by Plaintiffs regarding attorney-client privilege, attorney work product protections, and potential witness intimidation, the Court DENIES Defendant's proposed logging protocol.

5.   Timing of Disclosure

The Court ordered the disclosure of the identified contact information on May 29, 2013. By June 26, 2013, Defendant shall produce the Class List to Plaintiffs in Excel or comparable form. As defined above, the Class List shall include the name, last known address, job title, and dates in that position of all individuals who have worked for HP in any of the three job titles to which the May 30 Case Management Order referred (i.e., Technical Solutions Consultants, Field Technical Support Consultants, and Technology Consultants) while classified as exempt during the period beginning (a) four years before the filing of the initial Complaint in California (January 10,

7

2009 through the present) or (b) three years before the filing of the initial Complaint in the United States (January 10, 2010 through the present).

**IT IS SO ORDERD.**

Dated: June 25, 2013

　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　LUCY H. KOH
　　　　　　　　　　　　　　　　　　　United States District Judge