*E-Filed: December 18, 2013*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ERIC BENEDICT, ET AL., | No. C13-00119 LHK (HRL) |
| Plaintiffs, | **ORDER ON DISCOVERY DISPUTE JOINT REPORT #1** |
| v. | |
| HEWLETT-PACKARD COMPANY, | **[Re: Docket No. 87]** |
| Defendant. | |

Eric Benedict sues Hewlett-Packard Company ("HP") over its alleged failure to pay him for overtime worked. During discovery, HP learned that Benedict made and kept a mirror image of his employer-issued laptop before returning it upon resigning. This laptop reportedly was an important tool used by plaintiff in performing his job duties, and it contained reams of information about HP's business, some of it confidential. Apparently intermingled with the HP information was personal information of the plaintiff. Benedict now explains that he was only interested in saving the personal information and did not intend to, nor did he, misuse any of the HP data. HP remains unpersuaded by plaintiff's protests of innocence and is suspicious that he was up to no good. HP wants the mirror image back. However, the issues surrounding that effort are not the subject of the current discovery dispute.

The dispute here is whether plaintiff may, under the Protective Order, designate the identity of his current employer as either "Highly Confidential-Attorneys' Eyes Only"("AEO") or (his compromise proposal) "Confidential" but with the added caveat that no HP employee may contact

that employer. Plaintiff insists he needs this protection for fear that HP managers, in retaliation for his daring to sue over overtime, will contact his current employer and bad mouth him for what they would characterize as his dishonesty. HP retorts that plaintiff's concern is nonsense, that the name of his current employer does not merit protection under the Protective Order, and that either the AEO or Confidential designation would hamstring its legitimate discovery inquiries.

The dispute is driven by distrust. Benedict does not trust HP to not go behind his back and harm his relationship with his current employer. HP does not trust anything plaintiff now says about innocent intentions and no-harm-done because he made and took that mirror image of all his work. At this point, each side's fears are speculative. This court will not credit speculation in deciding this dispute. It would be most unusual in a case such as this to grant protective order protection to the name of a current employer of a plaintiff, and on the showing here the court declines to do so.

**IT IS SO ORDERED.**

Dated: December 18, 2013

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**C13-00119 Notice will be electronically mailed to:**

Adam T. Klein     atk@outtengolden.com, aplatt@outtengolden.com, kar@outtengolden.com

Caryn F Horner     chorner@sidley.com, kmelendy@sidley.com, sfdocket@sidley.com, tscuffil@sidley.com

Daniel M. Hutchinson     dhutchinson@lchb.com

David Ryan Carpenter     drcarpenter@sidley.com

Jahan C. Sagafi     jsagafi@outtengolden.com

Jennifer Lin Liu     jliu@outtengolden.com

Juno E. Turner     jturner@outtengolden.com, jlyons@outtengolden.com, mhendriksen@outtengolden.com

Kelly M. Dermody     kdermody@lchb.com

Marc Pilotin     mpilotin@lchb.com, ajones@lchb.com

Mark E. Haddad     mhaddad@sidley.com, grodriguez@Sidley.com, LAlegria@Sidley.com

Max Fischer     mfischer@sidley.com, dgiusti@sidley.com

Wendy M. Lazerson     wlazerson@sidley.com, kmelendy@sidley.com, SFLitScan@Sidley.com

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**