*E-Filed: December 18, 2013*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ERIC BENEDICT, ET AL., | No. C13-00119 LHK (HRL) |
| Plaintiffs, | **INTERIM ORDER ON DISCOVERY DISPUTE JOINT REPORT #2** |
| v. | |
| HEWLETT-PACKARD COMPANY, | **[Re: Docket No. 103]** |
| Defendant. | |

## BACKGROUND

Eric Benedict, alleging he was misclassified as an exempt employee when he worked for Hewlett-Packard Company ("HP") as a Technical Solutions Consultant, sues HP for unpaid overtime.

While employed by HP, Benedict used an HP-issued laptop computer as one of the primary tools for doing his job. He also routinely entered and saved personal information on it. Before turning in the laptop upon his resignation from HP, and desiring - reportedly - to save the personal information, he made a mirror image of the laptop hard drive and kept it.

Some four or five months into the litigation over overtime wages, HP learned about the existence of the mirror image. Reacting with anger and distress over what it saw as the theft of its property (some of it "confidential"), HP demanded its immediate return. Plaintiff's counsel demurred because of the personal information that was not readily separable from the HP data and over which, it was alleged, Benedict had a privacy interest. Unsatisfied, HP moved for leave to file

counterclaims for a host of wrongs, including misappropriation of trade secrets and conversion, and also sought immediate injunctive relief to get back its property (Dkts. 41, 46, 47).

In response to this flurry of filings by HP, the presiding judge issued an Order to Meet and Confer (Dkt. 49), which advised that it had no time at present to devote to this new dispute. It recommended that the parties hand over the hard drive to an independent vendor and stipulate to a protocol under which a third party neutral would review the hard drive and segregate data in which plaintiff may have a privacy or ownership interest from data that is HP's. The parties were ordered to figure out how to implement the court's solution and report back.

The parties did meet and negotiate over a protocol (Dkts. 50, 55). Later, the presiding judge weighed in and imposed certain conditions and requirements (Dkt. 60). The parties haggled some more and finally reached a Supplemental Stipulation Re: Data Segregation (Dkt. 92). For present purposes it is sufficient to say the protocol instructed the third party vendor (SFLData), using search terms provided by the parties, to create a log of all files on the drive and designate them as either HP's, Benedict's, or "unknown". HP's files would go to HP; Benedict's to Benedict; and disposition of the "unknown" - if the parties could not agree - would be tossed back in the court's lap. The concluding paragraph of the Stipulation said: "Nothing herein limits any party's right to seek any additional discovery, including but not limited to discovery relating to any Device provided to Vendor or material contained thereon . . . ."

Some months have now passed, and the court does not know how far along the data segregation process has progressed.

## CURRENT DISPUTE

Without waiting for the data segregation process to be completed, and relying on the just quoted language about the right to seek additional discovery, HP submitted Requests for Production of Documents (RFPs) to plaintiff. It asked for all documents referring or relating to plaintiff's work for HP: i.e. time spent; time off; hours worked; tasks done; clients contacted; directions received; directions given; job duties; training; developing, modifying or debugging computers; non-work during working hours; meal breaks; rest breaks; and so on and on.

Plaintiff's counsel represents that all responsive material has been produced except for what is on the mirror image hard drive. (Actually, there are apparently several devices that plaintiff has loaded with some or all of the data from the HP laptop, but the court believes all are in the hands of SFLData.) Plaintiff's counsel says any responsive material in the files identified as Benedict's will be turned over once the data segregation process is completed. Defense counsel says they want the information now. In fact, they contend that the entire hard drive is responsive to their RFPs, and so plaintiff should retrieve it from SFLData and turn it over.

## INTERIM ORDER

No later than December 27, 2013 the parties will meet and confer (in person meeting is encouraged but not required) and jointly file a Supplement to Discovery Dispute Joint Report #2, not to exceed 6 pages, that addresses the following:

1. Exactly how far along is the data segregation process; what remains to be done; and when is completion expected?

2. If HP can rightfully demand that plaintiff turn over the mirror image of his HP laptop by simply propounding to him garden variety RFPs about his employment-time activities, then what is the point of the data segregation process that the presiding judge initiated? (This court has no desire to trump a procedure the presiding judge put into motion, and certainly not before the procedure plays out.) Also, the court finds it curious that in a carefully crafted protocol for a somewhat cumbersome segregation process the parties would include language that, by authorizing "additional discovery", would allow circumvention of the very process that is the subject of the protocol. So, how else should the "additional discovery" language be interpreted?

**IT IS SO ORDERED.**

Dated: December 18, 2013

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**C13-00119 Notice will be electronically mailed to:**

Adam T. Klein       atk@outtengolden.com, aplatt@outtengolden.com, kar@outtengolden.com

Caryn F Horner       chorner@sidley.com, kmelendy@sidley.com, sfdocket@sidley.com, tscuffil@sidley.com

Daniel M. Hutchinson       dhutchinson@lchb.com

David Ryan Carpenter       drcarpenter@sidley.com

Jahan C. Sagafi       jsagafi@outtengolden.com

Jennifer Lin Liu       jliu@outtengolden.com

Juno E. Turner       jturner@outtengolden.com, jlyons@outtengolden.com, mhendriksen@outtengolden.com

Kelly M. Dermody       kdermody@lchb.com

Marc Pilotin       mpilotin@lchb.com, ajones@lchb.com

Mark E. Haddad       mhaddad@sidley.com, grodriguez@Sidley.com, LAlegria@Sidley.com

Max Fischer       mfischer@sidley.com, dgiusti@sidley.com

Wendy M. Lazerson       wlazerson@sidley.com, kmelendy@sidley.com, SFLitScan@Sidley.com

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**