UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ERIC BENEDICT, RICHARD BOWDERS, and KILRICANOS VIEIRA, on behalf of themselves and classes of those similarly situated,<br><br>        Plaintiffs,<br><br>    v.<br><br>HEWLETT-PACKARD COMPANY,<br><br>        Defendant.<br><br>ERIC BENEDICT,<br><br>        Counterdefendant,<br><br>    v.<br><br>HEWLETT-PACKARD COMPANY,<br><br>        Counterclaimant. | Case No.: 13-CV-00119-LHK<br><br>ORDER GRANTING IN PART AND DENYING IN PART HEWLETT-PACKARD'S AMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL |

Before the Court is an administrative motion to seal filed by Hewlett-Packard Company ("HP"), Defendant and counterclaimant in this action, in connection with HP's combined opposition to Plaintiff and counterdefendant Eric Benedict's motions to dismiss and for Rule 11

sanctions against HP and HP's counsel. *See* ECF Nos. 126, 133 ("sealing motion");[1] ECF No. 133-2 (opposition to motion to dismiss and Rule 11 motion). This Court, having considered the motion, declarations, and relevant law, hereby GRANTS IN PART AND DENIES IN PART HP's sealing motion.

## I.     LEGAL STANDARD

Historically, courts have recognized a "general right to inspect and copy public records and documents, including judicial records." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).

In order to overcome this strong presumption, a party seeking to seal a judicial record must articulate "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Id.* at 1178-79 (internal quotation marks and citations omitted). "In general, 'compelling reasons' . . . exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (citing *Nixon*, 435 U.S. at 598). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.* (citing *Foltz*, 331 F.3d at 1136).

However, the Ninth Circuit has "carved out an exception to the presumption of access to judicial records . . . [that is] expressly limited to judicial records filed under seal when attached to a *non-dispositive* motion." *In re Midland Nat. Life Ins. Co. Annuity Sales Practices Litigation*, 686 F.3d 1115, 1119 (9th Cir. 2012) (per curiam) (internal quotation marks and citation omitted) (emphasis in original); *see also Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (applying a "good cause" standard to all non-dispositive motions because such motions "are often

---

[1] The Court has reviewed both sealing motions, and they are identical in every way in terms of substance, and the signature date, October 3, 2013. Accordingly, the Court treats these motions as one single motion.

1  unrelated, or only tangentially related, to the underlying cause of action") (internal quotation marks

2  and citation omitted).  Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, a trial court

3  has broad discretion to permit sealing of court documents for, inter alia, the protection of "a trade

4  secret or other confidential research, development, or commercial information."  Fed. R. Civ. P.

5  26(c)(1)(G).  The Ninth Circuit has adopted the definition of "trade secrets" set forth in the

6  Restatement of Torts, holding that "[a] trade secret may consist of any formula, pattern, device or

7  compilation of information which is used in one's business, and which gives him an opportunity to

8  obtain an advantage over competitors who do not know or use it."  *Clark v. Bunker,* 453 F.2d 1006,

9  1009 (9th Cir. 1972) (quoting *Restatement of Torts* § 757, cmt. b).  "Generally it relates to the

10 production of goods. . . . It may, however, relate to the sale of goods or to other operations in the

11 business. . . ." *Id.*  In addition, the Supreme Court has recognized that sealing may be justified to

12 prevent judicial documents from being used "as sources of business information that might harm a

13 litigant's competitive standing." *Nixon*, 435 U.S. at 598.

14 Even under the "good cause" standard of Rule 26(c), however, a party must make a

15 "particularized showing" with respect to any individual document in order to justify sealing the

16 relevant document.  *Kamakana*, 447 F.3d at 1180; *San Jose Mercury News, Inc. v. U.S. Dist. Court,*

17 *N. Dist.*, 187 F.3d 1096, 1103 (9th Cir. 1999).  "Broad allegations of harm, unsubstantiated by

18 specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Beckman Indus., Inc.*

19 *v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (internal quotation marks and citation omitted).

20 Benedict's Rule 11 motion is a dispositive motion because it seeks dismissal of Benedict's

21 counterclaims as a sanction, ECF No. 105 at 17. *See Karpenski v. Am. Gen. Life Companies, LLC*,

22 C12-1569RSM, 2013 WL 3191878 (W.D. Wash. 2013) (holding that the "[t]he motion for

23 sanctions filed by plaintiff is a dispositive motion [for purposes of sealing], as it sought dismissal

24 of defendant's counterclaim"); *see also Upek, Inc. v. Authentec, Inc.*, C 1000424JFPVT, 2010 WL

25 1980189, at *4 (N.D. Cal. 2010) (viewing Rule 11 sanctions as dispositive motion for purposes of

26 sealing). Benedict's Motion to Dismiss is a dispositive motion as well. *See In re PPA Products*

27 *Liability Litigation,* 460 F.3d 1217, 1231 (9th Cir. 2006) (holding that motions to dismiss are

28

typically treated as dispositive motions). Accordingly, the Court finds that the parties must demonstrate "compelling reasons" in order to support their requests to seal.

II.     **ADMINISTRATIVE MOTION TO SEAL**

On October 3, 2013, HP moved to file under seal documents related to HP's combined opposition to Plaintiff and counterdefendant Eric Benedict's motions to dismiss and for Rule 11 sanctions against HP and HP's counsel. *See* ECF Nos. 126, 133 ("Sealing Motion"). Specifically, pursuant to Civil Local Rule 79-5, HP requests an order from the Court authorizing the filing under seal portions of the following documents:

> (1) Portions of Hewlett-Packard Company's Opposition to Plaintiff's Motion to Dismiss and for Rule 11 Sanctions: Page 1, lines 9-14; Page 5, lines 20-28; Page 8, lines 19-20; Page 11, lines 5-6; Page 16, lines 22-27; Page 20, lines 20-28; Page 22, lines 1-2; Page 26, lines 2-4.
> (2) Declaration of David R. Carpenter in Support of Hewlett-Packard Company's Opposition to Plaintiff's Motion to Dismiss and for Rule 11 Sanctions and exhibits thereto
> (3) Declaration of Donald G. Billings in Support of Hewlett-Packard Company's Opposition to Plaintiff's Motion to Dismiss and for Rule 11 Sanctions and exhibit thereto
> (4) Exhibit L to the Declaration of Max C. Fischer in Support of Hewlett-Packard Company's Opposition to Plaintiff's Motion to Dismiss and for Rule 11 Sanctions.

*See* Sealing Motion at 3. HP argues that each of the first three items "discuss or refer to confidential and sensitive information about HP and its customers, including as derived from the confidential interim vendor logs," *id.* at 3, which the parties have stipulated is "Highly Confidential –Attorney's Eyes Only" as defined in the parties' protective order. *See* ECF No. 92. HP argues that the fourth item "contains certain internal HP documents that, in the normal course of business, were designated 'restricted' or 'confidential' and reflect confidential information about HP, including its organization, clients, and marketing strategies." Sealing Motion at 3.

As a courtesy to Benedict, HP also lodged under seal certain material referenced in HP's opposition and documents in support of its opposition which Benedict had designated as "Confidential" or Highly Confidential – Attorney's Eyes Only," pursuant to the parties' Stipulated Protective Order Governing Discovery, ECF No. 38. This includes the following:

> (1) Certain Portions of Hewlett-Packard Company's Opposition to Plaintiff's Motions to Dismiss and for Rule 11 Sanctions, as follows: Page 6, line 7-Page 7, line 1; Page 12, at lines 10-11; Page 21, lines 6-10; Page 33 at lines 5-6.
> (2) Exhibits A, B, C, D, E, F, G, H, I, J, and AA to the Declaration of Max C. Fischer in Support of Hewlett-Packard Company's Opposition to Plaintiff's Motions to Dismiss and for Rule 11 Sanctions
> (3) Exhibits A and B to the Declaration of Ans Gregory in Support of Hewlett-Packard Company's Opposition to Plaintiff

Sealing Motion at 4. HP notes that it filed these documents under seal only "as a courtesy to Benedict." Sealing Motion at 4. HP filed two declarations in support of HP's sealing motion: (1) Declaration of David Wong(HP Ethics Training and Engagement Manager in the Ethics and Compliance Office for HP), *see* ECF No. 126-2; (2) Declaration of Caryn F. Horner (Sidley Austin LLP associate), *see* ECF No. 126-1. Benedict also filed a declaration in support of HP's sealing motion, asking the Court to seal specific parts of the following items HP designated under seal for Benedict in its administrative motion to seal:

> (1) The name of Benedict's current employer where it appears in Hewlett-Packard Company's Opposition to Plaintiff's Motion to Dismiss and for Rule 11 Sanctions: page 6, line 7 through page 7, line 1; page 12, lines 10 and 11; page 21, lines 6 through 10; and page 33, lines 5 and 6;
> (2) The name of Benedict's current employer where it appears in Exhibits A, C, E, F, G, H, I, J, and AA to the Declaration of Max C. Fischer in Support of Hewlett-Packard Company's Opposition to Plaintiff's Motion to Dismiss and for Rule 11 Sanctions.
> (3) Benedict's personal contact information where it appears in Exhibits B and D to the Declaration of Max C. Fischer in Support of Hewlett-Packard Company's Opposition to Plaintiff's Motion to Dismiss and for Rule 11 Sanctions.
> (4) Benedict's personal contact information where it appears in Exhibits A and B to the Declaration of Ans Gregory in Support of Hewlett-Packard Company's Opposition to Plaintiff's Motion to Dismiss and for Rule 11 Sanctions.

*See* ECF No. 140 at 3-4 (Declaration of Marc A. Pilotin (Lieff Cabraser Heimann & Berstein LLP associate) ("Pilotin Declaration"). The Pilotin Declaration argues that items one and two should be sealed because they include the name of Benedict's current employer's name, which Benedict wants to remain confidential. His concern is that "HP employees may retaliate against him by contacting his current employer." Pilotin Declaration at 2. The Pilotin Declaration argues that items three and four should be sealed because they include Benedict's personal contact information (e.g., his home address, phone number, and email address). *Id.* at 3.

The Court hereby makes the following rulings on HP's sealing motion:

| ECF No. | Item requested to be sealed | Ruling and Rationale |
|---|---|---|
| 133-2 | Page 1, lines 9-14; Page 5, lines 20-28; Page 8, lines 19-20; Page 11, lines 5-6; Page 16, lines 22-27; Page 20, lines 20-28; Page 22, lines 1-2; Page 26, lines 2-4 of HP's Opposition to Plaintiff's Motion to Dismiss and for Rule 11 Sanctions | GRANTED IN PART AND DENIED IN PART. HP argues that these lines "discuss or refer to confidential and sensitive information about HP and its customers, including as derived from the confidential interim vendor logs," Sealing Motion at 3, which the parties have stipulated is "Highly Confidential – Attorney's Eyes Only," *see* ECF No. 92. The Court addresses each line specifically:<br><br>• Page 1, lines 9-14, Page 5, lines 20-28, Page 8, lines 19-20; Page 11, lines 5-6; Page 20, lines 20-28; Page 26, lines 2-4. GRANTED. HP argues that information regarding customers of HP's enterprise security infrastructure products and related services, is "highly sensitive, is the kind of information that HP keeps confidential in its normal course of business, and could cause HP commercial and other harm if publicly disclosed." David Wong Declaration at 3, ¶12; *TriQuint Semiconductor, Inc. v. Avago Technologies Ltd*., CV 09-1531-PHX-JAT, 2011 WL 6182346, at *6 (D. Ariz. 2011) (sealing customer information because it would offer competitors valuable competitive insight into customer relationships);<br><br>• Page 16, lines 22-27; Page 22, lines 1-2. DENIED. These lines do not contain any sensitive customer information in these sections of the opposition. |
| 133-3 | Declaration of David Carpenter in Support of HP's Opposition to Plaintiff's Motion to Dismiss and for Rule 11 Sanctions and exhibits thereto | GRANTED. HP argues that this declaration and its attached exhibits "discuss or refer to confidential and sensitive information about HP and its customers, including as derived from the confidential interim vendor logs," Sealing Motion at 3, which the parties have stipulated is "Highly Confidential – Attorney's Eyes Only," *see* ECF No. 92. Further, HP argues that the information in these logs, i.e., customer information regarding customers of HP's enterprise security infrastructure products and related services, is "highly sensitive, is the kind of information that HP keeps confidential in its normal course of business, and could cause HP commercial and other harm if publicly disclosed." David Wong Declaration at 3, ¶12. The Court is satisfied that the information in this declaration, which consists of customer log information, and attached exhibits meets the compelling interest standard, as "sources of business information that might harm a litigant's competitive standing often warrant protection under seal." *Korte v. Dollar Tree Stores, Inc*., CIV. S-12-541 LKK, 2013 WL 2604472, at *15 (E.D. Cal. 2013) (citation omitted); *TriQuint Semiconductor, Inc. v. Avago Technologies Ltd*., CV 09-1531-PHX-JAT, 2011 WL 6182346, at *6 (D. Ariz. 2011) (sealing customer information because it would offer competitors valuable competitive insight into |

| | | customer relationships); *Bauer Bros. LLC v. Nike, Inc.,* 09CV500-WQH-BGS, 2012 WL 1899838, at *2 (S.D. Cal. 2012) (same). |
|---|---|---|
| 133-4 | Declaration of Donald G. Billings in Support of HP's Opposition to Plaintiff's Motion to Dismiss and for Rule 11 Sanctions and exhibit thereto | GRANTED. HP argues that this exhibit includes confidential and highly sensitive information within the vendor logs, which the parties have stipulated is "Highly Confidential –Attorney's Eyes Only," *see* ECF No. 92. Sealing Motion at 3. The Court is satisfied that this declaration and corresponding exhibit satisfy the compelling reason standard, as they contain and discuss confidential names of files, within the vendor logs, which "contain HP proprietary software, keys, and program files, and include sensitive technical information." Billings Declaration at 3, ¶ 7. |
| 133-15 | Exhibit L to the Declaration of Max C. Fischer in Support of HP's Opposition to Plaintiff's Motion to Dismiss and for Rule 11 Sanctions. | GRANTED. HP argues that this exhibit "contains certain internal HP documents that, in the normal course of business, were designated 'restricted' or 'confidential' and reflect confidential information about HP, including its organization, clients, and marketing strategies." Sealing Motion at 3. HP also argues that these documents "contain confidential and proprietary information and could cause HP competitive harm if released." *Id.* at 2. The exhibit contains job titles, job function descriptions, and presentations regarding HP's Enterprise Business Strategy. The Court is satisfied that the information in this exhibit meets the compelling interest standard, as "sources of business information that might harm a litigant's competitive standing often warrant protection under seal." *Korte v. Dollar Tree Stores, Inc.*, CIV. S-12-541 LKK, 2013 WL 2604472, at *15 (E.D. Cal. 2013) (citation omitted); *TriQuint Semiconductor, Inc. v. Avago Technologies, Ltd.,* CV 09-1531-PHX-JAT, 2011 WL 6182346, at *6 (D. Ariz. 2011) (sealing business strategy information). |
| 133-2 | The name of Benedict's current employer where it appears HP's Opposition to Plaintiff's Motion to Dismiss and for Rule 11 Sanctions: page 6, line 7 through page 7, line 1; page 12, lines 10 and 11; page 21, lines 6 through 10; and page 33, lines 5 and 6; | DENIED. Benedict wants his current employer's name to remain confidential because "HP employees may retaliate against him by contacting his current employer." Pilotin Declaration at 2. However, Magistrate Judge Lloyd recently granted HP's challenge to Benedict's designation of his current employer's name as "Highly Confidential-Attorney's Eyes Only" or "Confidential" pursuant to the parties' protective order. *See* ECF No. 149 (December 18, 2013). Further, Benedict's rationale does not meet the good cause or compelling reason standard because his fears of employee retaliation are "broad allegations of harm" and are speculative, *see Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992). Thus, the Court denies his request. |
| 133-5, | The name of | DENIED. Benedict wants his current employer's name to remain |

7

Case No.: 13-CV-00119-LHK
ORDER GRANTING IN PART AND DENYING IN PART ADMINISTRATIVE MOTION TO SEAL

| | | |
|---|---|---|
| 133-7, 133-9, 133-11, 133-12, 133-13, 133-14, 133-16 | Benedict's current employer where it appears in Exhibits A, C, E, F, G, H, I, J, and AA to the Declaration of Max C. Fischer in Support of HP's Opposition to Plaintiff's Motion to Dismiss and for Rule 11 Sanctions. | confidential because "HP employees may retaliate against him by contacting his current employer." Pilotin Declaration at 2. However, Magistrate Judge Lloyd recently granted HP's challenge to Benedict's designation of his current employer's name as "Highly Confidential-Attorney's Eyes Only" or "Confidential" pursuant to the parties' protective order. *See* ECF No. 149 (December 18, 2013). Further, Benedict's rationale does not meet the good cause or compelling reason standard because his fears of employee retaliation are "broad allegations of harm" and are speculative, *see Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992). Thus, the Court denies his request. |
| 133-6, 133-8 | Benedict's personal contact information where it appears in Exhibits B and D to the Declaration of Max C. Fischer in Support of HP's Opposition to Plaintiff's Motion to Dismiss and for Rule 11 Sanctions | GRANTED. The Pilotin Declaration argues that Benedict's personal contact information (e.g., his home address, phone number, and email address) is sealable because Benedict has a compelling privacy interest in this information. The Court agrees. The Ninth Circuit has found that compelling reasons exist to keep personal information confidential to protect an individual's privacy interest and to prevent exposure to harm or identity theft. *Nursing Home Pension Fund v. Oracle Corp.*, C01-00988 MJJ, 2007 WL 3232267, at *2 (N.D. Cal. 2007) (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1134 (9th Cir. 2003)). |
| 133-17, 133-18 | Benedict's personal contact information where it appears in Exhibits A and B to the Declaration of Ans Gregory in Support of HP's Opposition to Plaintiff's Motion to Dismiss and for Rule 11 Sanctions | GRANTED. The Pilotin Declaration argues that Benedict's personal contact information (e.g., his home address, phone number, and email address) is sealable because Benedict has a compelling privacy interest in this information. The Court agrees. The Ninth Circuit has found that compelling reasons exist to keep personal information confidential to protect an individual's privacy interest and to prevent exposure to harm or identity theft. *Nursing Home Pension Fund v. Oracle Corp.*, C01-00988 MJJ, 2007 WL 3232267, at *2 (N.D. Cal. 2007) (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1134 (9th Cir. 2003)). |

## III.   CONCLUSION

For the foregoing reason, the Court GRANTS IN PART and DENIES IN PART HP's administrative motion to file under seal.

8

Case No.: 13-CV-00119-LHK
ORDER GRANTING IN PART AND DENYING IN PART ADMINISTRATIVE MOTION TO SEAL

1  **IT IS SO ORDERED.**

2  Dated: January 21, 2014



3  LUCY H. KOH
United States District Judge

Case No.: 13-CV-00119-LHK
ORDER GRANTING IN PART AND DENYING IN PART ADMINISTRATIVE MOTION TO SEAL