*E-Filed: October 9, 2014*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ERIC BENEDICT, RICHARD BOWDERS, KILRICANOS VIEIRA, and DAVID MUSTAIN, on behalf of themselves and those similarly situated,<br><br>            Plaintiffs,<br>       v.<br><br>HEWLETT-PACKARD COMPANY,<br><br>            Defendant. | No. C13-00119 BLF (HRL)<br><br>**ORDER RE DISCOVERY DISPUTE JOINT REPORT #3**<br><br>**[Re: Docket No. 240]** |

This is a conditionally certified Fair Labor Standards Act collective action against Hewlett-Packard Company ("HP"). Plaintiffs have served on HP requests for production ("RFP") and notices of deposition pursuant to Federal Rule of Civil Procedure 30(b)(6). Presently before the Court is the parties' Discovery Dispute Joint Report #3 ("DDJR #3"). Dkt. No. 240. Plaintiffs argue that although HP has produced approximately 230,000 pages of documents, "HP has not produced all documents responsive to Plaintiffs' RFPs, including basic policies regarding how Class Members use ticketing systems and knowledge bases in performing their job duties, policy documents dictating how they are evaluated and disciplined, and various training materials." DDJR at 2. According to Plaintiffs, HP is delaying in satisfying its discovery obligations by requesting additional meet and confer sessions and producing documents not responsive to Plaintiffs' RFPs. Plaintiffs request that the Court order HP to respond to each request by stating (1) where it searched

for responsive documents; (2) where it did not search for responsive documents; (3) whether it will produce all responsive documents; (4) which responsive documents it will not produce; and (5) HP's grounds for withholding responsive documents. In addition, Plaintiffs request that the Court order HP to produce all relevant documents applicable to RFP Nos. 25-30, 32, 36, 38, and 39.

In March 2013, Plaintiffs served a First Set of RFPs. A portion of classwide discovery was completed in August 2013. Plaintiffs did not seek discovery for the next six months. In March 2014, HP suggested that Plaintiffs refine their requests based on the new information they gained over the past year.

In April 2014, the parties met and conferred in person. Plaintiffs confirmed that they were not seeking discovery at the individual level, but rather "classwide" discovery that applied "to a significant chunk of the class." Plaintiffs did not propose a definition of "classwide" at that time, but agreed to clarify at a future date "what level of generality" they meant by their request for "classwide" documents. In three letters that HP subsequently sent to Plaintiffs, HP stated that it was searching for corporate-level documents that were applicable classwide, but it would expedite matters if Plaintiffs clarified their requested scope of discovery.

Since April 2014, HP has been searching for and producing additional documents. HP has also been locating potential Rule 30(b)(4) witnesses. In May 2014, HP sent Plaintiffs a letter that updated Plaintiffs on what it did and did not find, informed Plaintiffs that it was continuing the search, and requested clarification on the scope of Plaintiffs' requests.

At this time, there is no pending, concrete discovery dispute between the parties. HP is in the process of searching for and producing responsive documents that exist on a company-wide and classwide basis. In addition, Plaintiffs did not clarify the scope of "classwide" discovery that they sought until the filing of the present DDJR, in which they proposed a definition of "class-wide" discovery as pertaining to at least 400 class members. Filing the DDJR without first proffering a

///

///

///

2

workable definition of "classwide" discovery and then giving HP reasonable time to respond is a pointless waste of resources. Accordingly, the Court denies Plaintiffs' requests without prejudice.

**IT IS SO ORDERED.**

Dated: October 9, 2014

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**C13-00119 BLF (HRL)** N**otice will be electronically mailed to:**

Adam T. Klein     atk@outtengolden.com, aplatt@outtengolden.com, kar@outtengolden.com

Caryn F Horner     chorner@sidley.com, dbrown@sidley.com, kmay@sidley.com, kshew@sidley.com

Daniel M. Hutchinson     dhutchinson@lchb.com

David Ryan Carpenter     drcarpenter@sidley.com

Jahan C. Sagafi     jsagafi@outtengolden.com, jdowling@outtengolden.com

Jennifer Lin Liu     jliu@outtengolden.com

Juno E. Turner     jturner@outtengolden.com, jlyons@outtengolden.com, kdeleon@outtengolden.com, mhendriksen@outtengolden.com

Kelly M. Dermody     kdermody@lchb.com

Marc Pilotin     mpilotin@lchb.com, ajones@lchb.com, rterrellperica@lchb.com

Mark E. Haddad     mhaddad@sidley.com, grodriguez@Sidley.com, laefilingnotice@sidley.com, LAlegria@Sidley.com

Max Fischer     mfischer@sidley.com, dgiusti@sidley.com

Wendy M. Lazerson     wlazerson@sidley.com, denise.brown@sidley.com, laefilingnotice@sidley.com, SFLitScan@Sidley.com

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**