1    Kelly M. Dermody (Cal. Bar No. 171716)
     Daniel M. Hutchinson (Cal. Bar No. 239458)
2    Anne B. Shaver (Cal. Bar No. 255928)
     Marc A. Pilotin (Cal. Bar No. 266369)
3    LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
     275 Battery Street, 29th Floor
4    San Francisco, CA 94111-3339
     Telephone:  (415) 956-1000
5    Facsimile:   (415) 956-1008
     E-Mail: kdermody@lchb.com
6    E-Mail: dhutchinson@lchb.com
     E-Mail: ashaver@lchb.com
7    E-Mail: mpilotin@lchb.com

8    Jahan C. Sagafi (Cal. Bar No. 224887)
     OUTTEN & GOLDEN LLP
9    One Embarcadero Center, 38th Floor
     San Francisco, CA 94111
10   Telephone:  (415) 638-8800
     Facsimile:  (415) 638-8810
11   E-Mail: jsagafi@outtengolden.com

12   Adam T. Klein (admitted *pro hac vice*)
     Juno Turner (admitted *pro hac vice*)
13   OUTTEN & GOLDEN LLP
     3 Park Avenue, 29th Floor
14   New York, New York 10016
     Telephone:  (212) 245-1000
15   Facsimile:   (212) 977-4005
     E-Mail: atk@outtengolden.com
16   E-Mail: jturner@outtengolden.com

17   *Attorneys for Plaintiffs and Proposed Class Members*

18

19                    UNITED STATES DISTRICT COURT
                     NORTHERN DISTRICT OF CALIFORNIA
20                          SAN JOSE DIVISION

21   ERIC BENEDICT, RICHARD BOWDERS,          Case No.    C 13-0119 BLF
     KILRICANOS VIEIRA, and DAVID
22   MUSTAIN on behalf of themselves and
     classes of those similarly situated,     **PLAINTIFFS' EMERGENCY MOTION
23                                            TO ENLARGE TIME AND TO
                    Plaintiffs,               COMPEL PRODUCTION OF
24                                            DOCUMENTS**
            v.
25                                            Date:
     HEWLETT-PACKARD COMPANY,                 Time:
26                                            Judge:     Hon. Beth Labson Freeman
                    Defendant.                Crtrm:     3, 5th Floor
27

28

## I.      Introduction

On June 23, 2015, Defendant ("HP") filed an opposition to Plaintiffs' motion for class certification along with nineteen class member witness declarations and seven manager witness declarations.  On June 25, 2015, Plaintiffs notified HP of six class member witnesses they wished to depose, and requested that HP provide deposition dates and produce documents consistent with the search HP used when it selected documents to cross-examine Plaintiffs' class member witnesses in connection with Plaintiffs' opening motion.  Plaintiffs' reply in support of their class certification motion is currently due July 10, 2015.  Plaintiffs have engaged in a meet and confer with HP in an effort to schedule the depositions of HP's witnesses, and review their relevant documents, prior to this deadline.  As HP has been unable to provide dates of availability for all of the depositions of their witnesses, and has refused to produce the documents relevant thereto, Plaintiffs requested that HP stipulate to a brief continuance of the reply brief schedule in order to facilitate completion of this work.  HP refused.  Plaintiffs hereby submit this emergency motion to extend the deadline for their reply brief and to compel production of documents.

## II.     Background

Plaintiffs filed their motion for class certification on May 18, 2015.  (Dkt. 315.)  Plaintiffs submitted fifteen declarations from current and former employees in support of their motion ("Plaintiffs' Declarants").  HP sought to depose each of Plaintiffs' Declarants, and ultimately deposed eleven of them.  Declaration of Anne B. Shaver ("Shaver Decl."), ¶ 4.  The remaining four withdrew their declarations because they were not available to appear for a deposition.  *Id*.

In preparation for the depositions, Plaintiffs requested that HP produce the witnesses' personnel files, including performance reviews, and any documents it intended to use as exhibits at deposition.  HP then produced not only the material which Plaintiffs requested, but in order to facilitate its own cross-examination HP also produced tens of thousands of pages of email documents from the witnesses' electronic files.  Shaver Decl., ¶ 5.  For one witness alone, HP produced approximately 9,300 documents. *Id*.   HP used certain of the email documents as exhibits in the vast majority of depositions of Plaintiffs' Declarants.

HP originally received an elongated briefing schedule of 35 days for its opposition (Dkt. 299), and at the end received a stipulated 1-day extension of the deadline, filing its opposition to the motion for class certification on June 23, 2015.[1]  (Dkt. 328.)

HP submitted nineteen declarations from current employees, and seven managers, in support of its opposition ("HP's Declarants").  On June 25, Plaintiffs notified HP that they would seek to depose certain of HP's Declarants, to be identified the following day, and that a short extension of time to Plaintiffs' deadline to file their reply in support of class certification may be warranted in light of the July 4 holiday and witnesses' schedules.  Shaver Decl., Ex. A. Immediately and without any verification of witnesses' schedules (indeed, without even the list of Declarants designated for deposition), HP responded that it would not agree to an extension.  *Id*.

That same day, Plaintiffs selected a narrowly-tailored sample of six HP Declarants whom Plaintiffs wish to depose.  Shaver Decl., Ex. A.  Plaintiffs stated that no modification to the schedule would be necessary if HP would produce the witnesses for deposition by July 8, 2015, and produce each witnesses' documents 48 hours in advance of their deposition (with document productions exceeding 500 pages being produced 72 hours in advance).  *Id*.  Specifically, Plaintiffs requested the Declarants' personnel files, including performance reviews, as well as email production according to the same search and production parameters HP had applied to Plaintiffs' Declarants when HP was preparing its cross-examination.  *Id*.  Plaintiffs requested that HP confirm whether or not it would agree to this arrangement by Sunday, June 28.

As of the date of this filing, HP has offered dates of availability for four of the six witnesses, in four cities:  Boston, San Diego, Fort Collins, and Roseville.  Shaver Decl., Ex. A & ¶ 7.  (Notably, Plaintiffs' counsel is not available on July 6, so only three of the dates can be confirmed.)  HP has not agreed to produce any documents for the witnesses (except performance reviews and workday information [e.g., basic facts of employment] *if* the witness first consents), and refuses to apply the same production parameters it used for its own search, claiming "privacy" issues.  *Id*.

---

[1] Due to the unavailability of one of Plaintiffs' Declarants to appear for deposition until June 18, 2015, two days before HP's deadline to submit its opposition papers, the parties stipulated to, and the Court ordered, a one-day extension to their deadline.  Dkt. 322, 323.

Based on these facts, Plaintiffs now move to compel production of HP's Declarants' email files, subject to the same search criteria applied to Plaintiffs' Declarants' emails, and for a short extension of their deadline to reply to HP's opposition to class certification to allow completion of the declarant discovery.  Regardless, as of today, Plaintiffs have received no documents of any kind for any witness.[2]

**III.     Plaintiffs Seek An Expedited Telephonic Conference To Address This Dispute.**

Due to the time sensitive nature of this motion, Plaintiffs request that the Court schedule a telephonic conference at its earliest convenience, so that the parties can move forward with declarant discovery, with the benefit of the Court's guidance, as expeditiously as possible.

**IV.     Argument**

**A.     Defendants Should Produce Their Declarants' Documents.**

As noted above, HP considered the emails of Plaintiffs' Declarants to be relevant, discoverable material.  It used such emails as exhibits in the depositions of the vast majority of Plaintiffs' Declarants, on a variety of subject matters.  For example, HP quizzed declarant Jennifer Chang on the hours that she worked, based on emails where she requested scheduling accommodation to attend classes.  Shaver Decl., Ex. B (Chang Dep. at 118:24-120:9).  HP asked declarant Rebecca Levin about an email she wrote to her managers conveying some of the frustrations her teammates were experiencing, in an effort to show that she was making recommendations to managers about how to run the business.  *Id*., Ex. C (Levin Dep. at 46:8-62:8).  Similarly, HP used an email chain in the deposition of Brian Jessen to question him about how long it took to resolve a particular customer's complaint, and the nature of the problem.  *Id*., Ex. D (Jessen Dep. at 169:24-175:12).  Just as with these examples, in the vast majority of depositions, HP relied on these documents to pursue its theory of the case.

Yet HP now refuses to produce the same set of documents for its own witnesses.  HP's only argument is that Plaintiffs' Declarants are opt-ins to the lawsuit, whereas HP's declarants are not.  This is a false dichotomy.  Both sets of declarants are class member witnesses who have

---

[2] In fairness to both sides, HP should actually produce complete files for all its witnesses, and not just ones being deposed.

- 3 -

voluntarily filed sworn testimony as evidence in the litigation.  On both sides of the case, their documents are equally relevant.  HP should not be allowed to use email discovery to cross-examine Plaintiffs' Declarants, and then refuse to provide the same basic discovery of its own declarants.  Moreover, HP's alleged privacy concerns are easily dealt with by the protective order in this case.  Therefore, Plaintiffs respectfully request that the Court order HP to produce these documents no less than 48 hours before the deposition of each witness, and no less than 72 hours before in the event that the production for a single witness exceeds 500 pages.

### B.     Plaintiffs' Deadline To File Their Reply In Support Of Class Certification Should be Extended.

Plaintiffs' received Defendants' opposition on June 23, and promptly notified HP on June 25 of the identities of the declarants they wished to depose – just six of the twenty-six declarants.  As of today's date, HP has offered deposition availability for just four of the six witnesses – two this week (July 1 or 2), and two next week (July 6-8), although Plaintiffs' counsel are not available on July 6.  In an effort to move forward as expeditiously as possible, Plaintiffs responded that they would take depositions this week, subject to re-opening if the Court grants Plaintiffs' motion to compel documents.  Shaver Decl., Ex. A.

Plaintiffs maintain that a short extension to their deadline to file their reply brief is warranted under these facts.  Plaintiffs have 10 days to receive and review documents, travel to 6 cities and complete the six depositions, all while preparing their reply brief.  To date, only one witness has been confirmed, and document production has not started and the scope remains in dispute. Once this discovery is completed, Plaintiffs need a reasonable amount of time (three days) to integrate the discovery into their reply brief.  Therefore, Plaintiffs respectfully request that their deadline to reply to HP's opposition to class certification be extended from July 10, 2015, to July 17, 2015, or to the business day three days after the last deposition is completed, whichever is later.

The hearing on Plaintiffs' motion is scheduled for July 30, 2015.  Plaintiffs do not oppose an extension of the hearing date if the Court so desires.

- 4 -

1

**V.**      <u>Conclusion</u>

2

      For the foregoing reasons, Plaintiffs respectfully request that the Court compel HP to

3

produce its declarants' documents, and grant a one week extension of time to the deadline for

4

Plaintiffs' reply brief.

5

Dated:  June 30, 2015            Respectfully submitted,

6

                       LIEFF CABRASER HEIMANN & BERNSTEIN, LLP

7

8

                       By: <u>*/s/Anne B. Shaver*</u>
                             Anne B. Shaver

9

10
                       Kelly M. Dermody (Cal. Bar No. 171716)
                       Daniel M. Hutchinson (Cal. Bar No. 239458)
                       Anne B. Shaver (Cal. Bar No. 255928)

11
                       Marc A. Pilotin (Cal. Bar No. 266369)
                       LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP

12
                       275 Battery Street, 29th Floor
                       San Francisco, CA 94111-3339

13
                       Telephone:  (415) 956-1000
                       Facsimile:   (415) 956-1008

14
                       E-Mail: kdermody@lchb.com
                       E-Mail: dhutchinson@lchb.com

15
                       E-Mail: ashaver@lchb.com
                       E-Mail: mpilotin@lchb.com

16

17
                       Jahan C. Sagafi (Cal. Bar No. 224887)
                       OUTTEN & GOLDEN LLP

18
                       One Embarcadero Center, 38th Floor
                       San Francisco, CA 94111

19
                       Telephone:  (415) 638-8800
                       Facsimile:  (415) 638-8810

20
                       E-Mail: jsagafi@ outtengolden.com

21
                       Adam T. Klein (admitted pro hac vice)
                       Juno Turner (admitted pro hac vice)

22
                       OUTTEN & GOLDEN LLP
                       3 Park Avenue, 29th Floor

23
                       New York, New York 10016
                       Telephone:  (212) 245-1000

24
                       Facsimile:   (212) 977-4005
                       E-Mail: atk@outtengolden.com

25
                       E-Mail: jturner@outtengolden.com

26
                       *Attorneys for Plaintiffs and proposed Class Members*

27

28