United States District Court
Northern District of California

1
2
3
4
5

6                  **UNITED STATES DISTRICT COURT**

7                  **NORTHERN DISTRICT OF CALIFORNIA**

8                        **SAN JOSE DIVISION**

9

10

11   ERIC BENEDICT, RICHARD BOWDERS,            Case No.  13-cv-00119-BLF
     KILRICANOS VIEIRA, and DAVID
12   MUSTAIN, on behalf of themselves and        **SEALING ORDER**
     classes of those similarly situated,
13                                               [Re:  ECF Nos. 405, 412, 420, 427]

14              Plaintiffs,

            v.
15

16   HEWLETT-PACKARD COMPANY,

                Defendant.
17

18

19   ERIC BENEDICT,

20              Counterdefendant,

            v.
21

22   HEWLETT-PACKARD COMPANY,

23              Counterclaimant.

24

25

26       Before the Court are four motions seeking leave to file under seal various documents in

27   this litigation pursuant to Civil Local Rule 79-5.  Plaintiff and Counterdefendant Eric Benedict

28   moves to seal portions of two exhibits to a declaration in support of his Motion for Summary

1   Judgment to the First Amended Counterclaim filed by Defendant and Counterclaimant Hewlett-

2   Packard Company ("HP").  *See* (ECF No. 405).  HP moves to seal a total of seventy-six

3   documents, either in whole or in part, consisting of its Motion for Summary Judgment, Motion to

4   Decertify the FLSA Collective Action, and various exhibits, declarations, and depositions

5   submitted in support of those Motions and in support of its Opposition to Benedict's Motion for

6   Summary Judgment.  *See* (ECF Nos. 412, 420, 427).

7        The Court has carefully reviewed each and every one of the documents requested for

8   sealing and has considered the relevant law and declarations submitted thereto.  For the reasons

9   that follow, the Court GRANTS Benedict's sealing motion filed under ECF No. 405; GRANTS

10  HP's sealing motion filed under ECF No. 412; GRANTS IN PART and DENIES IN PART HP's

11  sealing motion filed under ECF No. 420; and GRANTS HP's sealing motion filed under ECF No.

12  427.

### I.   LEGAL STANDARD

14       Courts recognize a "general right to inspect and copy public records and documents,

15  including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597

16  & n.7 (1978); *see also Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir.

17  2006).  "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in

18  favor of access' is the starting point." *Kamakana*, 447 F.3d at 1178 (quoting *Foltz v. State Farm*

19  *Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).

20       A party "seeking to seal judicial records can overcome the strong presumption of access by

21  providing 'sufficiently compelling reasons' that override the public policies favoring disclosure."

22  *In re Midland Nat. Life Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115, 1119 (9th Cir.

23  2012).  "In general, 'compelling reasons' . . . exist when such 'court files might have become a

24  vehicle for improper purposes,' such as the use of records to gratify private spite, promote public

25  scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179

26  (citing *Nixon*, 435 U.S. at 598).  "The mere fact that the production of records may lead to a

27  litigant's embarrassment, incrimination, or exposure to further litigation will not, without more,

28  compel the court to seal its records." *Id.* (citing *Foltz*, 331 F.3d at 1136).

United States District Court
Northern District of California

1    However, the Ninth Circuit has "carved out an exception to the presumption of access to

2    judicial records . . . [that is] expressly limited to judicial records filed under seal when attached to

3    a *non-dispositive* motion." *In re Midland*, 686 F.3d at 1119 (internal quotation marks and citation

4    omitted). A party seeking to file documents under seal in relation to a non-dispositive motion

5    must sh`ow only "good cause" for the sealing request. *See Phillips ex rel. Estates of Byrd v. Gen.*

6    *Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002); *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665,

7    678 (9th Cir. 2010) (applying a "good cause" standard to all non-dispositive motions because such

8    motions "are often unrelated, or only tangentially related, to the underlying cause of action").

9    Good cause may exist to seal documents that are "privileged, contain trade secrets, contain

10   confidential research, development or commercial information, or if disclosure of the information

11   might harm a litigant's competitive standing." *Dugan*, 2013 WL 1435223, at *2.

12   Motions to decertify FLSA collective actions are non-dispositive motions to which the

13   "good cause" standard applies. *See Brewer v. Gen. Nutrition Corp.*, No. 11-cv-3587, 2014 WL

14   5873328, at *1 (N.D. Cal. Nov. 12, 2014); *see also Dugan v. Lloyds TSB Bank, PLC*, No. 12-CV-

15   02549-WHA NJV, 2013 WL 1435223, at *1 (N.D. Cal. Apr. 9, 2013) ("[T]he vast majority of

16   courts within this circuit treat motions for class certification as non-dispositive motions to which

17   the 'good cause' standard applies."); *In re High-Tech Employee Antitrust Litig.*, No. 11-CV-

18   02509-LHK, 2013 WL 163779, at *2 n.1 (compiling cases and, though recognizing that "there

19   may be circumstances in which a motion for class certification is case dispositive," stating that

20   "the Court applies a 'good cause' standard here in accordance with the vast majority of other

21   courts within this circuit").

22   In this District, a party seeking to seal judicial records must follow Civil Local Rule 79-5,

23   which requires, *inter alia*, that a sealing request be "narrowly tailored to seek sealing only of

24   sealable material." Civ. L.R. 79-5(b). The submitting party must make a "particularized showing

25   of 'good cause'" for each individual document it seeks to seal. *See Kamakana*, 447 F.3d 1172,

26   1180. "[B]road allegations of harm, unsubstantiated by specific examples or articulated

27   reasoning," are insufficient. *In re High-Tech Employee Antitrust Litig.*, 2013 WL 163779, at *2

28   (*citing Beckman Indus. Inc. v. Int'l Ins. Co.*, 996 F.2d 470, 476 (9th Cir. 1992)).

United States District Court
Northern District of California

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## II.    DISCUSSION

With these standards in mind, the Court addresses the sealing motions at bar, first, with Benedict's sealing request (hereafter referred to by docket number, "ECF No. 405"), and then with HP's sealing requests with respect to its Motion to Decertify the FLSA Collective Action (hereinafter "ECF No. 412"), its Opposition to Benedict's Motion for Summary Judgment (hereinafter "ECF No. 420"), and finally its Motion for Summary Judgment (hereinafter "ECF No. 427").  The Court has reviewed all of the documents sought to be sealed and, having considered the relevant law and declarations submitted thereto, makes the following rulings.

### A.    ECF No. 405

Benedict requests leave from the Court to file under seal portions of two documents in connection with his Motion for Summary Judgment to HP's First Amended Counterclaim.  *See* (ECF No. 401).  The first document, appended as "Exhibit A" to the Declaration of Jahan C. Sagafi in support of the Motion, (ECF No. 403), is a letter detailing terms of HP's offer of employment to Benedict, and seeks to redact only Benedict's personal contact information, salary offer, and personal account access information.  "Exhibit B" of the same Declaration is an email correspondence between Benedict and HP, and seeks to redact only email addresses of the respective parties.  Counsel for Benedict, Mr. Daniel M. Hutchinson, attested in his declaration in support of the Motion that HP does not oppose the sealing of the identified information.  Benedict submits that this information sought for redaction, narrowly tailored, should be sealed because it "is sensitive and confidential, and immaterial to Plaintiff's Motion for Summary Judgment." (ECF No. 405) at 1.

The Court agrees, and finds that Benedict has identified interests sufficient to meet the "compelling reasons" standard for sealing in dispositive motions.  The information requested for sealing is narrowly-tailored, and relates to personal, identifiable information that has no bearing on the substance of the claims at issue in HP's First Amended Counterclaim, which alleges breach of contract claims stemming from Benedict's purported violation of confidentiality agreements.  The public interests in favor of access to this information are therefore minimal, and the interests to override the general policy in favor of disclosure are great.  As such, ECF No. 405 is hereby

4

1    GRANTED.

2    **B.    ECF No. 412**

3       Next, HP requests leave to file under seal forty documents, some in whole and some in

4    part, related to its Motion to Decertify the FLSA Collective Action. *See* (ECF No. 413).  The

5    request includes redacting portions of its Motion identifying employee salaries and HP's

6    confidential business information.  In addition, the documents identified for filing under seal also

7    include portions of thirteen depositions and various exhibits attached to them, as well as employee

8    performance evaluations spanning the course of several years.  HP submits that these various

9    documents contain HP's confidential and proprietary business information, employees' personal

10   information such as performance reviews and salary information, and information identifying

11   HP's customers, customer contacts, and the particular services it provides for them.  (ECF No.

12   412) at 2.

13      In support of this administrative motion, HP submits a declaration from Mr. Michael

14   Menz, the company's Senior Manager of Global Security Investigations and Forensics, who

15   represents that the aforementioned information is "highly commercially sensitive, confidential,

16   and/or proprietary and [are] trade secret[s]," and "information about its employees, such as private

17   salary information and performance reviews."  (ECF No. 412-1) ¶¶ 5, 6.  Menz further represents

18   that the company maintains policies and protocols to preserve the integrity of its confidential

19   business information and takes reasonable steps to limit the disclosure of employee information,

20   "in the normal course of business."  *Id.* ¶¶ 4, 6.

21      Under the good cause standard for this non-dispositive motion, the Court finds that HP has

22   articulated particularized reasons sufficient to warrant sealing the requested documents, or

23   portions thereof.  The Court has reviewed all of the exhibits requested for sealing, and observes

24   that the information ECF No. 412 seeks to keep from disclosure to the public include trade secrets

25   and confidential business information that, if disclosed, may harm HP's competitive standing and

26   its employees.  Accordingly, the Court finds that HP has shown good cause to seal the requested

27   documents and therefore GRANTS ECF No. 412.

28

United States District Court
Northern District of California

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**C.    ECF No. 420**

In ECF No. 420, HP requests leave from the Court to file under seal nine documents related to its Opposition to Benedict's Motion for Summary Judgment of HP's First Amended Counterclaim.  HP submits that this administrative motion "seeks to redact only limited instances of information consisting of:  (a) HP's confidential and proprietary business information; and (b) information identifying HP's customer's customer contacts, the particular services it provides for them, and its customers' confidential and proprietary business information."  (ECF No. 420) at 2, 5.

However, the Court is puzzled by this representation because, far from "limited instances of information," ECF No. 420 seeks to *seal all nine documents in their entirety* such that, with the exception of Exhibit 9, broadly sweeps together what appears to be both sealable and substantial non-sealable information.  Specifically, the Court notes that Exhibits 1 through 4 are identical to Exhibits A and B in Benedict's ECF No. 405, *supra*, for which Benedict has merely sought to redact limited portions of the two documents, and not seal the entirety of the Exhibits, as HP seeks to do here.  In addition, HP's ECF No. 420 also requests leave to seal the entirety of Exhibit 5, a 104-page deposition transcript, without regard to what portions of the transcript may include non-sealable information.  Exhibits 6 and 8 are declarations of counsel for HP, but HP fails to articulate any compelling reason for why these Exhibits should be screened from disclosure in their entirety.  Finally, the Court observes that Exhibit 7 appears to contain substantial proprietary business information, but again, HP fails to differentiate between sealable and non-sealable information in its administrative request for this Exhibit.  HP provides little guidance to the Court what compelling reasons would justify sealing the entirety of these aforementioned eight Exhibits, and it is not the responsibility of the Court to narrowly tailor the sealing requests on HP's behalf to comply with this District's Civil Local Rules.

The only exhibit the Court finds appropriate for sealing in full is Exhibit 9, which is an internal company document that specifies in sharp detail the classification and responsibilities of several of HP's employee positions.  It also includes information to a high degree of specificity of HP's company structure.  After careful review, the Court concludes that Exhibit 9 is sealable in its

United States District Court
Northern District of California

1    entirety, based on this Exhibit's collection of confidential and proprietary business information.

2         For these reasons, ECF No. 420 is GRANTED as to Exhibit 9, but DENIED as to Exhibits

3    1 through 8 for failure to comply with Civil Local Rule 79-5, which requires that requests to seal

4    be narrowly tailored.  Should HP choose to do so, no later than ten days from the date of this

5    Order, it may resubmit narrowly-tailored versions of Exhibits 1 through 8 which shall specify

6    which, if any, of these exhibits—and what specific portions thereof—must be sealed, along with

7    the compelling reason or reasons in support of each.

8         **D.    ECF No. 427**

9         Finally, in ECF No. 427, HP seeks leave to file under seal twenty-seven documents related

10   to its Motion for Summary Judgment.  HP submits that this Motion seeks to redact only limited

11   instances of information consisting of the company's confidential and proprietary business

12   information, and information identifying HP's customers, customer contacts, the particular

13   services it provides for them, and its customers' confidential and proprietary business information.

14   (ECF No. 427) at 2, 5.  In his declaration, Mr. Menz attests that HP, in the normal course of

15   business, treats this information as confidential, and takes reasonable steps to limit the disclosure

16   of it.  (ECF No. 427-1) ¶¶ 3–6.  Moreover, Mr. David Wong, the company's Ethics Training and

17   Engagement Manager, explained that HP takes measures to limit access to this information, which

18   includes "non-public, commercial valuable, confidential and proprietary technology and trade

19   secret information."  (ECF No. 427-2) ¶¶ 2–4, 12.

20        The Court finds that the redactions proposed in HP's Motion for Summary Judgment, in

21   the declarations of Peter Halton, Steve Ray, and Joe Luminoso in support of the Motion for

22   Summary Judgment, and in the portions identified in Exhibits A–J, L–O, and P–W, are sealable

23   because they contain confidential and private information about HP's business strategy and trade

24   secrets, including internal operations information, product and services lines, customer and

25   account information, and internal company structure and employee information.  Accordingly,

26   HP's request for leave to file under seal in ECF No. 427 is GRANTED.

27

28

7

**III.    ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED as follows:

(1) The Court GRANTS the requests to file under seal the documents, or portions thereof, listed in the following table.

| Motion to Seal Exhibit Letters for Reference | Items HP May File Under Seal |
|---|---|
| **ECF No. 405** | |
| Exhibit A | Portions of Exhibit A to the Declaration of Jahan Sagafi |
| Exhibit B | Portions of Exhibit B to the Declaration of Jahan Sagafi |
| **ECF No. 420** | |
| | Defendant Hewlett Packard Company's Motion to Decertify FLSA Collective Action |
| Exhibit 1 | Excerpts from the deposition of Michelle Albert |
| Exhibit 4 | Excerpts from the deposition of George Davis |
| Exhibit 5 | Excerpts from the deposition of Eric Benedict and excerpts from Exhibit 12 attached thereto |
| Exhibit 8 | Excerpts from the deposition of Andrew Kennedy |
| Exhibit 10 | Excerpts from the deposition of Ken Shropshire |
| Exhibit 11 | Excerpts from the deposition of David Mustain |
| Exhibit 13 | Exhibit 7 from the deposition of Whitney Ihling |
| Exhibit 15 | Excerpts from the deposition of Jennifer Chia-Chen Chang |
| Exhibit 16 | Excerpts from the deposition of Brian Jessen |
| Exhibit 17 | Excerpts from the deposition of Howard Greenspan |
| Exhibit 18 | Excerpts from Exhibit 6 from the deposition of Howard Greenspan |
| Exhibit 19 | Excerpts from Exhibit 7 from the deposition of Howard Greenspan |
| Exhibit 20 | Excerpts from Exhibit 8 from the deposition of Howard Greenspan |

United States District Court
Northern District of California

| | |
|---|---|
| Exhibit 21 | Excerpts from the deposition of Chad Austin |
| Exhibit 23 | Excerpts from the deposition of Kilricanos Vieira |
| Exhibit 24 | Excerpts from the deposition of Donald Ford |
| Exhibit 26 | Excerpts from Exhibit 37-A from the deposition of David Mustain |
| Exhibit 27 | Excerpts from Exhibit 6 from the deposition of Kilricanos Vieira |
| Exhibit 28 | Exhibit 42 from the deposition of David Mustain |
| Exhibit 30 | Exhibit 4 from the deposition of Anthony Kennedy |
| Exhibit 31 | Exhibit 5 from the deposition of Anthony Kennedy |
| Exhibit 32 | Excerpts from the deposition of John Reese |
| Exhibit 33 | Exhibit 5 from the deposition of John Reese |
| Exhibit 34 | Exhibit 6 from the deposition of John Reese |
| Exhibit 35 | Exhibit 7 from the deposition of John Reese |
| Exhibit 37 | Exhibit 16 from the deposition of Brian Jessen |
| Exhibit 38 | Excerpts from Exhibit 19 from the deposition of Brian Jessen |
| Exhibit 39 | Exhibit 22 from the deposition of Brian Jessen |
| Exhibit 40 | Excerpts from Exhibit 5 from the deposition of Jennifer Chang |
| Exhibit 41 | Exhibit 4 from the deposition of Adam O'Toole |
| Exhibit 43 | 2010 Performance Review maintained for Ann Holiday |
| Exhibit 44 | 2011 Performance Review maintained for Ann Holiday |
| Exhibit 44 | 2010 Performance Review maintained for Ann Holiday |
| Exhibit 45 | FY14 Year-End Performance Review for Janet Aman |
| Exhibit 46 | FY15 Accelerated Performance Review for Janet Aman |
| Exhibit 47 | Document titled, "Janet Aman, Accomplishments for Q1 & Q2 FY15" |
| Exhibit 48 | FY2014 Year-End Performance Review for Thomas Chan |
| Exhibit 49 | 2012 Performance Review for Al Ericson |

| | |
|---|---|
| Exhibit 50 | FY2014 Year-End Performance Review for Larry Fry |
| Exhibit 52 | Excerpts from the Declaration of Teresa Rowe |
| **ECF No. 420** | |
| Exhibit 9 | Exhibit L to the Max Fischer Declaration |
| **ECF No. 427** | |
| | Defendant Hewlett-Packard Company's Motion for Summary Judgment Against Plaintiffs David Mustain and Eric Benedict |
| Exhibit A | Transcript excerpts from David Mustain's deposition held on June 8, 2015 |
| Exhibit B | Excerpts of Exhibit 2 of David Mustain's deposition |
| Exhibit C | Exhibit 7 of David Mustain's deposition |
| Exhibit D | Excerpts of Exhibit 10 of David Mustain's deposition |
| Exhibit E | Excerpts of Exhibit13 of David Mustain's deposition |
| Exhibit F | Excerpts of Exhibit 14 of David Mustain's deposition |
| Exhibit G | Excerpts of Exhibit 15 of David Mustain's deposition |
| Exhibit H | Excerpts of Exhibit 17 of David Mustain's deposition |
| Exhibit I | Excerpts of Exhibit 18 of David Mustain's deposition |
| Exhibit J | Excerpts of Exhibit 22 of David Mustain's deposition |
| Exhibit L | Excerpts of Exhibit 25-A of David Mustain's deposition |
| Exhibit M | Excerpts of Exhibit 26 of David Mustain's deposition |
| Exhibit N | Exhibit 41 to David Mustain's deposition |
| Exhibit O | Exhibit 42 to David Mustain's deposition |
| Exhibit P | Exhibit 46 of David Mustain's deposition |
| Exhibit Q | Transcript excerpts from Eric Benedict's deposition held on December 5, 2013 |
| Exhibit R | Transcript excerpts from Eric Benedict's deposition held on May 20, 2016 |

| | |
|---|---|
| Exhibit S | Exhibit 8 of Eric Benedict's deposition |
| Exhibit T | Excerpts of Exhibit 11 of Eric Benedict's deposition |
| Exhibit U | Excerpts of Exhibit 13 of Eric Benedict's deposition |
| Exhibit V | Excerpts of Exhibit 37 of Eric Benedict's deposition |
| Exhibit W | Excerpts of Exhibit 50 of Eric Benedict's deposition |
| | Excerpts of the Declaration of Wayne Gorden in Support of Defendant Hewlett-Packard Company's Motion for Summary Judgment Against David Mustain and Eric Benedict |
| | Excerpts of the Declaration of Peter Halton in Support of Defendant Hewlett-Packard Company's Motion for Summary Judgment Against David Mustain and Eric Benedict |
| | Excerpts of the Declaration of Steve Ray in Support of Defendant Hewlett-Packard Company's Motion for Summary Judgment Against David Mustain and Eric Benedict |
| | Excerpts of the Declaration of Joe Luminoso in Support of Defendant Hewlett-Packard Company's Motion for Summary Judgment Against David Mustain and Eric Benedict |

(2) The Court DENIES HP's request to file under seal the documents, or portions thereof, listed in the following table.  HP is given leave to re-file, no later than ten (10) days from the date of this Order, narrowly-tailored versions of the following documents, which shall identify what specific portions thereof must be sealed, along with the compelling reason or reasons in support of each.

| Motion to Seal Exhibit Letters for Reference | Items HP May File Not Under Seal |
|---|---|
| ECF No. 420 | |
| Exhibit 1 | Exhibit A to the Ans Gregory Declaration |
| Exhibit 2 | Exhibit B to the Ans Gregory Declaration |
| Exhibit 3 | Exhibit A to the Max Fischer Declaration |

11

| Exhibit 4 | Exhibit B to the Max Fischer Declaration |
| Exhibit 5 | Exhibit C to the Max Fischer Declaration |
| Exhibit 6 | Don Billings Declaration |
| Exhibit 7 | Exhibit B to the Lazerson Declaration |
| Exhibit 8 | David Carpenter Declaration |

**IT IS SO ORDERED.**

Dated:  July 1, 2016

_____
BETH LABSON FREEMAN
United States District Judge

United States District Court
Northern District of California

12