UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

ERIC BENEDICT,

    Plaintiff,

    v.

HEWLETT-PACKARD COMPANY,

    Defendant.

Case No. 13-cv-00119-BLF

**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO FILE UNDER SEAL**

[Re: ECF 444]

Before the Court is Defendant Hewlett-Packard Company's ("HP") motion to file under seal exhibits filed in connection with HP's Opposition to Plaintiff Eric Benedict's Motion for Summary Judgment on Defendant's First Amended Counterclaims. ECF 444, 456. For the reasons stated below, the motion is GRANTED IN PART and DENIED IN PART.

I. **LEGAL STANDARD**

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n. 7 (1978)). Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action" bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure. *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178–79.

However, "while protecting the public's interest in access to the courts, we must remain

mindful of the parties' right to access those same courts upon terms which will not unduly harm their competitive interest." *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1228–29 (Fed. Cir. 2013). Records attached to motions that are "not related, or only tangentially related, to the merits of a case" therefore are not subject to the strong presumption of access. *Ctr. for Auto Safety*, 809 F.3d at 1099; *see also Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action."). Parties moving to seal the documents attached to such motions must meet the lower "good cause" standard of Rule 26(c). *Kamakana*, 447 F.3d at 1179 (internal quotations and citations omitted). This standard requires a "particularized showing," *id.*, that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992). A protective order sealing the documents during discovery may reflect the court's previous determination that good cause exists to keep the documents sealed, *see Kamakana,* 447 F.3d at 1179–80, but a blanket protective order that allows the parties to designate confidential documents does not provide sufficient judicial scrutiny to determine whether each particular document should remain sealed. *See* Civ. L.R. 79-5(d)(1)(A) ("Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable.").

In addition to making particularized showings of good cause, parties moving to seal documents must comply with the procedures established by Civ. L.R. 79-5. Pursuant to Civ. L.R. 79-5(b), a sealing order is appropriate only upon a request that establishes the document is "sealable," or "privileged or protectable as a trade secret or otherwise entitled to protection under the law." "The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(d)." Civ. L.R. 79-5(b). In part, Civ. L.R. 79-5(d) requires the submitting party to attach a "proposed order that is narrowly tailored to seal only the sealable material" which "lists in table format each document or portion thereof that is sought to be

sealed," Civ. L.R. 79-5(d)(1)(b), and an "unredacted version of the document" that indicates "by highlighting or other clear method, the portions of the document that have been omitted from the redacted version." Civ. L.R. 79-5(d)(1)(d). "Within 4 days of the filing of the Administrative Motion to File Under Seal, the Designating Party must file a declaration as required by subsection 79-5(d)(1)(A) establishing that all of the designated material is sealable." Civ. L.R. 79-5(e)(1).

## II. DISCUSSION

The sealing motion at issue is resolved under the compelling reasons standard because summary judgment briefing is more than tangentially related to the merits of this case. With this standard in mind, the Court rules on the instant motion as follows:

| ECF No. | Document to be Sealed | Result | Reasoning |
| --- | --- | --- | --- |
| 444-2 | Ex. 1 to HP's Opposition to Plaintiff's Motion for Summary Judgment on Defendant's First Amended Counterclaims. | GRANTED. | Contains information relating to Plaintiff's personal contact information, salary offer, personal account access information, and e-mail addresses of the respective parties. |
| 444-4 | Ex. 2 to HP's Opposition to Plaintiff's Motion for Summary Judgment on Defendant's First Amended Counterclaims. | GRANTED. | Contains Plaintiff's personal contact information. |
| 444-6 | Ex. 3 to HP's Opposition to Plaintiff's Motion for Summary Judgment on Defendant's First Amended Counterclaims. | GRANTED. | Contains information relating to Plaintiff's personal contact information, salary offer, personal account access information, and e-mail addresses of the respective parties. |
| 444-8 | Ex. 4 to HP's Opposition to Plaintiff's Motion for Summary Judgment on Defendant's First Amended Counterclaims. | GRANTED. | Contains Plaintiff's personal contact information. |
| 444-10 | Ex. 5 HP's Opposition to Plaintiff's Motion for Summary Judgment on Defendant's First Amended Counterclaims. | DENIED. | Contains Plaintiff's home address. Denied because the designating party did not provide a supporting declaration. |

| | | | |
|---|---|---|---|
| 444-12 | Ex. 7 to HP's Opposition to Plaintiff's Motion for Summary Judgment on Defendant's First Amended Counterclaims. | DENIED. | Contains an email from Plaintiff's counsel to HP identifying the names of files from the imagined hard-drive that Benedict was designating as his "private, personal property," and that Plaintiff requested be treated as "Highly Confidential – Attorneys' Eyes Only." Denied because the designating party did not provide a supporting declaration. |
| 444-14 | Ex. 8 to HP's Opposition to Plaintiff's Motion for Summary Judgment on Defendant's First Amended Counterclaims. | GRANTED. | Contains confidential and proprietary business information and information identifying HP's customers, customer contacts, the particular services it provides for them, and its customers' confidential and proprietary business information. |

### III.   ORDER

For the foregoing reasons, the sealing motion at ECF 444 is GRANTED IN PART and DENIED IN PART.  The Court will not consider the improperly sealed documents unless they are publicly filed.

**IT IS SO ORDERED.**

Dated: September 16, 2016

_____
BETH LABSON FREEMAN
United States District Judge