Wendy M. Lazerson, SBN 97285
wlazerson@sidley.com
Dorna Moini, SBN 287115
dmoini@sidley.com
SIDLEY AUSTIN LLP
1001 Page Mill Road, Building 1
Palo Alto, California  94304
Telephone:  (650) 565-7000
Facsimile:  (650) 565-7100

Max C. Fischer, SBN 226003
mfischer@sidley.com
David R. Carpenter, SBN 230299,
drcarpenter@sidley.com
SIDLEY AUSTIN LLP
555 West Fifth Street, Suite 4000
Los Angeles, California  90013-1010
Telephone:  (213) 896-6000
Facsimile:  (213) 896-6600

*Attorneys for Defendant and Counterclaimant Hewlett-Packard Company*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| ERIC BENEDICT, RICHARD BOWDERS, KILRICANOS VIEIRA, and DAVID MUSTAIN, on behalf of themselves and classes of those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>HEWLETT-PACKARD COMPANY,<br><br>Defendant. | Case No. 5:13-cv-00119 BLF<br><br>**JOINT MOTION FOR LEAVE TO FILE SETTLEMENT AGREEMENTS BETWEEN HPE AND ERIC BENEDICT, RICHARD BOWDERS, AND DAVID MUSTAIN UNDER SEAL** |
| HEWLETT-PACKARD COMPANY,<br><br>Counterclaimant,<br>v.<br><br>ERIC BENEDICT,<br><br>Counterdefendant. | Date:<br>Time:           9:00 a.m.<br>Judge:          Hon. Beth Labson Freeman<br>Courtroom:   3 |

## NOTICE OF MOTION AND MOTION

Pursuant to Civil L.R. 79-5, Defendant and Counterclaimant Hewlett-Packard Company[1] ("HPE"), Plaintiffs Eric Benedict, Richard Bowders, and David Mustain ("Plaintiffs") (collectively, the "Parties") hereby move to file under seal, for compelling reasons shown, the settlement agreements between the Parties (the "Settlement Agreements").  This motion is based on the Notice of Motion and Motion, Memorandum of Points and Authorities, and Supporting Declaration of Kathryn Young.

Pursuant to Civil L.R. 79-5(d)(2), the Parties are supplying a courtesy copy to the Court of the administrative motion, declaration, proposed order, and the settlement agreements sought to be sealed, in accordance with Civil L.R. 5-1(e)(7).

---

[1] As of November 1, 2015, Hewlett-Packard Company ceased to exist, and separated into two discrete corporate entities: Hewlett Packard Enterprise and HP Inc.  The Lawsuit that is the subject of this Agreement was brought against Hewlett-Packard Company. This agreement referenced herein is entered into by Hewlett Packard Enterprise on behalf and for the benefit of Hewlett Packard Company and all related HP Entities.  *See* Young Decl., ¶1. In this Motion, "HP" refers to HPE and the related HP entities.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.     Grounds for Sealing the Individual Settlement Agreements

Pursuant to Local Rule 79-5, the Parties respectfully request that the Court seal the three individual settlement agreements between Hewlett Packard Enterprise Company and each of Plaintiffs Eric Benedict, Richard Bowders, and David Mustain (the "Settlement Agreements").

While courts recognize the public's right to access court records, that right is not absolute. *See Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006). The legal standard for sealing an FLSA settlement agreement filed with the court is that the requesting party must show "compelling reasons" to submit the documents under seal. *Id.*; *Duran v. Hershey Co.*, No. 14-cv-01184-RS, 2015 U.S. Dist. LEXIS 112098, at *2-3 (N.D. Cal. Aug. 10, 2015). The party may do so by "articulat[ing] compelling reasons supported by specific factual findings…that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Kamakana*, 447 F.3d at 1178-79 (internal quotation marks and citations omitted). In general, "'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). Here, compelling reasons exist to protect the Settlement Agreements because they would reveal individually negotiated terms between the parties, would reveal information about HP's litigation and settlement practices, and would reveal highly confidential information about the valuation of HP's claims, which relate to the removal of HP's confidential and proprietary information from its premises. Moreover, given the individual nature of the negotiations, the information contained in the Settlement Agreements serves no general public interest.

Settlement agreements include highly confidential information that may be sealed. *See, e.g., Hummel v. Bimbo Bakeries USA, Inc.*, No. 14-cv-03683-JSC, 2015 U.S. Dist. LEXIS 126077 at *8-9 (N.D. Cal. Sep. 21, 2015). Numerous courts have allowed parties to file FLSA settlements under seal and/or reviewed them *in camera. See, e.g., Trinh v. JPMorgan Chase & Co.*, No. 3:07-01666,

(S.D. Cal., Jan. 26, 2009) (granting motion to receive confidential settlement agreement under seal in order to facilitate court's *in camera* review of the settlement agreement), *Campanelli, et al. v. The Hershey Company*, No. 4:08-01862-BZ, (N.D. Cal. May 4, 2011) (approving motion to seal unredacted version of settlement stipulation); *Almodova v. City and County of Honolulu*, No. 07-00378, 2010 WL 1372298 at *13 (D. Hawaii Mar. 31, 2010); *King v. Wells Fargo Home Mort.*, No. 08-307, 2009 WL 2370640, at *1 (M.D. Fla. July 30, 2009)(settlement agreements filed under seal were approved); *Freyre v. Tin Wai Hui DMD, P.A.*, No. 08-22810, 2009 WL 89283, at *1 (S.D. Fla. Jan. 13, 2009)(*in camera* review of settlement agreement); *Goudie v. Cable Communications*, Inc., 2009 WL 88336 at *1 (D. Or. Jan. 12, 2009); *Viada v. Osaka Health Spa, Inc*., 2006 U.S. Dist. LEXIS 84744 at *2-4 (S.D.N.Y. June 27, 2006).  Denying a motion to "maintain[] the confidentiality of this information in individual settlements just because an FLSA claim was pled w[ould] discourage settlements." *Id.*  Further, policy concerns favor sealing the Settlement Agreements.  With individual claims such as the ones remaining in this case, "the cost of litigation may prove prohibitive for a plaintiff taking a case through trial, but defendants might well be dissuaded from settling if they know that the amount of each settlement will be public." *Id.*  Allowing parties to keep the terms of their settlement agreements confidential encourages settlement and judicial efficiency.  This is particularly true where, as set forth below, other information about the merits of the claims is public, and therefore making the Settlement Agreements public would not serve any public interest.

Here, confidentiality of the settlement terms was negotiated between the Parties as part of each Settlement Agreement and is a material term.  Both Parties seek to protect their privacy interests.  HP's legal department prepares case strategy and makes decisions on how cases should proceed, settlement discussions, and the terms of any settlement agreement.  *See* Declaration of Kathryn Young, ¶3.  Settlement decisions are generally preceded by highly confidential and attorney-client privileged conversations between the legal department, outside counsel, and Company executives.  *Id.*   If information about the terms of the settlement agreements become a matter of public record, this would cause HP commercial and other harm.  *Id.*, ¶ 4.  Due to the size of the company, making this information public could allow the public to take advantage of the highly-

DEF. HP'S ADMIN. MOT. FOR LEAVE TO FILE
SETTLEMENT AGREEMENTS UNDER SEAL
Case No.:  5:13-cv-00119 BLF

individualized negotiations in this matter in future cases. *Id.*, ¶ 5. In particular, the nature of electronic collection of data could allow future parties to use historical settlement data against HP, rather than assessing each case on the merits and individually negotiating the terms of any settlement. *Id.* As a result, disclosure of the settlement terms would therefore jeopardize the settlement in this case. *Id.*, ¶ 6. The privacy interests of the Parties outweigh the public's right to know the settlement terms.

## II.  Limited Public Interest in the Settlement Terms Between HP and Each Individual Named Plaintiff

There is no general public interest in the individual terms set forth in an FLSA settlement agreement, and sealing of such information is warranted under the compelling reasons standard. *Hummel*, 2015 U.S. Dist. LEXIS 126077 at *8-9. While there may be a public interest in settlement agreements in a collective action, courts note that such an interest does not exist as to individual settlement agreements. *See Duran v. Hershey Co.*, No. 14-CV-01184-RS, 2015 U.S. Dist. LEXIS 112098, 2015 WL 4945931, at *2 (N.D. Cal. Aug. 10, 2015)(noting that "[i]f this case involved individual wage and hour claims arising out of discrete and isolated misconduct . . . [the] argument [for sealing] would have some force."); *see also id.* at *7 ("the individual rather than collective nature of this action warrants sealing of the monetary amounts in the settlement agreement"); *King v. MS Companies, LLC,* No. 2:13-CV-02277-MHH, 2015 U.S. Dist. LEXIS 76271, 2015 WL 3657649, at *3 (N.D. Ala. June 12, 2015) (allowing sealing in an FLSA action because "this is an isolated case involving only three employees and that all of the managers who were involved in the payment dispute have left the company").

In *Hummel*, the court granted a motion to seal individual FLSA settlement agreements like the ones before the Court in the instant motion. *Hummel*, 2015 U.S. Dist. LEXIS 126077 at *7-9. The Court noted a reduced interest in the settlement agreements, given that they were individual settlements, that they did not settle a collective action, and that the allegations in the matter were already a matter of public record. *Id.* Moreover, the court noted that the defendant had already been "subject to a wage and hour class action that settled and thus its wage and hour practices, including practices that affected the plaintiff . . . have been made public." *Id.* Similarly, here, this matter has

been extensively briefed on the merits, and the Plaintiffs' FLSA claims have been set forth through numerous public pleadings, and through years of litigation. As to Plaintiff Eric Benedict, also a counterdefendant in this action, his Settlement Agreement takes into account HP's settlement of its claims against Mr. Benedict. HP's counterclaims against Mr. Benedict are of even less interest to the public than the individual FLSA claims in this matter. Thus, the sealing of each of the Settlement Agreements as to the three plaintiffs is warranted here.

Accordingly, pursuant to Civil L.R. 79-5(d), HP seeks to file under seal the following, limited documents, reflected in Table 1, based on the information identifying the individual Settlement Agreements between the Parties.

| Attachment To Motion to Seal | Table 1: What the Parties Seeks to File Under Seal |
|---|---|
| Exhibit A | Settlement Agreement and Release between HPE and Eric Benedict |
| Exhibit B | Settlement Agreement and Release between HPE and Richard Bowders |
| Exhibit C | Settlement Agreement and Release between HPE and David Mustain |

### III. Conclusion

Accordingly, the Parties respectfully request that their motion to seal the materials set forth in Table 1 above should be granted based on good cause shown, including because the Parties have a compelling interest in keeping such information confidential, there is no general public interest in the information, the information sought to be sealed is narrowly tailored, and there is no less restrictive means available.

Dated: January 4, 2017                                SIDLEY AUSTIN LLP

                                                      By: */s/ Wendy M. Lazerson*
                                                          Wendy M. Lazerson
                                                          wlazerson@sidley.com
                                                          SIDLEY AUSTIN LLP
                                                          1001 Page Mill Rd., Blvd. 1
                                                          Palo Alto, California 94304

|   |   |
|---|---|
| 1 | Telephone: (650) 565-7000 |
|   | Facsimile: (650) 565-7100 |
| 2 |   |
|   | Max C. Fischer (Cal. Bar No. 226003) |
| 3 | David R. Carpenter (Cal. Bar No. 230299) |
|   | SIDLEY AUSTIN LLP |
| 4 | 555 West Fifth Street, Suite 4000 |
|   | Los Angeles, California 90013-1010 |
| 5 | Telephone: (213) 896-6000 |
|   | Facsimile: (213) 896-6600 |
| 6 | E-Mail: mfischer@sidley.com |
|   | E-Mail: drcarpenter@sidley.com |
| 7 |   |
| 8 | Attorney for Defendant and Counterclaimant Hewlett-Packard Company |
| 9 |   |
| 10 | Dated: January 4, 2017   LIEFF CABRASER HEIMANN & BERNSTEIN, LLP |
| 11 |   |
| 12 | By:  */s/ Daniel M. Hutchinson* |
|   |       Kelly M. Dermody |
| 13 | Kelly M. Dermody (Cal. Bar No. 171716) |
| 14 | Daniel M. Hutchinson (Cal. Bar No. 239458) |
|   | Anne B. Shaver (Cal. Bar No. 255928) |
| 15 |   |
| 16 | LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP |
| 17 | 275 Battery Street, 29th Floor |
|   | San Francisco, CA 94111-3339 |
| 18 | Telephone: (415) 956-1000 |
|   | Facsimile: (415) 956-1008 |
| 19 | E-Mail: kdermody@lchb.com |
| 20 | E-Mail: dhutchinson@lchb.com |
|   | E-Mail: ashaver@lchb.com |
| 21 |   |
| 22 | Adam T. Klein (admitted *pro hac vice*) |
|   | Juno Turner (admitted *pro hac vice*) |
| 23 | OUTTEN & GOLDEN LLP |
|   | 3 Park Avenue, 29th Floor |
| 24 | New York, New York 10016 |
|   | Telephone: (212) 245-1000 |
| 25 | Facsimile: (212) 977-4005 |
|   | E-Mail: atk@outtengolden.com |
| 26 | E-Mail: jturner@outtengolden.com |
| 27 |   |
|   | Jahan C. Sagafi (Cal. Bar No. 224887) |
| 28 | OUTTEN & GOLDEN LLP |

One Embarcadero Center, 38th Floor
San Francisco, CA  94111
Telephone: (415) 638-8800
Facsimile: (415) 638-8810
E-Mail: jsagafi@outtengolden.com

*Attorneys for Plaintiffs and Counterdefendant*