UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

ERIC BENEDICT,

    Plaintiff,

    v.

HEWLETT-PACKARD COMPANY,

    Defendant.

Case No. 13-cv-00119-BLF

**ORDER DENYING JOINT MOTION FOR LEAVE TO FILE SETTLEMENT AGREEMENTS UNDER SEAL WITHOUT PREJUDICE**

[Re: ECF 471]

Plaintiffs Eric Benedict, a former Technical Solutions Consultant ("TSC") III, and David Mustain, a former TSC II, for Hewlett-Packard Company[1] ("HP"), brought suit on behalf of themselves and other similarly situated individuals alleging that HP misclassified them as exempt from overtime pay, and that they and their similarly-situated colleagues routinely worked more than 40 hours per week without overtime pay in violation of the Fair Labor Standards Act ("FLSA"). Second Am. Compl. ("SAC") ¶¶ 67–77, ECF 258. Although the Court conditionally certified an FLSA collective action on February 13, 2014, the Court subsequently granted HP's motion to decertify the collective action. Order Granting Def.'s Mot. to Decertify FLSA Collective, ECF 446. Thus, the case proceeded only with the individual claims.

On August 11, 2016, the parties notified the Court that they had settled this matter. ECF 452. Now before the Court is the parties' joint motion for leave to file the individual settlement agreements between Hewlett-Packard Enterprise Company ("HPE") and each of Plaintiffs Eric Benedict, Richard Bowders[2], and David Mustain. Mot., ECF 471. For the reasons discussed

---

[1] As of November 1, 2015, Hewlett-Packard Company ceased to exist, and separated into two discrete corporate entities. Mot. 1 n.1, ECF 471.
[2] Mr. Bowders was a representative plaintiff who later withdrew as such. Order Granting Def.'s Mot. to Decertify FLSA Collective 1 n.2, ECF 446.

below, the Court DENIES the motion without prejudice to the parties filing a renewed motion.

## I. LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n. 7 (1978)).  Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action" bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure. *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178–79.

However, "while protecting the public's interest in access to the courts, we must remain mindful of the parties' right to access those same courts upon terms which will not unduly harm their competitive interest." *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1228–29 (Fed. Cir. 2013). Records attached to motions that are "not related, or only tangentially related, to the merits of a case" therefore are not subject to the strong presumption of access. *Ctr. for Auto Safety*, 809 F.3d at 1099; *see also Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action."). Parties moving to seal the documents attached to such motions must meet the lower "good cause" standard of Rule 26(c). *Kamakana*, 447 F.3d at 1179 (internal quotations and citations omitted). This standard requires a "particularized showing," *id.*, that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992). A protective order sealing the documents during discovery may reflect the court's previous determination that good cause exists to keep the

documents sealed, *see Kamakana,* 447 F.3d at 1179–80, but a blanket protective order that allows the parties to designate confidential documents does not provide sufficient judicial scrutiny to determine whether each particular document should remain sealed.  *See* Civ. L.R. 79-5(d)(1)(A) ("Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable.").

In addition to making particularized showings of good cause, parties moving to seal documents must comply with the procedures established by Civ. L.R. 79-5.  Pursuant to Civ. L.R. 79-5(b), a sealing order is appropriate only upon a request that establishes the document is "sealable," or "privileged or protectable as a trade secret or otherwise entitled to protection under the law."  "The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(d)."  Civ. L.R. 79-5(b).  In part, Civ. L.R. 79-5(d) requires the submitting party to attach a "proposed order that is narrowly tailored to seal only the sealable material" which "lists in table format each document or portion thereof that is sought to be sealed," Civ. L.R. 79-5(d)(1)(b), and an "unredacted version of the document" that indicates "by highlighting or other clear method, the portions of the document that have been omitted from the redacted version." Civ. L.R. 79-5(d)(1)(d).  "Within 4 days of the filing of the Administrative Motion to File Under Seal, the Designating Party must file a declaration as required by subsection 79-5(d)(1)(A) establishing that all of the designated material is sealable."  Civ. L.R. 79-5(e)(1).

**II.   DISCUSSION**

The parties seek to file documents related to the settlement of this action under seal. Because the settlement involves FLSA claims, it is subject to judicial approval and the Court must determine whether the settlement "is a fair and reasonable resolution of a bona fide dispute."  *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982); *see also Seminiano v. Xyris Ent., Inc.*, 602 Fed. Appx. 682, 683 (9th Cir. 2015) ("FLSA claims may not be settled without approval of either the Secretary of Labor or a district court."); *Yue Zhou v. Wang's Restaurant*, No. 05-0279, 2007 WL 2298046, at *1 (N.D. Cal. Aug. 8, 2007) (same).  In contrast to other areas of the law in which settlement agreements frequently remain confidential, FLSA agreements are filed with the court and become judicial records.  "They are therefore subject to a

3

strong presumption in favor of public access, which cannot be overcome absent compelling reasons." *Duran v. Hershey Co.*, No. 14-CV-01184-RS, 2015 WL 4945931, at *1 (N.D. Cal. Aug. 10, 2015) (citation omitted).

District courts thus generally disfavor sealing of FLSA settlement agreements. *Joo v. Kitchen Table, Inc.*, 763 F. Supp. 2d 643, 646–47 (S.D.N.Y. 2011) (collecting cases); *see also Duran*, 2015 WL 4945931 at *3 (denying a motion to file a FLSA settlement agreement under seal because "no compelling reason exists to rebut the strong presumption of access in this FLSA case"); *Luo v. Zynga Inc.*, No. 13-CV-00186 NC, 2013 WL 5814763, at *4 (N.D. Cal. Oct. 29, 2013) (denying a motion to file a FLSA settlement agreement under seal because the parties failed to overcome the presumption of public access). Courts often cite "the private-public character of employee rights under the FLSA, whereby the public has an independent interest in assuring that employees['] wages are fair and thus do not endanger the national health and well-being" as a basis for the denial of a sealing request. *Joo*, 763 F. Supp. 2d at 645 (internal citation and quotation marks omitted).

Here, the parties seek to file the settlement agreement under seal because disclosure would reveal individually negotiated terms between the parties and highly confidential information about the valuation of HP's claims, which relate to the removal of HP's confidential and proprietary information from its premises. Mot. 2. Moreover, the parties contend that given the individual nature of the negotiations, the information contained in the settlement agreements serves no general public interest. The Court is not convinced that either of these justifications constitutes a compelling reason to file the settlement agreements under seal in their entirety given the public-private interests at stake in FLSA actions.

As an initial matter, the Court is not persuaded by the parties' citation to other cases within this district and outside which allowed parties to file FLSA settlement agreements under seal. As one court noted, "[w]hile some district courts have indeed permitted FLSA settlement agreements to be filed under seal, those decisions are generally threadbare and uniformly fail to acknowledge the considerable body of law counseling against sealing." *Duran*, 2015 WL 4945931, at *2.

Additionally, primarily relying on *Hummel v. Bimbo Bakeries USA, Inc.*, No. 14-cv-3683-

4

JSC, 2015 U.S. Dist. LEXIS 126077 (N.D. Cal. Sept. 21, 2015), the parties attempt to distinguish the settlement here from traditional FLSA actions, suggesting that because this is an individual rather than a collective action, there is a no general public interest in the terms of the settlement agreements.  Mot. 4.  In *Hummel*, the court granted in part defendant's motion to file documents relating to settlement of plaintiff's individual FLSA overtime claim under seal.  2015 U.S. Dist. LEXIS 126077, at *2.  Although the court noted that it was "technically accurate" that an individual rather than a collective action raised no issues of a "private-public character" that would implicate "national health and well-being," it rejected the proposition that the individual nature of the action warranted sealing the settlement agreement in its entirety.  *Id.* at 7–8.  Instead, the court found that this distinction warranted sealing of only the monetary amounts.  *Id.* ("There is no general public interest in the precise settlement amount and the public can be assured that the settlement is fundamentally fair as it is subject to judicial scrutiny both as to substance and compensation.").

      This Court agrees with the *Hummel* court's approach, and thus determines that the motion to seal the settlement agreements is overly broad in light of the public-private interests at stake in FLSA actions.  Accordingly, the Court DENIES the joint motion to file the entirety of the settlement agreements under seal.  This denial is without prejudice to the parties filing a more narrowly tailored motion to file the settlement agreements with specified redactions.

      **IT IS SO ORDERED.**

Dated: January 4, 2017

_____
BETH LABSON FREEMAN
United States District Judge